UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARISTA RECORDS LLC., *et al.*,

   Plaintiffs,

     v.

JOHN DOES 1-19,

   Defendants.

Civil Action No. 07-1649 (CKK)

**MEMORANDUM OPINION**
(October 11, 2007)

    Before the Court is Plaintiffs' [2] Motion for Leave to take Immediate Discovery. Plaintiffs are record companies suing a series of John Doe Defendants for copyright infringement. *See* Pls.' Mot at 1. Plaintiffs request permission to serve limited, immediate discovery on George Washington University ("GW"), a third party internet service provider ("ISP"), in the form of a Rule 45 subpoena. *See* Pls.' Mot. at 3. Plaintiffs seek the true identities of Defendants, including each Defendant's true name, current (and permanent) addresses, telephone numbers, email addresses, and Media Access Control ("MAC") addresses. *Id.*

    According to Plaintiffs' Complaint, each Defendant uses an online media distribution system to download Plaintiffs' copyrighted works and/or distribute these works to the public. *See* Pls.' Mot. at 2. Although Plaintiffs do not know Defendants names, Plaintiffs have identified each Defendant by a unique internet protocol ("IP") address assigned to that Defendant on the date and at the time of the allegedly infringing activity. *Id.* Through the use of a publicly available database, Plaintiffs have traced the IP address for each Defendant and determined that it belongs to GW. *Id.*

It is clear to the Court that Defendants must be identified before this suit can progress further. The Court shall grant Plaintiffs' request for immediate discovery, with certain limitations outlined herein. Plaintiffs will be allowed to serve immediate discovery on GW to obtain the identity of each John Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Defendant, including name, current (and permanent) addresses, telephone numbers, email addresses, and Media Access Control addresses. The disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B), which authorizes cable operators to disclose personally identifiable information when the cable operators are ordered to do so by a court. Any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights as set forth in the Complaint.

If and when GW is served with a subpoena, GW shall give written notice, which may include email notice, to the subscribers in question within five business days. If GW and/or any Defendant wants to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be 25 days from the date of service. GW shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash. Plaintiffs shall provide GW a copy of this Memorandum Opinion and Order along with its subpoena.

An appropriate Order accompanies this Opinion.

Date:   October 11, 2006

                                                                                 /s/
                                                         COLLEEN KOLLAR-KOTELLY
                                                         United States District Judge