IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARISTA RECORDS, et al.

        Plaintiffs,

v.

DOE, et al.,

        Defendants.

Civ. No. 07-1649-CKK

**MOTION TO CONTINUE DATE
TO RESPOND TO SUBPOENA DUCES TECUM**

      Pursuant to Rules 26(c) and 45, non-party The George Washington University ("GW") hereby seeks to continue the date for its response to the subpoena duces tecum served on it by plaintiffs in this matter on October 19, 2007.  The present return date for the subpoena is November 13, 2007, as set by the Court in its Order of October 11, 2007.

      As grounds for this relief, GW states as follows:

      1.      This case was filed on September 19, 2007.  Plaintiffs allege that they hold copyrights to certain musical recordings that they say defendants violated.  Plaintiffs do not know the identities of defendants, so they have sued them as "John Does."

      2.      Plaintiffs state that they employ an investigator to search the Internet to identify individuals they believe are illegally downloading or distributing copies of their musical recordings.  They say they identify these individuals not by name, but by the unique "Internet Protocol" ("IP") addresses assigned by their Internet service provider ("ISP").  They say they then use a public database to identify the ISP that assigned the IP addresses.

3. In this case, plaintiffs allege that they identified 19 IP addresses of individuals who used the Internet to illegally download or distribute musical recordings. According to plaintiffs, the ISP that assigned these IP addresses is GW. Accordingly, upon filing their complaint, plaintiffs immediately asked the Court for an Order allowing them to serve a Rule 45 subpoena on GW to learn the names of the individuals to whom these IP addresses had been assigned.

4. The Court granted plaintiffs' motion on October 11, 2007 [dkt. 6]. In its Order, the Court held that once GW had been served with the subpoena, GW had to notify the individuals involved within five business days and tell them that a subpoena had been received seeking their identities. The Court further held that the return date for the subpoena would be 25 days from the date of service, and that if GW or any of these individuals wanted to file a motion to quash the subpoena, they had to do so before that date. Finally, the Court instructed GW to preserve any subpoenaed information pending the resolution of any such motion.

5. The plaintiffs served their subpoena on October 19, 2007 (Ex. 1). That subpoena sought "[i]nformation, including names, current and permanent addresses, telephone numbers, e-mail addresses, and Media Access Control addresses, sufficient to identify the alleged infringers of copyrighted sound recordings, listed by IP address in Attachment A to this Subpoena." As instructed by the Court, the return date for the subpoena was listed as November 13, 2007.

6. Pursuant to the October 11 Order, GW searched its records to identify the network users to whom the IP addresses listed in plaintiffs' subpoena had been assigned. On October 26, GW notified all such individuals that it had been able to identify.

7. Thereafter, a number of the Doe defendants retained counsel. On the morning of November 12, 2007, one of these attorneys contacted counsel for GW and stated that he was planning to file a motion to quash plaintiffs' October 19 subpoena. Defense counsel stated that he would attempt to file the motion that day, but since November 12 was a federal holiday, he was not certain he would be able to do so. If not, defense counsel stated that he would file the motion the following day.

8. Late in the day on November 12, defense counsel again contacted counsel for GW and stated that his local counsel had attempted to obtain certain information from the Court so the motion to quash could be filed electronically, and discovered that the Clerk's Office was closed. Defense counsel stated that he therefore intended file his motion the following day. Earlier today, November 13, defense counsel did so.

9. Based on the language of the October 11 Order, it seems clear that the Court wants to resolve any motion to quash before GW produces the information sought by the subpoena. That intent is apparent from the language in the Order setting the return date 25 days from the date of service, and allowing any party to file a motion to quash prior to that date. It is further made clear by the Court's instruction to GW to preserve any subpoenaed information until such motion is resolved.

10. If the Court had intended for GW to disclose the information requested in the subpoena before the motion to quash is resolved, it would not have required GW to preserve that information until such resolution. In fact, if GW were to comply with the subpoena before the motion is resolved, the motion itself would be rendered moot.

11. While defense counsel was unable to file his motion to quash prior to November 13, he informed counsel for GW of his intentions on November 12, and

further stated that his motion to quash would be filed before GW's response to the subpoena was due.  Based on those representations – combined with GW counsel's understanding of the Court's intent in its October 11 Order – the decision was made to file this motion and seek guidance from the Court regarding the date when GW should respond to the subpoena.

12.     While only one of the Doe defendants has so far filed a motion to quash the October 19 subpoena, GW does not read the Court's October 11 Order as requiring GW to identify the other Doe defendants regardless of that motion.  If anything, the Order indicates that the Court intends just the opposite, since it instructs GW to preserve the information it has located "pending the resolution of any timely filed motion to quash." Order, at 2.

13.     This reading of the Order is also consistent with principles of basic fairness.  If counsel for any Doe defendant convinces the Court that the subpoena should be quashed, then the subpoena should be quashed for all Doe defendants.  The fact that some of these individuals have not retained counsel – perhaps because they do not know how, or because they cannot afford to do so – should not determine which of them receives relief if the Court finds the subpoena is defective.

### Rule 7(m) Conference

On November 13, 2007, counsel for GW telephoned counsel for plaintiffs to discuss this matter.  Plaintiffs' counsel stated that he would not consent to continuing the date for GW's response to the October 19 subpoena with respect to any defendant other than one who filed a motion to quash.  Counsel for GW then stated that he would request guidance from the Court by filing the instant motion.

**Conclusion**

GW strongly opposes copyright infringement, and respects the right of copyright holders to protect their intellectual property.  Yet, in the context of this litigation, GW also has an interest in making sure that its response to plaintiffs' subpoena is consistent with the Court's intent, and that members of the University community are treated in a fair and even handed manner.

