UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARISTA RECORDS LLC, a Delaware limited liability company; ATLANTIC RECORDING CORPORATION, a Delaware corporation; BMG MUSIC, a New York general partnership; CAPITOL RECORDS, INC., a Delaware corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; LAFACE RECORDS LLC, a Delaware limited liability company; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; and WARNER BROS. RECORDS INC., a Delaware corporation, | Civil Action No.: 1:07-cv-01649-CKK |
| Plaintiffs, | |
| v. | |
| DOES 1 - 19, | |
| Defendants. | |

## PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE

Plaintiffs respectfully submit this response to the Court's Order to Show Cause dated November 15, 2007 and, for the reasons more fully set forth below, respectfully request that the Court discharge the Order.

## I.    INTRODUCTION

In their *Ex Parte* Application for Leave To Take Immediate Discovery (Docket Doc. 2, hereinafter "Application"), Plaintiffs sought leave to take immediate discovery and issue a subpoena to George Washington University (the "University"). Plaintiffs' motion sought leave solely pursuant to Fed. R. Civ. P. 26 and 45. (*Id*. at 1.) In

1

requesting expedited discovery, Plaintiffs did not rely on or cite to either the Cable Communications Policy Act of 1984, 47 U.S.C. § 551(c)(2)(B) (the "Cable Act") or the Digital Millennium Copyright Act, 17 U.S.C. § 512(h) ("DMCA").  Hundreds of courts in similar cases across the country have agreed that Rules 26 and 45 are the proper bases for such discovery and have, therefore, granted nearly identical motions permitting subpoenas to be issued in more than 300 cases that are virtually identical to this one. Exhibit 1, attached hereto, is an extensive list of cases in which courts have granted motions for leave to take expedited discovery in parallel cases.

Upon consideration of Plaintiffs' motion here, this Court granted Plaintiffs' request for immediate discovery and allowed Plaintiffs to "serve a Rule 45 subpoena that seeks information sufficient to identify each Defendant, including name, current (and permanent) addresses, telephone numbers, email addresses, and Media Access Control addresses."  (Docket Doc. 7, p. 2.)  In doing so, however, the Court, *sua sponte*, indicated that "[t]he disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B)," a provision that Plaintiffs did not rely on or cite in their Application.  (*Id*.)

Defendant Doe #3 ("Defendant") has now filed a Motion to Vacate the Court's Order Granting Expedited Discovery, to Dismiss the Complaint, to Quash the Subpoena, and to Dismiss for Improper Joinder (Docket Doc. 8, hereinafter "Motion to Quash"), arguing, in part, that the subpoena that Plaintiffs seek is supposedly "not warranted" under the Cable Act or the DMCA.  (*Id*. at 7.)[1]

Plaintiffs agree that the Cable Act does not apply to the subpoena issued to the University in this case (and Plaintiffs have never suggested otherwise).  It does not

---

[1] Plaintiffs opposition to the Motion to Quash is due on December 6, 2007.

#1293313 v2

follow, however, that the subpoena should be quashed, as Defendant argues.  Neither statute is applicable to this case or to Plaintiffs' Application.  Indeed, in the hundreds of similar cases in which these and similarly-situated plaintiffs have sought nearly identical subpoenas, only one court, in *Interscope Records, et al. v. Does 1-7*, 494 F. Supp. 2d 388 (E.D. Va. 2007), has ever denied the plaintiffs' requested discovery.  That order, however, is currently under reconsideration for the same reasons that set forth herein.[2]

There is no question that, if Plaintiffs were able to confer with Defendants pursuant to Rule 26(f), Plaintiffs would then be free to conduct discovery in this case. Fed. R. Civ. P. 26(d).  There is also no question that, as part of their discovery, Plaintiffs would be entitled to seek discovery from the University by issuing a Rule 45 subpoena. Fed. R. Civ. P. 45(a).[3]  Unfortunately, Plaintiffs cannot confer with Defendants pursuant to Rule 26(f) at this time because they cannot identify Defendants.  Given this Catch-22, the expedited discovery that Plaintiffs seek is the only avenue available to them to discover the true identities of the Doe defendants and to address the widespread copyright infringement at issue in this case.  As the Court noted in its Order granting Plaintiffs' request for expedited discovery, "[i]t is clear . . . that Defendants must be identified

---

[2] In two cases in New Mexico, Plaintiffs Application was not granted immediately.  Rather, the court required Plaintiffs to meet and confer with the universities that were to be served with the subpoena to "attempt to agree on a fair and reasonable process that would allow Plaintiffs to identify limited information about the subscribers," after which the court entered a consent order allowing plaintiffs to obtain the discovery that they were seeking.  Stipulated Order, *BMG Music, et al. v. Does 1-17*, Case No. CIV-07-0940 BB/LAM (D.N.M. Oct. 30, 2007) (attached hereto as Ex. 2); Discovery Order, *Capitol Records, Inc., et al. v. Does 1-16*, No. 07-845 MV/LFG (D.N.M. Sept. 11, 2007) (attached hereto as Ex. 3).

[3] Although the University or Defendants could potentially object to the subpoena or seek a protective order, as Defendant has done here, Plaintiffs' right to issue the subpoena in the first place cannot be disputed.

before this suit can progress further." (Docket Doc. 7, pg. 2.) If the Court grants

Defendant's Motion to Quash, it will act as a complete bar to Plaintiffs' pursuit of their

infringement claims against all of the Defendants in this case. In essence, this case would

be over before it begins.[4] And, it would permit the massive copyright infringement at

issue in this case to continue unabated.

For these and the reasons set forth more fully below, the Court's Order granting

Plaintiffs' request for expedited discovery was proper under Rules 26 and 45,

Defendant's Motion to Quash should be denied, and the Court's Order to Show Cause

should be discharged.

## II    FACTUAL AND PROCEDURAL HISTORY

The Doe defendants in this case unlawfully reproduced and distributed thousands

of Plaintiffs' copyrighted sound recordings over peer-to-peer ("P2P") networks. (*See*,

*e.g.*, Exhibit A to the Complaint, which lists samples of the sound recordings that each

Doe defendant was distributing without authorization and identifies the total number of

audio files being distributed by each Doe defendant at the time Plaintiffs discovered

Defendants' infringement.) Because the Doe defendants have concealed their identities

through the anonymity of the internet and P2P networks, however, Plaintiffs can observe

the Doe defendants' infringement occurring but cannot (without assistance) identify the

---

[4] In response to the Court's Order to Show Cause as to why all other Doe
Defendants are not similarly situation such that a Motion to Quash ruling would not apply
to all Does, Plaintiffs respectfully submit that, because none of the other Defendants in
this case have raised objections to the subpoena or moved to quash, should the Court
grant Defendant's Motion to Quash, it should do so only with respect to Defendant Doe
#3 and enter an order allowing the University to provide responsive information for those
Defendants who did not objected to the subpoena. Plaintiffs recognize, however, that,
should the Court grant Defendant's motion and vacate the discovery order or dismiss the
complaint, the order would apply to Plaintiffs' claims against each of the Doe defendants.

#1293313 v2

true names and locations of the infringers.  As discussed in Plaintiffs original *Ex Parte* Application for Leave to Take Immediate Discovery and supporting documents ("Application"), the University is the *only* entity that can identify the anonymous Doe defendants in this case.

Accordingly, on September 19, 2007, Plaintiffs filed their Complaint for copyright infringement against 19 Doe defendants, including Defendant here, who have infringed Plaintiffs' copyrighted sound recordings on a massive scale.  Simultaneously with the filing of their Complaint, Plaintiffs sought leave to take immediate discovery from the University by serving the University with a subpoena seeking identifying information for the Doe defendants in this case.  (*See* Docket Doc. 2.)  Plaintiffs' request was made solely pursuant to Fed. R. Civ. P. 26 and 45, both of which expressly authorize Plaintiffs to issue a subpoena to a third party such as the University.  (*Id.* at 1.)  Plaintiffs did not rely on or cite either the Cable Act or the DMCA in their Application.

The Court granted Plaintiffs' Application and allowed Plaintiffs "to serve immediate discovery on GW to obtain the identity of each John Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Defendant." (Docket Doc. 7, p. 2.)  As noted above, although Plaintiffs did not rely on or cite to the Cable Act, the Court *sua sponte* relied on that Act in issuing its Order.  *See supra* pg. 2.

On November 13, 2007, Defendant filed a Motion to Quash, arguing, in part, that the subpoena that Plaintiffs seek is supposedly "not warranted" under the Cable Act and the DMCA.  (Docket Doc. 8, pg. 7.)  On November 15, 2007, this Court issued its Order to Show Cause, requiring Plaintiffs to address why Defendant's Motion to Quash should not be granted and why the other Doe defendants are not similarly situated such that a

ruling on the Motion to Quash would not apply to all of them.  (Docket Doc. 10, pg. 2.)

Plaintiffs respectfully submit this response to that Order and, as more fully set forth

below, respectfully submit that Defendant's arguments regarding the Cable Act and

DMCA are without merit because Plaintiffs did not seek discovery under either the Cable

Act or the DMCA, and neither applies here.  To the contrary, Plaintiffs sought expedited

discovery pursuant to Rules 26 and 45, which expressly authorize the issuance of a

subpoena to a third party in circumstances such as those in this case.[5]

## II.     ARGUMENT

A.     The Expedited Discovery Sought By Plaintiffs Is Expressly Authorized By
The Federal Rules and The Case Law Interpreting The Court's Authority
To Control Discovery.