For these and the other reasons discussed herein, GW respectfully seeks leave to continue the return date in the October 19 subpoena until the Court resolves any motions to quash filed by the Doe defendants in this matter.

Respectfully submitted,

s/Thomas B. Smith
Thomas B. Smith
D.C. Bar No. 412192
Associate General Counsel
The George Washington University
2100 Pennsylvania Avenue, NW
Washington, D.C.  20052
Tel. (202) 994-6503
Fax (202) 994-4640
tbsmith@gwu.edu

Counsel for Non-Party
The George Washington University

Date:   November 13, 2007

Exhibit 1

**Issued by the**

# United States District Court

## DISTRICT OF COLUMBIA

| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; BMG MUSIC; CAPITOL RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; LAFACE RECORDS LLC; SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC. | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| vs. | |
| DOES 1 - 19 | |
| To:    George Washington University<br>        2100 Pennsylvania Avenue, NW, Suite 250<br>        Washington, DC 20052 | Case No. **1:07-cv-01649-CKK** |

☐     YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐     YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case:

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒     YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **Information, including names, current and permanent addresses, telephone numbers, e-mail addresses, and Media Access Control addresses, sufficient to identify the alleged infringers of copyrighted sound recordings, listed by IP address in Attachment A to this Subpoena.**

| PLACE<br>**7304 River Falls Drive**<br>**Potomac, MD 20854**<br>**Phone: (301)299-4986** | DATE AND TIME<br><br>**November 13, 2007** |
|---|---|

☐     YOU ARE COMMANDED to permit inspection of the following remises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (indicate if attorney for Plaintiff or Defendant)<br>                                                                      **Attorneys for Plaintiffs** | DATE<br>10/17/07 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Matthew J. Oppenheim
7304 River Falls Drive
Potomac, MD 20854
Phone: (301)299-4986

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

Exhibit 1

# PROOF OF SERVICE

| SERVED | Date | Place |
|---|---|---|
| | | |

| served on (Print Name) | Manner of Service |
|---|---|
| | |

| served by (Print Name) | Title |
|---|---|
| | |

## DECLARATION OF SERVER

I Declare under penalty of perjury under the law of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____    _____
                  Date                                         Signature of Server

                                                               _____
                                                               Address of Server

Rule 45, Federal Rules of Civil Procedure, Parts C & D
(c)     PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

   (1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fees.

   (2)    (A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

          (B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

   (3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

          (i)    fails to allow reasonable time for compliance;

          (ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

          (iii)  requires disclosure or privileged or other protected matter and no exception or waiver applies, or

          (iv)   subjects a person to undue burden.

          (B)    If a subpoena

          (i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

          (ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

          (iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)     DUTIES IN RESPONDING TO SUBPOENA.

   (1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

   (2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

Exhibit 1

**Attachment A**

| Doe # 1 | IP Address: 128.164.100.11 2007-02-02 05:59:17 EST |
|---|---|
| Doe # 2 | IP Address: 128.164.100.11 2007-03-05 04:29:42 EST |
| Doe # 3 | IP Address: 128.164.100.158 2007-04-14 16:57:39 EDT |
| Doe # 4 | IP Address: 128.164.100.22 2007-03-26 02:02:52 EDT |
| Doe # 5 | IP Address: 128.164.100.72 2007-05-10 00:24:36 EDT |
| Doe # 6 | IP Address: 128.164.100.76 2007-05-07 00:18:52 EDT |
| Doe # 7 | IP Address: 128.164.100.9 2007-04-29 18:19:00 EDT |
| Doe # 8 | IP Address: 128.164.102.11 2007-03-25 17:28:46 EDT |
| Doe # 9 | IP Address: 128.164.102.170 2007-02-27 20:13:57 EST |
| Doe # 10 | IP Address: 128.164.102.177 2007-03-07 15:52:17 EST |
| Doe # 11 | IP Address: 128.164.102.65 2007-04-13 10:28:59 EDT |
| Doe # 12 | IP Address: 128.164.102.86 2007-04-11 04:40:34 EDT |
| Doe # 13 | IP Address: 161.253.19.181 2007-03-24 14:31:00 EDT |
| Doe # 14 | IP Address: 161.253.34.17 2007-05-07 10:05:05 EDT |
| Doe # 15 | IP Address: 161.253.34.17 2007-05-09 00:40:25 EDT |
| Doe # 16 | IP Address: 161.253.34.17 2007-05-09 03:16:12 EDT |
| Doe # 17 | IP Address: 161.253.34.17 2007-05-11 18:22:16 EDT |
| Doe # 18 | IP Address: 161.253.34.17 2007-05-13 05:27:54 EDT |
| Doe # 19 | IP Address: 161.253.5.32 2007-04-02 04:11:49 EDT |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARISTA RECORDS, et al.

        Plaintiffs,

   v.

DOE, et al.,

        Defendants.

Civ. No. 07-1649-CKK

**ORDER CONTINUING DATE TO RESPOND TO SUBPOENA DUCES TECUM**

      Upon consideration of the Motion to Continue Date To Respond To Subpoena Duces Tecum filed by non-party The George Washington University ("GW"), and after reviewing all the facts and circumstances herein, it is hereby

      ORDERED that GW's Motion be and hereby is GRANTED. And it is further

      ORDERED that the date for GW to respond to the subpoena duces tecum served by plaintiffs on October 19, 2007 is continued until five days following the Court's ruling on the last of any Motion to Quash filed by any Doe defendant in this matter on November 13, 2007, or such other date as the Court may determine.

      SO ORDERED.

                                            _____
                                            United States District Judge

Dated:_____

Serve: All counsel of record by ECF