In cases where the identity of a defendant is not known, courts routinely allow

early discovery to determine the identity of an unknown defendant.  *See*, *e.g.*, *Strauss v.

City of* Chicago, 760 F.2d 765 (7th Cir. 1985) (allowing plaintiffs to proceed against Doe

defendants);  *Petway v. City of New York*, 02-Civ. 2715, 2005 U.S. Dist. LEXIS 37783,

*12-13 (E.D.N.Y. Sept. 2, 2005) ("in certain situations a plaintiff . . . should be permitted

to proceed against an unidentified party").

Fed. R. Civ. P. 26(d) expressly contemplates a court order authorizing expedited

discovery "before the parties have conferred as required by Rule 26(f)."  *See* Fed. R. Civ.

P. 26(d) (party may not seek discovery prior to Rule 26(f) conference *except* "when

authorized . . . by order or agreement of the parties.").  This Court applies a flexible good

cause standard in deciding whether to grant orders for expedited discovery in

circumstances like those presented here.  *See Ellsworth Associates, Inc. v. U.S.*, 917 F.

---

[5] Plaintiffs plan to address Defendant's remaining arguments when they file their
brief in opposition to Defendant's Motion to Quash on December 6, 2007.

Supp. 841 (D.D.C. 1996); *See also Semitool, Inc. v. Tokyo Electron Am. Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002). Thus, in a similar case involving these and similarly-situated plaintiffs, this Court found that the plaintiffs had satisfied the good cause standard because the information that they sought was "not only relevant but crucial to the prosecution of plaintiffs' claims." *Warner Bros. Records, Inc., et al. v. Does 1-6*, Civ. No. 07-1878 (EGS), 2007 U.S. Dist. LEXIS 86431, at *4 (D.D.C. Nov. 26, 2007). This Court also recognized that the plaintiffs' claims "[could not] go forward without the true identities of the defendants." *Id.*

Plaintiffs have already demonstrated at length why they are entitled to expedited discovery in this case, (*see* Attachment #1 to Docket Doc. 2, pp. 6-9), and they will not tax this Court's time by repeating those arguments in detail. Plaintiffs only reiterate that their request for expedited discovery is expressly authorized by Rules 26 and 45 and reasonable under the good cause standard, particularly in light of the allegations of Plaintiffs' Complaint and arguments in Plaintiffs' Application. The good cause standard is easily fulfilled when the Court considers: the harm to Plaintiffs of having the Doe defendants infringe thousands of Plaintiffs' copyrighted works, Plaintiffs' inability to pursue the case against the Doe defendants absent expedited discovery, the opportunity that the Doe defendants would have to defend against Plaintiffs' claims at the appropriate time, the minimal burden on the University of complying with the discovery order that Plaintiffs have requested, the lack of prejudice to the Doe defendants if Plaintiffs were allowed to discover their identities, and the limited, narrowly-tailored nature of the information Plaintiffs are seeking from the University. (*See* Docket docs. 1 and 2.)

Hundreds of courts across the country have allowed Plaintiffs and/or other record

7

companies to issue subpoenas identical to the one that Plaintiffs have requested in this case. *Warner Bros. Records, Inc., et al. v. Does 1-6*, 2007 U.S. Dist. LEXIS 86431 at *4 (recognizing that "courts have consistently granted plaintiffs' motions for leave to take expedited discovery" in similar cases). Indeed, as mentioned above, except for a single court in Virginia, every court in the nation that has addressed identical requests in substantially identical circumstances has agreed that Plaintiffs were entitled to expedited discovery. *See supra* pg. 2; *see also* Exhibit 1. Because Plaintiffs' Application in this case clearly meets the good cause standard for granting expedited discovery, Plaintiffs respectfully request that the Court's October 11, 2007 Order granting Plaintiffs' Application was correct and that the Court enter an order discharging its Court's November 15, 2007 Order to Show Cause and refraining from ruling on the balance of Defendant's Motion to Quash until the parties have had an opportunity to fully brief the relevant issues.

>        B.        The Cable Act Does Not Apply.

For the reasons set forth above, Defendant's assertions regarding the Cable Act are irrelevant because Plaintiffs are not proceeding under the Cable Act. To the contrary, as noted above, Plaintiffs are proceeding pursuant to Rules 26 and 45, which expressly authorize the issuance of the requested subpoena in cases like this one.

Consistent with their Application, Plaintiffs do not believe that the Cable Act applies. Notwithstanding the foregoing, in past peer to peer copyright infringement cases where the internet service providers ("ISPs") was a cable operator, the ISPs expressed concern about their obligations under Section 551(c)(2)(B) of the Cable Act and refused to disclose subscriber information without a court order expressly authorizing them to

produce the requested information pursuant to the Cable Act.  Thus, in prior cases in
which these and similarly-situated plaintiffs sought discovery from ISPs, plaintiffs sought
to avoid objections from those ISPs by requesting that the courts consider the Cable Act
in issuing their discovery orders.  In those cases, plaintiffs were not suggesting that the
Cable Act authorized their request for discovery.  Rather, plaintiffs were merely seeking
to avoid a common objection or concern that they had heard from cable ISPs.

        The order issued by the court in *Interscope Records, et al. v. Does 1-7*, 494 F.
Supp. 2d 388 (E.D. Va. 2007), in which the Court found that the Cable Act did not
authorize the expedited discovery that plaintiffs sought in that case, was the result of a
similar request to consider the Cable Act.  Because the plaintiffs in that case were solely
trying to avoid a potential objection from the ISP at issue and were not implying that the
Cable Act somehow authorized or controlled the expedited discovery that they were
seeking, the plaintiffs in that case have moved the court to reconsider its order denying
the plaintiffs' request for expedited discovery.  That request is currently under
consideration.

        Because the University is not a cable ISP, Plaintiffs made no such request in this
case.  Accordingly, Plaintiffs respectfully submit that the Cable Act is not applicable to
Plaintiffs' request for expedited discovery and should not serve as a basis for quashing
the subpoena.

        C.    The DMCA Does Not Apply..

        Finally, Defendant argues that "the DMCA does not provide Plaintiffs with
authority to subpoena GWU."  (Docket Doc. 8, pg. 10.)  This is simply incorrect.  Section
512(h) of the DMCA applies only when a plaintiff seeks information *under the DMCA*
and has no application when a plaintiff seeks information under a Rule 45 subpoena, as

9

Plaintiffs have done here.  The cases cited by Defendant in support of Defendant's argument that the DMCA does not authorize the subpoena that Plaintiffs have sought in this case are inapplicable because each of them involved the plaintiffs' attempts to serve a subpoena on an ISP explicitly *pursuant to* the DMCA.  Notably, Defendant cites no language from the DMCA that states that the DMCA abrogates the Federal Rules of Civil Procedure.  Moreover, the procedural framework for DMCA subpoenas is distinct from the current procedural context.  Plaintiffs here are acting pursuant to Rules 26 and 45, which indisputably allow for the issuance of a subpoena to an ISP to obtain evidence regarding the identities of the Doe Defendants.  *See Recording Indus. Ass'n of Am. v. Univ. of N.C. at Chapel Hill*, 367 F. Supp. 2d 945, 958 (M.D.N.C. 2005).  Quite simply, Plaintiffs need not comply with the DMCA's subpoena requirements because Plaintiffs are not seeking a subpoena under the DMCA.

Accordingly, Plaintiffs have pursued the only avenue open to them by filing the present "Doe" lawsuit and then seeking leave to conduct expedited discovery to discover the Doe defendants' true identities.  The relief sought by Plaintiffs is expressly authorized by the Federal Rules of Civil Procedure, and for this reason as well, Defendant's Motion to Quash should be denied and the Court's Order to Show Cause should be discharged.

## III.    CONCLUSION

Rule 26, Rule 45, and applicable case law all expressly permit the *ex parte* subpoena that Plaintiffs seek in this case.  Plaintiffs have amply demonstrated the good cause necessary to warrant the limited discovery that they seek.  Moreover, neither the Cable Act nor the DMCA are applicable here, and neither bar the relief sought by Plaintiffs.  Accordingly, Plaintiffs respectfully request entry of an order discharging the

10

Court's November 15, 2007 Order to Show Cause.

Respectfully submitted,

Dated:        November 29, 2007         /s/ Matthew J. Oppenheim
                                        Matthew J. Oppenheim (D.C. Bar No.
                                        443698)
                                        The Oppenheim Group
                                        7304 River Falls Drive
                                        Potomac, MD  20854
                                        (301) 299-4986

                                        Attorney for Plaintiffs

11

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 29th day of November 2007, a true

and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF

system, which will send a notification of such filing (NEF) to the following:

> Lawrence Harbin
> McIntyre, Harbin & King, LLP
> 500 Ninth Street SE
> Washington, DC  20003
> lharbin@mhk-law.com
>
> Attorney for Defendant Doe #3

And I hereby certify that I will serve a true and correct copy of the foregoing
document by e-mail to the following:

> Thomas B. Smith
> Associate General Counsel – Litigation
> The George Washington University
> 2100 Pennsylvania Avenue, NW
> Washington, DC  20052
> tbsmith@gwu.edu
>
> Stephen E. Robertson
> Robertson, Medlin & Blocker, PLLC
> 125 South Elm Street, Suite 100
> Greensboro, NC  27401
> srobertson@robertsonmedlin.com
> Attorney for Defendant Doe #3

_/s/ Matthew J. Oppenheim._
MATTHEW J. OPPENHEIM.



# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

07 OCT 30  AM 10: 05

CLERK - LAS CRUCES

BMG MUSIC, a New York general partnership,          Case No. CIV-07-0940 BB/LAM
*et al.*,

              Plaintiffs,

v.

DOES 1 - 17,

              Defendants.

## STIPULATED ORDER

THIS MATTER, having come before the Court on Plaintiffs' *ex parte* application for
(Doc. 5)
leave to take immediate discovery, the Court's Order denying *ex parte* application to take (without prejudice Plaintiffs')
(Doc. 9)
discovery, and the Court's direction that Plaintiffs apprise New Mexico State University

(hereinafter "University") that it is seeking discovery and attempt to agree on a fair and

reasonable process allowing Plaintiffs to identify limited information about subscribers;

Plaintiffs and the University having met and stipulated to a process by which the Plaintiffs shall

obtain information about the subscribers, and the Court having considered this stipulation and

believing it to be fair and equitable, orders as follows:
Internet Service Provider
(hereinafter " ISP"))
   1.     Hereinafter, Plaintiffs, when seeking the names of individual ISP subscribers

associated with the University, shall forward to University counsel a subpoena containing the IP
(Internet Protocol (hereinafter, " IP"))
address of the subscriber(s), and for each subscriber:

       (a)     Provide a copy of all of the documents therein filed with the Court in the

           case;

       (b)     Allow forty (40) days from receipt of the subpoena for the University to

           respond to allow sufficient time to provide the documents and subpoena to

the individual subscribers and to allow the individual subscribers to

intervene or object to the information to be given.

2.      When the University is able to link an IP address to a specific Defendant, and

such information is reasonably available, the University shall not be required to provide more

than the subscriber's name, current and permanent addresses, telephone numbers, email

addresses, and the Media Access Control address associated with the IP address at the date and

time of capture.

3.      For those IP addresses that the University cannot link to a specific Defendant, the

University will engage in good faith communications with Plaintiffs' counsel to identify the

reason for the University's inability to link those IP addresses with a specific Defendant and will

include the identified reason in its subpoena response for those IP addresses.

4.      The University will be precluded from providing any of the subscriber's

electronically stored information, sometimes known as ESI, including e-mails, web pages, word

processing files, and databases stored in the memory of computers, magnetic disks such as

computer hard drives and floppy disks, optical disks such as DVDs and CDs, and flash memory

such as "thumb" or "flash" drives, or information disclosing a subscriber's web surfing activities.

5.      Any information disclosed to Plaintiffs in response to the subpoena may be used

by the Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act,

and for no other purpose.

6.      The parties agree that their stipulations do not serve to abrogate any further

protections afforded to the University or subscribers under Fed. R. Civ. P. 45(c).

7.   *

*Lourdes A. Martinez*
United States Magistrate Judge

\* 7.  Plaintiffs' Motion for Entry of Stipulated Order (Doc. 10)
is hereby GRANTED.

2

Submitted By:

**GARDERE WYNNE SEWELL LLP,**


By: _____
      John R. Matney, Jr.
      NM Bar No. 12482
      D.N.M. Bar No. 06-119
      3000 Thanksgiving Tower
      1601 Elm St.
      Dallas, TX 75201
      (214) 999-3000 – Phone
      (214) 999-4667 – Facsimile
      jmatney@gardere.com

      ATTORNEY FOR PLAINTIFFS

Submitted By:

**KRAFT & HUNTER, LLP**

By: _____ N\A

       Dustin K. Hunter
       Attorneys for Plaintiff
       P.O. Box 850
       Roswell, NM 88202-0850
       (505) 625-2000 – Phone
       (505) 625-2010 – Facsimile
       NM BAR NO: 21527
       dhunter@kraftandhunter.com

Approved By:

**NEW MEXICO STATE UNIVERSITY**

By: _____

       Bruce R. Kite
       General Counsel
       New Mexico State University
       MSC 3UGC
       P.O. Box 30001
       Las Cruces, NM 88003-8001
       (505) 646-2446 – Phone
       (505) 646-3012 – Facsimile
       NM BAR NO: 5497
       bkite@nmsu.edu

3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


CAPITOL RECORDS, INC., et al.,

                    Plaintiffs,

    vs.                                      CIVIL NO.  07-485 MV/LFG

DOES 1-16,

                    Defendants.


## DISCOVERY ORDER

THIS MATTER is before the Court on a Motion for Entry of Stipulated Order [Doc. 16]. A proposed order was submitted following meetings and negotiations between Plaintiffs and University of New Mexico counsel, and was intended to set out the process by which Plaintiffs may obtain discovery from the University of New Mexico under Fed. R. Civ. P. 26.

These meetings occurred after the Court denied an *ex parte* application to take discovery, and directed that the Plaintiffs apprise the University of New Mexico that Plaintiffs are seeking discovery in support of their claims. The intent was to agree upon on a fair and reasonable process that would allow Plaintiffs access to limited information about subscribers, but without disclosing sensitive, private or otherwise confidential information. Further, the Court's intent was to ensure that subscribers were afforded due process and an opportunity to intervene or object to the disclosure of information.

The Court reviewed the proposed order and agrees to adopt portions, reject other portions and to include language which was not contained in the stipulated order.

    1.  Hereafter, Plaintiffs, when seeking the names of individual ISP subscribers associated

with the University, shall forward to University counsel a subpoena containing the IP address of the subscriber(s), and for each subscriber:

>    (a)   Provide a copy of all of the documents therein filed with the Court in the case;

>    (b)   Allow forty days from receipt of the subpoena for the University to respond to allow sufficient time to provide the documents and subpoena to the individual subscribers, and to allow the individual subscribers an opportunity to intervene or object to the information sought to be obtained.

2.    The University shall not be required to provide information beyond the subscriber's name, local, permanent and IP address.  The University may also provide the media access control address associated with the IP address at the date and time of capture.

3.    The University will be precluded from providing any of the subscriber's electronically stored information, sometimes known as ESI, including e-mails, web pages, word processing files, and data bases stored in the memory of computers, magnetic disks, such as computer hard drives and floppy disks, optical disks, such as DVDs and CDs, and flash memory, such as "thumb" or "flash" drives, or information disclosing a subscriber's web surfing activities.

4.    The information disclosed to Plaintiffs in response to subpoenas may be used the Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act, and for no other purpose.

5.    The parties stipulate to dismissal of the Doe(s) associated with RIAA Copyright Infringement Notice No. 122629206, and the parties agree to use best efforts to ensure that computers associated with that notice will not be used for unauthorized file sharing of Plaintiffs' music.

6.  The parties further agree that their stipulations do not serve to abrogate any further protections afforded the University or subscribers under Fed. R. Civ. P. 45(c).

_Lorenzo F. Garcia_
Lorenzo F. Garcia
Chief United States Magistrate Judge

# Exhibit 1

1.    Order, *Capitol Records, Inc., et al. v. John Does 1-250*, No. 04 CV 472 (LAK) (S.D.N.Y. Jan 27, 2004)

2.    Order, *Sony Music Entm't, Inc., et al. v. John Does 1-40*, No. 04 Civ. 473 (DC) (S.D.N.Y. Feb. 3, 2004)

3.    Order, *Warner Bros. Records Inc., et al. v. John Does 1-43*, No. 1:04-cv-00476-JES (S.D.N.Y. Feb. 10, 2004) (ruling from the bench - no Order)

4.    Order, *Elektra Entm't Group, Inc., et al. v. Does 1-7*, Civ. Action No. 04-607 (GFB) (D.N.J. Feb. 17, 2004)

5.    Order, *Motown Record Co., L.P., et al. v. Does 1-252*, No. 1:04-CV-439-WBH (N.D. Ga. Mar. 1, 2004)

6.    Order, *Virgin Records Am., Inc., et al. v. Does 1-44*, Civ. Action No. 1:04-CV-438-CC (N.D. Ga. Mar. 3, 2004)

7.    Order, *BMG Music., et al. v. Does 1-203*, Civ. Action No. 04-650 (E.D. Pa. Mar. 5, 2004) (Court severed case and granted motion for leave to serve discovery on non-severed Doe Defendant 1)

8.    Memorandum Opinion and Order, *UMG Recordings, Inc., et al. v. John Does 1-199*, Civ. Action No. 04-0093 (CKK) (D.D.C. Mar. 10, 2004)

9.    Order, *Elektra Entm't Group, Inc., et al. v. Does 1-9*, Civ. Action No. 04-CIV-2289 RWS (S.D.N.Y. Mar. 23, 2004)

10.    Order, *Interscope Records, et al. v. Does 1-5*, Cause No. 1:04-CV-0542-DFH-TAB (S.D. Ind. Mar. 25, 2004)

11.    Order, *Interscope Records, et al. v. Does 1-4*, CV-04-131 TUC-JM (D. Ariz. Mar. 25, 2004)

12.    Order, *Interscope Records, et al. v. Does 1-7*, No. 3-04-0240 (M.D. Tenn. Mar. 29, 2004)

13.    Order, *Warner Bros. Records Inc., et al. v. Does 1-4*, Case No. CV 04-1960 (TJH) (C.D. Cal. Mar. 30, 2004)

14.    Order, *Capitol Records, Inc., et al. v. Does 1-2*, Case No. CV 04-1961 (RGK) (C.D. Cal. Mar. 30, 2004)

15. Order, *Arista Records, Inc., et al. v. Does 1-143*, Case No. 4:04CV93 (E.D. Tex. Mar. 30, 2004)

16. Order, *BMG Music, et al. v. Does 1-3*, Civ. Action No. 04-476 (ESH) (D.D.C. Mar. 31, 2004)

17. Order, *Atlantic Recording Corp., et al. v. Does 1-3*, Civ. Action No. 04-475 (D.D.C. Mar. 31, 2004)

18. Order, *Priority Records LLC, et al. v. John Doe*, Civ. Action No. 04-CV-0541 (JDT/TAB) (S.D. Ind. Apr. 1, 2004)

19. Order, *London-Sire Records Inc., et al. v. Does 1-4*, Case No. CV 04-1962 ABC (AJWx) (C.D. Cal. Apr. 2, 2004)

20. Order, *Fonovisa, Inc., et al. v. Does 1-2*, Case No. 1:04CV317 (E.D. Va. Apr. 2, 2004)

21. Order, *Atlantic Recording Corp. v. Does 1-13*, Case No. 1:04CV316 (E.D. Va. Apr. 2, 2004)

22. Order, *Warner Bros. Records Inc., et al. v. Does 1-9*, Case No. 04-71058 (E.D. Mich. Apr. 5, 2004) (Rosen, J.)

23. Order, *Arista Records, Inc., et al. v. Doe*, Case No. C-04-1134 JL (N.D. Cal. Apr. 5, 2004)

24. Order, *Fonovisa, Inc., et al. v. Does 1-67*, Civ. Action No. 04-WM-548 (PAC) (D. Colo. Apr. 7, 2004)

25. Order, *Motown Record Co., L.P., et al. v. Does 1-3*, Civ. Action No. 04-WM-545 (PAC) (D. Colo. Apr. 8, 2004)

26. Order, *Motown Record Co., L.P., et al. v. Does 1-5*, Civ. Action No. 04-WM-547 (PAC) (D. Colo. Apr. 8, 2004)

27. Order, *Maverick Recording Co., et al. v. Does 1-12*, Civ. Action No. 04-WM-546 (PAC) (D. Colo. Apr. 8, 2004)

28. Order, *Virgin Records Am., Inc., et al. v. John Doe*, Civ. No. PJM 04-964 (D. Md. Apr. 19, 2004)

29. Order, *Sony Music Entm't Inc., et al. v. Does 1-200*, No. 4:04-CV-339 CEJ (E.D. Mo. Apr. 22, 2004)

30. Order, *Loud Records LLC, et al. v. Does 1-4*, Case No. 04-C-289 (E.D. Wis. Apr. 22, 2004)

31. Order, *Interscope Records, et al. v. Does 1-3*, Civ. Action Case No. 04-1955 (GFB) (D.N.J. Apr. 28, 2004)

32. Order, *London-Sire Records Inc., et al. v. Does 1-41*, Civ. Action Case No. 04-1960 (GFB) (D.N.J. Apr. 28, 2004)

33. Order, *Maverick Recording Co., et al. v. Does 1-4*, Case No. C-04-1135 MMC (N.D. Cal. Apr. 28, 2004)

34. Order, *Maverick Recording Co., et al. v. Does 1-2*, Case No. 04-CV-149 ML (D.R.I. Apr. 28, 2004)

35. Order, *Virgin Records Am., Inc., et al. v. Does 1-3*, Civ. Action No. 3-04-cv-701 (JCH) (D. Conn. Apr. 29, 2004)

36. Order, *Motown Record Co., L.P., et al. v. Does 1-2*, Civ. Action No. 3-04-cv-700 (JCH) (D. Conn. Apr. 29, 2004)

37. Order, *Warner Bros. Records Inc., et al. v. Does 1-9*, Civ. Action No. 3-04-cv-702 (MRK) (D. Conn. Apr. 29, 2004)

38. Order, *UMG Recordings, Inc., et al. v. Does 1-2*, Civ. Action No. SA-04-CA-0357-XR (W.D. Tex. Apr. 30, 2004)

39. Order, *London-Sire Records Inc., et al. v. John Doe*, Civ. Action No. 7:04CV00208, (W.D. Va. May 3, 2004)

40. Order, *Warner Bros. Records Inc., et al. v. Does 1-35*, No. 2:04-cv-00084-WOB (E.D. Ky. May 4, 2004)

41. Order, *Sony Music Entm't, Inc., et al. v. Does 1-2*, Civ. No. 04-1758 (DSD/JSM) (D. Minn. May 4, 2004)

42. Order, *BMG Music, et al. v. Does 1-9*, Case No. 5:04-cv-58 (W.D. Mich. May 6, 2004)

43. Order, *Capitol Records, Inc., et al. v. Does 1-9*, Civ. Action File No. 1:04-CV-1167 (N.D. Ga. May 6, 2004)

44. Order, *Interscope Records, et al. v. Does 1-37*, Case No. A-04-CA-237 LY (W.D. Tex. May 6, 2004)

45. Order, *Lava Records, LLC, et al. v. Does 1-55*, Case No. 1:04CV484 (GBL) (TRJ) (E.D. Va. May 7, 2004)

46. Order, *Loud Records LLC, et al. v. Does 1-5*, No. CV-04-0134-RHW (E.D. Wash. May 10, 2004)

47. Order, *Elektra Entm't Group, Inc., et al. v. Does 1-5*, Civ. Action No. 3:CV-04-940 (M.D. Pa. May 11, 2004)

48. Order, *Priority Records LLC, et al. v. Does 1-3*, No. 4:04-493 CEJ (E.D. Mo. May 11, 2004)

49. Order, *Maverick Recording Co., et al. v. Does 1-10*, No. 4:04-494 CEJ (E.D. Mo. May 11, 2004)

50. Order, *Virgin Records Am., Inc., et al. v. Does 1-9*, Civ. Action No. 04-1239 (E.D. Pa. May 11, 2004)

51. Order, *UMG Recordings, Inc., et al. v. Does 1-2*, No. CV-04-0960 (RSL) (W.D. Wash. May 14, 2004)

52. Order, *Atlantic Recording Corp., et al. v. Does 1-12*, No. Civ 04 –855 PHX JAT (D. Ariz. May 17, 2004)

53. Order, *Arista Records, Inc., et al. v. Does 1-9*, Case No. H:04-1677 (S.D. Tex. May 20, 2004)

54. Order, *Atlantic Recording Corp., et al. v. Does 1-2*, Civ. Action No. 2:04-CV-2175-KHV-DJW (D. Kan. May 21, 2004)

55. Order, *Elektra Entm't Group, Inc., et al. v. Does 1-5*, Civ. Action No. 2:04-CV-2176-KHV-DJW (D. Kan. May 21, 2004)

56. Order, *Maverick Recording Co., et al. v. Does 1-6*, Civ. Action Case No. Civ 04 –2383 MLC (D.N.J. May 24, 2004)

57. Order, *Motown Record Co., L.P., et al. v. Does 1-16*, No. 04C 3019 (N.D. Ill. May 24, 2004)

58. Order, *Arista Records, Inc., et al. v. John Doe*, Cause No. 4:04CV0036AS (N.D. Ind. May 24, 2004)

59. Order, *Virgin Records Am., Inc., et al. v. Does 1-100*, Civ. Action No. 04CIV3931 WHP (S.D.N.Y. May 24, 2004)

60. Order, *Atlantic Recording Corp., et al. v. Does 1-2*, Civ. Action No. 2004 –109 (E.D. Ky. May 26, 2004)

61.  Order, *Warner Bros. Records Inc., et al. v. Does 1-12*, Civ. Action No. 04-WM-1053 (PAC) (D. Colo. May 26, 2004)

62.  Order, *Sony Music Entm't, Inc., et al. v. Does 1-115*, Civ. Action No. 04-WM-1054 (PAC) (D. Colo. May 26, 2004)

63.  Order, *Elektra Entm't Group, Inc., et al. v. Does 1-3*, Case No. CV 04 1051 PHX SRB (D. Ariz. May 28, 2004)

64.  Order, *Interscope Records, et al. v. Does 1-5*, Case No. A-04-CA-310 SS (W.D. Tex. May 31, 2004)

65.  Order, *Priority Records LLC, et al. v. Does 1-32*, Civ. Action No. 04-2231-KHV-DJW (D. Kan. June 3, 2004)

66.  Order, *Elektra Entm't Group, Inc., et al. v. Does 1-11*, Civ. Action No. 04-2230-KHV-DJW (D. Kan. June 3, 2004)

67.  Order, *Capitol Records, Inc., et al. v. Does 1-52*, Civ. Action File No. 1:04-CV-1453-JT (N.D. Ga. June 4, 2004)

68.  Order, *Loud Records LLC, et al. v. Does 1-170*, Civ. Action File No. 1:04-CV-1168 WBH (N.D. Ga. June 14, 2004)

69.  Order, *Priority Records LLC, et al. v. Does 1-9*, Civ. Action File No. 04-1165-MHS (N.D. Ga. June 14, 2004)

70.  Order, *Interscope Records, et al. v. John Doe*, Case No. 6:04-cv-197-Orl-22DAB (M.D. Fla. June 14, 2004) (this order also applies to 23 other cases that the Court severed but consolidated with Case No. 6:04-cv-197-Orl-22DAB for purposes of deciding and granting the motion for leave to serve expedited discovery)

71.  Order, *BMG Music, et al. v. Does 1-4*, Case No. C04-2021 JF (N.D. Cal. June 16, 2004)

72.  Order, *Fonovisa, Inc., et al. v. Does 1-7*, No. C04-961Z (RSL) (W.D. Wash. June 17, 2004)

73.  Order, *Atlantic Recording Corp., et al. v. Does 1-8*, Civ. Action Case No. Civ 04 –2897 MLC (D.N.J. June 22, 2004)

74.  Order, *Loud Records LLC, et al. v. Does 1-213*, No. 4:04-CV-769 CEJ (E.D. Mo. July 1, 2004)

75.  Order, *Sony Music Entm't, Inc., et al. v. Does 1-206*, Civ. Action No. 04-1023 (HHK) (D.D.C. July 2, 2004)

76. Order, *Priority Records LLC, et al. v. Does 1-8*, Civ. Action No. 04-1136 (N.D. Cal. July 13, 2004)

77. Order, *Elektra Entm't Group Inc., et al. v. Does 1-5*, Civ. Action No. 04-WM-1287 (PAC) (D. Colo. July 14, 2004)

78. Order, *Arista Records, Inc., et al. v. Does 1-50*, Civ. Action No. 04-WM-1288 (PAC) (D. Colo. July 14, 2004)

79. Order, *Sony Music Entm't, Inc., et al. v. Does 1-45*, Civ. Action No, 04-CV-5621 (S.D.N.Y. July 20, 2004)

80. Order, *Arista Records, Inc., et al. v. Does 1-125*, Civ. Action No. 04-1223 (D.D.C. July 21, 2004)

81. Order, *Fonovisa, Inc., et al. v. Does 1-25*, Civ. Action No. 04-Civ-5620 (S.D.N.Y. July 22, 2004)

82. Order, *Virgin Records Am., Inc., et al. v. Does 1-76*, Case No. 4:04cv259 (E.D. Tex. July 26, 2004)

83. Order, *Capitol Records, Inc., et al. v. Does 1-115*, No. 4:04-CV-916 CEJ (E.D. Mo. July 27, 2004)

84. Order, *Warner Bros. Records Inc., et al. v. Does 1-90*, Civ. Action No. 04-842 (E.D. Va. July 28, 2004)

85. Order, *Maverick Recording Co., et al. v. Does 1-5*, No. 2:04-CV-01603-RSL (W.D. Wash. Aug. 2, 2004)

86. Order, *Sony Music Entm't, Inc., et al. v. Does 1-7*, Case No. 04-71599-DT (E.D. Mich. Aug. 2, 2004)

87. Order, *London-Sire Records Inc., et al. v. Does 1-25*, Civ. Action No. 1:04cv2100-TWT (N.D. Ga. Aug. 3, 2004)

88. Order, *London-Sire Records Inc., et al. v. Does 1-12*, Civ. Action No. 04-4059 (GEB) (D.N.J. Aug. 25, 2004)

89. Order, *Warner Bros. Records Inc., et al. v. John Doe*, Civ. Action No. 04-4074 (GEB) (D.N.J. Aug. 25, 2004)

90. Order, *Interscope Records, et al. v. Does 1-11*, Case No. 04 C 0625 S (W.D. Wis. Aug. 26, 2004)

91.   Order, *BMG Music, et al. v. Does 1-11*, Case No. C 04 03553 BZ (N.D. Cal. Aug. 27, 2004)

92.   Order, *Arista Records, Inc., et al. v. Does 1-5*, Civ. Action No. 1:04-CV-1166-RLV (N.D. Ga. Aug. 30, 2004)

93.   Order, *London-Sire Records Inc., et al. v. Does 1-175*, Case No. 4:04-CV-1151 CEJ (E.D. Mo. Sept. 2, 2004)

94.   Order, *Maverick Recording Co., et al. v. John Doe*, Case No. 4:04-CV-1152 CEJ (E.D. Mo. Sept. 2, 2004)

95.   Order, *Warner Bros. Records Inc., et al. v. Does 1-13*, Civ. Action No. 04-WM-1772 (PAC) (D. Colo. Sept. 7, 2004)

96.   Order, *Fonovisa, Inc., et al. v. Does 1-150*, Case No. 04 Civ. 3930 (LAK) (S.D.N.Y. Sept. 8, 2004)

97.   Order, *UMG Recordings, Inc., et al. v. Doe*, Civ. Action No. 04-1445 (EGS) (D.D.C. Sept. 9, 2004)

98.   Order, *Sony Music Entm't v. John Doe*, Case No. 04 C 5600 (N.D. Ill. Sept. 17, 2004)

99.   Order, *Priority Records LLC, et al. v. Does 1-7*, Civ. Action No. 1:04-CV-2497-RLV (N.D. Ga. Sept. 22, 2004)

100.  Order, *Loud Records LLC, et al. v. Does 1-75*, Civ. Action No. 04 CV 6874 (DB) (S.D.N.Y. Sept. 24, 2004)

101.  Order, *Capitol Records, Inc., et al. v. Does 1-70*, Civ. Action No. 1:04cv2498-ODE (N.D. Ga. Sept. 27, 2004)

102.  Order, *Fonovisa, Inc., et al. v. Does 1-41*, Case No. A-04-CA-550 LY (W.D. Tex. Sept. 28, 2004)

103.  Order, *Caroline Records, Inc., et al. v. Does 1-100*, Civ. Action No. 04 Civ 6875 SHS (S.D.N.Y. Sept. 29, 2004)

104.  Order, *London-Sire Records Inc., et al. v. Does 1-100*, Case No. 04-cv-7735 (S.D.N.Y. Sept. 30, 2004)

105.  Order, *London-Sire Records Inc., et al. v. Does 1-2*, Case No. 04-cv-7738 (S.D.N.Y. Sept. 30, 2004)

106.  Order, *Maverick Recording Co., et al. v. Does 1-2*, Case No. 04-cv-7737 (S.D.N.Y. Sept. 30, 2004)

107. Order, *Motown Record Company, L.P., et al. v. John Doe*, Civ. Action No. 04-702-B-M2 (M.D. La. Sept. 30, 2004)

108. Order, *Maverick Recording Co., et al. v. John Doe*, Civ. Action No. 04-4778 WGB (D.N.J. Sept. 30, 2004)

109. Order, *Virgin Records Am., Inc., et al. v. John Doe*, Civ. Action No. 6:04-CV-1140 (DOH/GHL) (N.D.N.Y. Sept. 30, 2004)

110. Order, *Interscope Records, et al. v. John Doe*, Civ. Action No. 04-4231 (E.D.N.Y. Sept. 30, 2004)

111. Order, *Capitol Records, Inc., et al. v. John Doe*, Case No. 3:04 CV-572-S (W.D. Ky. Sept. 30, 2004)

112. Order, *Priority Records LLC, et al. v. Does 1-116*, Civ. Action No. 04-1674 (JR) (D.D.C. Oct. 1, 2004)

113. Order, *BMG Music, et al. v. John Doe*, Civ. Action No. 1:04-cv-1164 (E.D. Va. Oct. 1, 2004)

114. Order, *UMG Recordings, Inc., et al. v. John Doe*, Case No. 1:04-cv-1338 (C.D. Ill. Oct. 4, 2004)

115. Order, *Atlantic Recording Corp., et al. v. Does 1-151*, Case No. A04CA636 SS (W.D. Tex. Oct. 4, 2004)

116. Order, *Motown Record Company, L.P., et al. v. Does 1-50*, Civ. Action No. 04-CV-7736 (WHP) (S.D.N.Y. Oct. 4, 2004)

117. Order, *Warner Bros. Records Inc., et al. v. John Doe*, Civ. Action No. 04-4289 JNE/JGL (D. Minn. Oct. 5, 2004)

118. Order, *Virgin Records Am., Inc., et al. v. John Doe*, Case No. 5:04CV1976 (N.D. Ohio Oct. 5, 2004)

119. Order, *UMG Recordings, Inc., et al. v. Does*, Case No. 3:04-cv-01410-KI (D. Oregon Oct. 5, 2004)

120. Order, *Warner Bros. Records Inc., et al. v. John Doe*, No. C-04-4149 JL (N.D. Cal. Oct. 6, 2004)

121. Order, *UMG Recordings, Inc., et al. v. John Doe*, Case No. 04-8176-RGK (JTLx) (C.D. Cal. Oct 7, 2004)

122.  Order, *Elektra Entm't Group, Inc., et al. v. John Doe*, No. 04-cv-1639 (JBA) (D. Conn. Oct. 8, 2004)

123.  Order, *Warner Bros. Records Inc., et al. v. John Doe*, Civ. Action No. 04-1673 (RMC) (D.D.C. Oct. 12, 2004)

124.  Order, *UMG Recordings, Inc., et al. v. Does 1-3*, Civ. Action No. 5:04CV157 (W.D.N.C. Oct. 12, 2004)

125.  Order, *Elektra Entm't Group, Inc., et al. v. Does 1-115*, Civ. Action No. 04 Civ. 7739 (S.D.N.Y. Oct. 13, 2004)

126.  Order, *Caroline Records, Inc., et al. v. Does 1-100*, Civ. Action No. 04 CV 6875 (SHS) (S.D.N.Y. Oct. 13, 2004) (this Order is a revision of Order #103 to state that disclosure of information is authorized pursuant to the Cable Act)

127.  Order, *Caroline Records, Inc., et al. v. Does 1-55*, Civ. Action File No. 04-cv-2867 (N.D. Ga. Oct. 14, 2004)

128.  Order, *Arista Records, Inc., et al. v. Does 1-100*, Civ. Action File No. 04-cv-2495 (N.D. Ga. Oct. 14, 2004)

129.  Order, *Elektra Entm't Group, Inc., et al. v. Does 1-6*, Civ. Action No. 04-1241 (E.D. Pa. Oct. 14, 2004)

130.  Order, *Capitol Records, Inc., et al. v. Does 1-250*, Civ. Action No. 04 CV 472 (S.D.N.Y. Oct. 15, 2004) (this Order is a revision of Order #1 to state that disclosure of information is ordered pursuant to the Cable Act)

131.  Order, *Capitol Records, Inc., et al. v. John Doe*, Case No. 03 C 6327 (N.D. Ill. Oct. 15, 2004)

132.  Order, *Sony BMG Music Entm't, et al. v. Does 1-3*, Case No. 5:04-cv-165 (W.D. Mich. Oct. 18, 2004)

133.  Order, *Virgin Records Am., Inc., et al. v. John Doe*, Case No. C04-2059M (W.D. Wash. Oct. 19, 2004)

134.  Order, *Warner Bros. Records Inc., et al. v. John Doe*, Civ. Action No. 1:04 CV 1163 (E.D. Va. Oct. 20, 2004)

135.  Order, *Loud Records LLC, et al. v. Does 1-66*, Civ. Action No. 1:04 CV 1162 (E.D. Va. Oct. 22, 2004)

136.   Order, *Elektra Entm't Group, Inc., et al. v. Does 1-115*, Civ. Action No. 04CV7739
       (KMK) (S.D.N.Y. Oct. 26, 2004)

137.   Order, *BMG Music, et al. v. John Doe*, Civ. Action No. 04-CV-1254 (N.D.N.Y. Oct. 28,
       2004)

138.   Order, *Arista Records LLC, et al. v. John Doe*, Civ. No. 4-04-CV-00587 (S.D. Iowa Oct.
       28, 2004)

139.   Order, *Virgin Records Am., Inc., et al. v. John Doe*, Civ. No. 4-04-CV-00588 (S.D. Iowa
       Oct. 28, 2004)

140.   Order, *Caroline Records, Inc., et al. v. Does 1-8*, Civ. Action No. 2:04-cv-1042 (S.D.
       Ohio Oct. 28, 2004)

141.   Order, *London-Sire Records Inc., et al. v. Does 1-125*, Civ. Action No. 04-cv-8467
       (S.D.N.Y. Oct. 28, 2004)

142.   Order, *Atlantic Recording Corp., et al. v. Does 1-25*, Case No. 3:04CV01824 (D. Conn.
       Oct. 29, 2004)

143.   Order, *Warner Bros. Records Inc., et al. v. John Doe*, Civ. Action No. 4:CV 04-2374
       (M.D. Pa. Nov. 1, 2004)

144.   Order, *Atlantic Recording Corp., et al. v. John Doe*, Case No. 3:04CV7682 (N.D. Ohio
       Nov. 2, 2004)

145.   Order, *Fonovisa, Inc., et al. v. Does 1-76*, Case No. 1:04-CV-2868-WSD (N.D. Ga. Nov.
       2, 2004)

146.   Order, *Lava Records, LLC, et al. v. Does 1-50*, Case No. 1:04-CV-2496-WSD (N.D. Ga.
       Nov. 2, 2004)

147.   Order, *Sony BMG Music Entm't, et al. v. Does 1-10*, Case No. CV'04 2324 PHX JAT (D.
       Ariz. Nov. 2, 2004)

148.   Order, *BMG Music, et al. v. John Doe*, Case No. 2 04-CV-283 JDT WGH (S.D. Ind. Nov.
       2, 2004)

149.   Order, *Motown Record Co., L.P., et al. v. Does 1-52*, Case No. C 04 4565 MEJ (N.D.
       Cal. Nov. 2, 2004)

150.   Order, *Capitol Records, Inc., et al. v. John Doe*, Civ. No. 04-4290 JMR/FLN (D. Minn.
       Nov. 2, 2004)

151. Order, *Loud Records LLC, et al. v. Does 1-50*, Case No. 1:04-CV-06930 (N.D. Ill. Nov. 3, 2004)

152. Order, *Sony BMG Music Entm't, et al. v. Does 1-2*, Civ. Action No. 5:04-CV-1253 (NAM/GHL) (N.D.N.Y. Nov. 5, 2004)

153. Order, *Capitol Records, Inc., et al. v. Does 1-55*, Civ. Action No. 04 CV 8468 (S.D.N.Y. Nov. 9, 2004)

154. Order, *Caroline Records, Inc., et al. v. Does 1-21*, Civ. Action File No. 04 CV 3156 (N.D. Ga. Nov. 12, 2004)

155. Order, *Fonovisa, Inc., et al. v. Does 1-151*, No. 4:04-CV-1488 CEJ (E.D. Mo. Nov. 12, 2004)

156. Order, *Interscope Records, et al. v. Does 1-17*, No. 4:04-CV-1489 CEJ (E.D. Mo. Nov. 12, 2004)

157. Order, *Capitol Records, Inc., et al. v. John Doe*, No. 4:04-cv-90 (E.D. Tenn. Nov. 15, 2004)

158. Order, *Loud Records, LLC, et al. v. Does 1-4*, Civ. Action No. 2:04CV00362BN (S.D. Miss. Nov. 16, 2004)

159. Order, *Interscope Records, et al. v. Does 1-4*, Civ. Action No. 04-5653 (MLC) (D.N.J. Nov. 18, 2004)

160. Order, *Arista Records LLC, et al. v. John Doe*, Civ. Action No. 04-40240-FDS (D. Mass. Nov. 18, 2004)

161. Order, *BMG Music, et al. v. John Doe*, No. 4:04-cv-00637-JEG (S.D. Iowa Nov. 18, 2004)

162. Order, *Caroline Records, Inc., et al. v. Does 1-175*, Civ. Action No. 04-2028 (D.D.C. Nov. 18, 2004)

163. Order, *London-Sire Records Inc., et al. v. Does 1-153*, Civ. Action No. 04-cv-9114 (S.D.N.Y. Nov. 18, 2004)

164. Order, *Fonovisa, Inc., et al. v. Does 1-3*, Civ. Action No. 04-2027 (RBW) (D.D.C. Nov. 19, 2004)

165. Order, *Priority Records LLC, et al. v. Does 1-102*, No. 1:04-cv-3157-WSD (N.D. Ga. Nov. 19, 2004)

166. Order, *Priority Records LLC, et al. v. Does 1-52*, Case No. 04-4910 FMS (N.D. Cal. Nov. 19, 2004)

167. Order, *Lava Records, LLC, et al. v. Does 1-39*, Civ. Action No. 04-2366 (W.D. La. Nov. 19, 2004)

168. Order, *Elektra Entm't Group Inc., et al. v. John Doe*, Civ. Action No. 04-civ-9112 (S.D.N.Y. Nov. 19, 2004)

169. Order, *Atlantic Recording Corporation, et al., v. Does 1-34*, Civ. Action No. 04-2568-KHV-DJW (D. Kan. Nov. 23, 2004)

170. *Warner Bros. Records Inc., et al. v. John Doe*, Civ. No. 04-4661(JNE/JGL) (D. Minn. Nov. 23, 2004)

171. *Virgin Records America, Inc., et al. v. John Doe*, Civ. Action. No. 04-30223-KPN (D. Mass. Nov. 29, 2004)

172. *Elektra Entm't Group Inc., et al v. Does 1-2*, Civ. Action No. 1:04-CV-1257 (N.D.N.Y. Nov. 29, 2004)

173. *BMG Music, et al. v. John Doe*, Civ. Action No. 04-cv-03384-JEC (N.D. Ga. Nov. 29, 2004)

174. *Arista Records LLC, et al. v. John Doe*, No. C04-04150 RMW (HRL) (N.D. Cal. Nov. 30, 2004)

175. *London Sire Records Inc., et al. v. Does 1-76*, Civ. Action No. 04-WM-2394 (BNB) (D. Colo. Dec. 3, 2004)

176. *Loud Records, LLC, et al. v. Does 1-151*, Civ. Action No. 1:04cv1399 (E.D. Va. Dec. 3, 2004)

177. *Capitol Records, Inc., et al. v. Does 1-2*, Civ. Action No. 1104-cv-2506-JTC (N.D. Ga. Dec. 7, 2004)

178. *Arista Records LLC, et al. v. Does 1-2*, Civ. Action No. 04-cv-9878(NRB) (S.D.N.Y. Dec. 16, 2004)

179. *Fonovisa, Inc., et al. v. Does 1-20*, Civ. Action No. 04-cv-9879(VM) (S.D.N.Y. Dec. 16, 2004)

180. *Motown Record Company, L.P., et al. v. Does 1-95*, Civ. Action No. 04-2179(JR) (D.D.C. Dec. 20, 2004)

181. *Priority Records LLC, et al. v. Does 1-6*, Civ. Action No. 4:CV 04-2721 (M.D. Pa. Dec. 21, 2004)

182. *Atlantic Recording Corporation, et al. v. Does 1-6*, Civ. Action No. 2:04cv755 (E.D. Va. Dec. 23, 2004)

183. *Loud Records, LLC, et al. v. Does 1-116*, No. 4:04-CV-1751 CEJ (E.D. Mo. Dec. 27, 2004)

184. *Elektra Entm't Group Inc., et al. v. Does 1-2*, Civ. Action No. 3:04cv920 (E.D. Va. Dec. 29, 2004)

185. *Sony BMG Music Entm't, et al. v. John Doe*, Civ. Action No. 3:04-CV-108-JTC (N.D. Ga. Jan. 5, 2005)

186. *Caroline Records, Inc., et al. v. Does 1-107*, Civ. Action No. 04-CV-3670 (N.D. Ga. Jan. 6, 2005)

187. *Interscope Records, et al. v. Does 1-12*, No. 1:04-cv-3669-WSD (N.D. Ga. Jan. 6, 2005)

188. *London-Sire Records Inc., et al. v. Does 1-100*, Civ. Action No. 1:04cv1512 (E.D. Va. Jan. 7, 2005)

189. *Atlantic Recording Corp., et al. v. Does 1-86*, Case No. 3:04-CV-2119 (RNC) (Dist. Conn. Jan. 7, 2005)

190. *BMG Music, et al. v. Does 1-4*, Civil Action File No. 3:05-CV-006 (JTC) (N.D. Ga. Jan. 20, 2005)

191. *Arista Records LLC, et al. v. Doe*, Civil Action No. 04-CV-7740 (S.D.N.Y. Jan. 25, 2005)

192. *Elektra Entm't Group Inc., et al. v. Does 1-50*, Civil Action No. 04-CV-6876 (GBD) (S.D.N.Y. Jan. 27, 2005)

193. *Virgin Records America, Inc., et al. v. Does 1-5*, Case No. 2:05-cv-0031SR (S.D. Miss. Jan. 27, 2005)

194. *Warner Bros. Records, Inc., et al. v. John Doe*, Case No. 8:05-CV-169-T-27TGW (M.D. Fla. Jan. 28, 2005)

195. *UMG Recordings, Inc., et al. v. Does 1-6*, Civil Action No. 04-CV-3668 (N.D. Ga. Jan. 31, 2005)

196. *Elektra Entm't Group Inc., et al. v. John Doe*, Civil Action No. 04-4230 (E.D.N.Y. Jan. 31, 2005)

197. *Sony BMG Music Entertainment, et al. vv. Does 1-2,* Cause No. 1:05-CV-032 (N.D. Ind. Jan. 31, 2005)

198. *Virgin Records America, Inc., et al. v. Doe,* Case No. 8:05-CV-170-T-17MAP (M.D. Fla. Jan. 31, 2005)

199. *Motown Records Company, L.P., et al. v. Does 1-3,* Case No. 05-70295 (E.D. Mich. Jan. 31, 2005)

200. *Capitol Records, Inc., et al v. Does 1-3,* Civil Action No. 5:05-37-JMH (E.D. Ky. Jan. 31, 2005)

201. *Interscope Records, et al. v. Does 1-2,* Civil Action No. 05-CV-0102 (N.D.N.Y. Jan. 31, 2005)

202. *London-Sire Records Inc., et al. v. Does 1-4,* Case No. 05-3019 (C.D. Ill. Feb. 2, 2005)

203. *Elektra Entertainment Group Inc., et al. v. Does 1-2,* Civil Action No. 05-CV-0915 (RCC) (S.D.N.Y. Feb. 2, 2005)

204. *Warner Bros. Records, Inc., et al. v. Doe,* Case No. 04-CV-8118 (N.D. Ill. Feb. 3, 2005)

205. *Maverick Recording Company, et al. v. Doe,* Case No. 5:04-cv-187 (W.D. Mich. Feb. 8, 2005)

206. *Virgin Records America, Inc., et al. v. Does 1-2,* Case No. 5:05-cv-16 (W.D. Mich. Feb. 8, 2005)

207. *UMG Recordings, Inc., et al. v. Doe,* Case No. A-04-CA-704 LY (W.D. Tex. Feb. 8, 2005)

208. *Capitol Records, Inc., et al. v. Does 1-20,* Case No. 05-cv-00395-JCS (N.D. Cal. Feb. 8, 2005)

209. *Atlantic Recording Corporation, et al. v. Does 1-2,* Civil Action No. 05-CV-914 (RJH) (S.D.N.Y. Feb. 9, 2005)

210. *Maverick Recording Company, et al. v. Does 1-2,* Cause No. 1:05-cv-0135-LJM-WTL (S.D. Ind. Feb. 10, 2005)

211. *Fonovisa, Inc., et al. v. Does 1-7,* Civil Action File No. 1:05-cv-0234-CC (N.D. Ga. Feb. 16, 2005)

212. *Motown Record Co., L.P., et al. v. Does 1-2,* Civil Action No. 05-10159-NG (D. Mass. Feb. 24, 2005)

213. *Interscope Records, et al., v. Does 1-2*, Civil Action No. 05-10160-NG (D. Mass. Feb. 24, 2005)

214. *BMG Music, et al. v. Does 1-2*, Civil Action No. 05-10168-NG (D. Mass. Feb. 24, 2005)

215. *UMG Recordings, Inc., et al. v. Does 1-2*, Civil Action No. 05-10169-NG (D. Mass. Feb. 24, 2005)

216. *Sony BMG Music, et al. v. John Doe*, Case No. 8:05-cv-166-17MSS (M.D. Fla. Feb. 24, 2005)

217. *Atlantic Recording Corporation, et al. v. Does 1-122*, Civil Action No. 05-cv-2400 (KMW) (S.D.N.Y. Feb. 28, 2005)

218. *Virgin Records America, Inc., et al. v. Does 1-2*, Civil Action No. 05-137-C-M1 (M.D. La. March 1, 2005)

219. *Caroline Records, Inc., et al. v. Does 1-57*, Case No. 4:05-CV-172 CEJ (E.D. Mo. March 1, 2005)

220. *Maverick Recording Company, et al. v. Does 1-100*, Case No. 1:05-CV-01177 (N.D. Ill. March 2, 2005)

221. *Priority Records LLC, et al. v. Does 1-3*, Case No. 05-0660 (S.D. Tex. March 3, 2005)

222. *London-Sire Records Inc., et al. v. Does 1-70*, Case No. 1:05-CV-00483 (N.D. Ill. March 3, 2005)

223. *BMG Music, et al. v. Does 1-3*, Case No. 05-0144 (M.D. Tenn. March 3, 2005)

224. *Motown Record Company, L.P., et al. v. Does 1-25*, Civil Action No. 05-WM-364 (PAC) (D. Colo. March 4, 2005)

225. *UMG Recordings, Inc., et al. v. Does 1-2*, Civil Action No. 05-375 (W.D. La. March 4, 2005)

226. *Interscope Records, et al. v. Does 1-3*, Case No. CV05-1483 R (CWx) (C.D. Cal. March 7, 2005)

227. *Motown Records Co., L.P., et al. v. Does 1-3*, Civil Action No. 1:05-CV-128 (S.D. Ohio March 14, 2005)

228. *Capitol Records, Inc., et al. v. Does 1-2*, Case No. C2-05-184 (S.D. Ohio March 14, 2005)

229.  *Interscope Records, et al. v. Does 1-60*, Case No. 4:05-CV-342 CEJ (E.D. Mo. March 16, 2005)

230.  *BMG Music, et al. v. Does 1-6*, Case No. H-05-263 (S.D. Tex. March 17, 2005)

231.  *Maverick Recording Company, et al. v. Does 1-2*, Civil Action No. 05-cv-252 (N.D.N.Y. March 22, 2005)

232.  *London-Sire Records Inc., et al. v. Does 1-6*, Civil Action No. 05-CV-0551 (N.D. Ga. March 22, 2005)

233.  *Capitol Records, Inc., et al. v. Does 1-15*, Civil Action No. 05-CV-3172 (S.D.N.Y. March 24, 2005)

234.  *Priority Records LLC, et al. v. Does 1-175*, Civil Action No. 05-CV-3173 (S.D.N.Y. March 24, 2005)

235.  Order, *Atlantic Recording Corp., et al. v. Does 1-21*, No. 3:06-cv-877 (MLC) (D.N.J. Feb. 28, 2006).

236.  Order, *Maverick Recording Co., et al. v. Does 1-310*, No. 06-cv-1573 (DLC) (S.D.N.Y. March 1, 2006).

237.  Order, *Fonovisa, Inc., et al. v. Does 1-49*, No. 4:06-cv-389 (CEJ) (E.D. Mo. March 6, 2006).

238.  Order, *London-Sire Records, Inc., et al. v. Does 1-26*, No. 1:06-cv-455 (TWT) (N.D. Ga. March 7, 2006).

239.  Order, *Virgin Records America, Inc., et al. v. Does 1-38*, No. 1:06-cv-225 (E.D.V.A. March 10, 2006).

240.  Order, *Interscope Records, et al. v. Does 1-8*, No. 1:06-cv-552 (WDM) (D. Colo. March 13, 2006).

241.  Order, *Sony BMG Music Entertainment, et al. v. Does 1-8*, No. 06-cv-1570 (JGR) (S.D.N.Y. April 24, 2006).

242.  Order, *UMG Recordings, Inc., et al. v. Does 1-13*, No. 1:06-cv-00350 (JR) (D.D.C. Aug. 10, 2006).

243. Order, *Warner Bros. et al. v. Does 1-10*, No. 1:07-cv-304 (GBL) (E.D. Va. March 29, 2007).

244. Order, *Capitol Records, et al. v. Does 1-9*, No. 07-1464 (MLC) (D.N.J. March 29, 2007).

245. Order, *Atlantic Recording Corp., et al. v. Does 1-19*, No. 1:07-cv-2588 (GEL) (S.D.N.Y. March 30, 2007).

246. Order, *Priority Records LLC, et al. v. Does 1-12*, No. 07-604 (RCL) (D.D.C. April 2, 2007).

247. Order, *Priority Records LLC, et al. v. does 1-12*, No. 07-604 (D.D.C. April 2, 2007).

248. Order, *Arista Records LLC, et al. v. Does 1-9*, No. 03-cv-5500 (DGT) (D. Colo. April 4, 2007).

249. Order, *Atlantic Recording Corp., et al. v. Does 1-5*, No. 4:07-cv-03097 (D. Neb. April 12, 2007).

250. Order, *BMG Music, et al. v. John Doe*, No. 5:07-cv-00382 (N.D.N.Y. April 13, 2007).

251. Order, *Warner Bros. Records, Inc., et al. v. Does 1-14*, No. 8:07-cv-00625-T-24 (TGW) (M.D. Fla. April 16, 2007).

252. Order, *UMG Recordings, et al. v. Does 1-6*, No. 3:07-cv-00040 (D.N.D. April 16, 2007).

253. Order, *Warner Bros. Records, Inc., et al. v. Does 1-10*, No. 1:07-cv-02043 (N.D. Ill. April 16, 2007).

254. Order, *Maverick Recording Co., et al. v. Does 1-10*, No. 1:07-cv-3100 (PAC) (S.D.N.Y. April 18, 2007).

255. Order, *Lava Records, et al. v. Does 1-12*, No. 4:07-cv-603 (CEJ) (E.D. Mo. April 18, 2007).

256. Order, *Elektra Entertainment Group, et al. v. Does 1-14*, No. 07-cv-01811 (FLW) (D.N.J. April 18, 2007).

257. Order, *Sony BMG, et al. v. Does 1-16*, No. 3:07-cv-581 (S.D. Cal. April 19, 2007).

258. Order, *Interscope Records, et al. v. Does 1-14*, No.1:07-cv-00381 (E.D.Va. April 20, 2007).

259. Order, *Sony BMG Music Entertainment, et al. v. Does 1-12*, No. 3:07-cv-00232 (RCC) (S.D. W.V. April 20, 2007).

260. Order, *Motown Record Co., et al. v. Does 1-13*, No. 1:07-cv-726 (N.D. Ga. April 20, 2007).

261. Order, *Sony BMG Music Entertainment, Inc., et al. v. Does 1-4*, No. 4:07-cv-00436 (JMM) (E.D. Ark. April 24, 2007).

262. Order, *Warner Bros. Records, Inc., et al. v. Does 1-53*, No. 07-cv-234 (JCS) (W.D. Wis. April 25, 2007).

263. Order, *Arista Records LLC, et al. v. Does 1-23*, No. 5:07-cv-00131 (E.D.N.C. April 25, 2007).

264. Order, *Capitol Records, Inc. v. Does 1-10*, No. 2:07-cv-00315 (S.D. Ohio 2:07-cv-00315 April 27, 2007).

265. Order, *Interscope Records, et al. v. Does 1-15*, No. 3:07-cv-00130 (TAV) (E.D. Tenn. April 30, 2007).

266. Order, *Arista Records LLC, et al. v. Does 1-10*, No. 1:07-cv-00860 (N.D.Ga. April 30, 2007).

267. Order, *Capitol Records, Inc., et al. v. Does 1-10*, No. 1:07-cv-00790 (D. Colo. April 30, 2007).

268. Order, *Arista Records LLC, et al. v. Does 1-23*, No. 5:07-cv-131 (BO) (E.D.N.C. May 1, 2007).

269. Order, *UMG Recordings, et al. v. Does 1-12*, No. 4:07-cv-03123 (LSC) (D. Neb. May 3, 2007).

270. Order, *Atlantic Recording Corp., et al. v. Does 1-22*, No. 1:07-cv-00057 (JAW) (D. Me. May 7, 2007).

271.    Order, *Arista Records LLC, et al. v. Does 1-11*, No. 07-10833-NG (D. Mass. May 8, 2007).

272.    Order, *Arista Records, et al. v. Does 1-21*, No. 07-10834-NG (D. Mass. May 9, 2007).

273.    Order, *Arista Records LLC, et al. v. Does 1-12*, No. 1:07-cv-445 (WAM) (W.D. Mich. May 9, 2007).

274.    Order, *UMG Recordings, Inc. v. Does 1-13*, No. 07-cv-3492 (KMK) (S.D.N.Y. May 12, 2007).

275.    Order, *Motown Record Co., L.P., et al. v. Does 1-23*, No. 1:07-cv-610 (SEB) (S.D. Ind. May 15, 2007).

276.    Order, *Warner Bros. Records, Inc., et al. v. Does 1-16*, No. 1:07-cv-21255-UU (S.D. Fl. May 17, 2007).

277.    Order, *Priority Records LLC, et al. v. Does 1-10*, No. 5:07-cv-1407 (JRA) (N.D. Ohio May 17, 2007).

278.    Order, *Warner Bros. Records, Inc., et al. v. Does 1-17*, No. 1:07-cv-10924-NG (D. Mass. May 17, 2007).

279.    Order, *Lava Records LLC, et al. v. Does 1-16*, No. 5:07-cv-520 (N.D.N.Y. May 19, 2007).

280.    Order, *Maverick Recording Co., et al. v. Does 1-5*, No. 07-91-P-H (D. Me. May 21, 2007).

281.    Order, *Priority Records LLC, et al. v. Does 1-12*, No. 07-12133 (PDB) (E.D. Mich. May 21, 2007).

282.    Order, *Priority Records LLC, et al. v. Does 1-16*, No. 1:07-cv-148 (JRM) (D.N.H. May 23, 2007).

*283.*    Order, *Elektra Entertainment Group, Inc., et al. v. Does*, No. 3:07-cv-00767 (CFD) (D. Conn. May 24, 2007).

284.    Order, *Warner Bros. Records, Inc., et al. v. Does 1-5*, No. 0:07-cv-00051 (WOB) (E.D. Ky. May 25, 2007).

285.    Order, *UMG Recordings, Inc., et al. v. Does 1-19*, No. 07-2512 (JAP)
(D.N.J. May 30, 2007).

286.    Order, *Priority Records LLC, et al. v. Does 1-4*, No. 3:07-cv-0909 (W.D.
La. May 31, 2007).

287.    Order, *Laface Records LLC, et al. v. Does 1-7*, No. 07-cv-0978 (DMS)
(S.D. Cal. June 1, 2007).

288.    Order, *London-Sire Records, Inc., et al. v. Does 1-18*, No. 07-12134 (E.D.
MI June 1, 2007).

289.    Order, *Capitol Records, Inc., et al. v. Does 1-19*, No. 4:07-cv-01043 (CEJ)
(E.D. Mo. June 5, 2007).

290.    Order, *Warner Bros. Records, Inc. v. Does 1-20*, No. 07-cv-1131 (LTB)
(D. Colo. June 5, 2007).

291.    Order, *Warner Bros. Records, Inc., et al. v. Does 1-8*, No. 1:07-cv-987
(PLF) (D.D.C. June 8, 2007).

292.    Order, *Priority Records, LLC, et al. v. Does 1-17*, No. CV 07-1028 (PHX)
(D. Ariz. June 13, 2007).

293.    Order, *Interscope Records, et al. v. Does 1-22*, No. 3:07-cv-00049 (HDV)
(S.D. Iowa June 14, 2007).

294.    Order, *Arista Records LLC, et al. v. Does 1-7*, No. 5:07-cv-627 (FJS)
(N.D.N.Y. June 14, 2007).

295.    Order, *In re Copyright Infringement Cases with Doe Defendants Related to
Civil Action No. 04-1239*, No. 2:07-cv-2409 (LDD) (E.D.Pa. June 14,
2007).

296.    Order, *Motown Record Co., L.P., et al. v. Does 1-9*, No. 4:07-cv-260
(CFB) (S.D. Iowa June 15, 2007).

297.    Order, *BMG Music Entertainment, et al. v. Doe 1, et al.*, No. 07-cv-11097-
NG (D. Mass. June 21, 2007).

298.   Order, *BMG Music, et cal. V. Doe 1, et al.*, No. 07-cv-11102-NG (D. Mass. June 21, 2007).

299.   Order, *LA Face Records LLC, et al. v. Doe 1, et al.*, No. 07-cv-11100-NG (D. Mass. June 21, 2007).

300.   Order, *UMG Recording, Inc., et al. v. Doe*, No. 07-cv-11098-NG (D. Mass. June 21, 2007).

301.   Order, *Elektra Entertainment Group, Inc., et al. v. Does 1-4*, No. 1:07-cv-1574 ( BEL) (D. Md. June 22, 2007).

302.   Order, *Motown Record Co., L.P., et al. v. Does 1-15*, No. 3:07-cv-060 (CDL) (M.D. Ga. June 25, 2007).

303.   Order, *UMG Recordings, Inc., et al. v. Does 1-13*, No. 1:07-cv-180 (JM) (D.N.H. June 25, 2007).

304.   Order, *Arista Records LLC, et al. v. Does 1-5*, No. 1:07-cv-179 (JRM) (D.N.H. June 28, 2007).

305.   Order, *Arista Records LLC, et al. v. Does 1-5*, No. 5-07-cv-124 (N.D. Tex. June 28, 2007).

306.   Order, *Interscope Records, et al. v. Does 1-40*, No. 5:07-cv-1008-SDM (M.D. Fl. July5, 2007).

307.   Order, *Loud Records, LLC, et al. v. Does 1-9*, No. 8:07-cv-1289 (RWT) (D. Md. July 13, 2007).

308.   Order, *Sony BMG Music Entertainment, et al. v. Does 1-19*, No. 1:07-cv-534 (GBL) (E.D.Va. July 17, 2007).

309.   Order, *Virgin Records America, Inc., et al. v. Does 1-33*, No. 3:07-cv-235 (TAV) (E.D. Tenn. July 18, 2007).