UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARISTA RECORDS LLC, a Delaware limited liability company; ATLANTIC RECORDING CORPORATION, a Delaware corporation; BMG MUSIC, a New York general partnership; CAPITOL RECORDS, INC., a Delaware corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; LAFACE RECORDS LLC, a Delaware limited liability company; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; and WARNER BROS. RECORDS INC., a Delaware corporation, | Civil Action No.: 1:07-cv-01649-CKK<br><br>PLAINTIFFS' OPPOSITION TO MOTION BY DEFENDANT DOE #3 TO VACATE THE ORDER GRANTING EXPEDITED DISCOVERY, TO DISMISS THE COMPLAINT, TO QUASH THE SUBPOENA, AND TO DISMISS FOR IMPROPER JOINDER |
|        Plaintiffs,<br><br>   v.<br><br>DOES 1 - 19,<br><br>       Defendants. | |

Plaintiffs, through their undersigned counsel, hereby oppose the Motion by Defendant Doe #3 ("Defendant") to Vacate the Order Granting Expedited Discovery, to Dismiss the Complaint, to Quash the Subpoena, and to Dismiss for Improper Joinder ("Motion to Quash").  In support of their Opposition, Plaintiffs state the following.

## INTRODUCTION AND SUMMARY OF ARGUMENT

Defendant asks this Court to dismiss the Complaint in this case, to quash the subpoena, and to vacate its Order allowing Plaintiffs to serve the subpoena on George Washington University (the "University") because (1) the University is not a "Cable Operator" as defined by the Cable Act; (2) Plaintiffs' supposedly failed to comply with the subpoena requirements found in the Digital Millennium Copyright Act ("DMCA"); (3) the Federal Rules of Civil Procedure do not authorize expedited discovery in this case; (4) the information sought by the subpoena is supposedly protected under the Family Educational Rights and Privacy Act ("FERPA"); (5) Plaintiffs have supposedly failed to state a claim on which relief can be granted and allegedly failed to make a *prima facie* showing of copyright infringement; and (6) joinder is supposedly improper in this case. For the reasons more fully set forth below, each of these assertions is without merit.

First, Plaintiffs did not seek a subpoena under either the Cable Act or the DMCA. Plaintiffs here are seeking discovery under Rules 26 and 45.  Thus, Defendant's arguments regarding the propriety of a subpoena under the Cable Act or DMCA are irrelevant.  Second, Defendant assumes the wrong legal standard for expedited discovery under the Federal Rules.  In order to obtain expedited discovery, Plaintiffs need only show good cause.  They clearly have done so here.[1]

---

[1] Attached as Exhibit 1 is a partial list of the hundreds of cases in which courts have found good cause for granting similar discovery requests on nearly identical grounds as those

Third, Defendant's argument that his identifying information is protected under FERPA fails as well. The information sought by the subpoena is "directory information" as defined in the statute and can lawfully be disclosed without the student's consent upon notification to the student which the University has already provided. Moreover, the information can also be disclosed pursuant to a court order. Thus, the subpoena does not seek protected or confidential information.

Additionally, Defendant's challenge to the sufficiency of Plaintiffs' Complaint fails because Plaintiffs have pled (1) ownership of a valid copyright and (2) that Defendant violated one or more of the exclusive rights in 17 U.S.C. § 106 by copying and distributing Plaintiffs' copyrighted works. Moreover, the sufficiency of Plaintiffs' copyright infringement complaint is judged under the liberal pleading standard of Fed. R. Civ. P. 8(a), not by the higher, quasi-summary judgment standard that Defendant advocates. Indeed, hundreds of courts have agreed in similar cases that complaints much like that at issue here are more than sufficient to state a claim for copyright infringement.

Finally, Defendant's argument that joinder is improper in this case also fails. First, any decision on joinder would be premature where, as here, the defendants have not yet been identified or appeared before the Court. Second, Plaintiffs' claims against Defendant share common issues of law and fact and arise out of a common scheme or pattern of behavior by each of the Doe defendants in using the University's network to share files over peer-to-peer ("P2P") networks. Third, joinder imposes the minimum burden on the parties to this litigation and on the Court. Accordingly, Plaintiffs have demonstrated good cause for joining the Doe defendants in this case.

---

presented by Plaintiffs here.

## <u>BACKGROUND</u>

As Plaintiffs discussed in their *Ex Parte* Application for Expedited Discovery ("Discovery Motion"), every month, copyright infringers like Defendant unlawfully distribute billions of perfect digital copies of Plaintiffs' copyrighted sound recordings over P2P networks. *See* Lev Grossman, *It's All Free*, Time, May 5, 2003. As a direct result, Plaintiffs have and continue to sustain substantial financial losses.

P2P users who distribute (upload) and copy (download) copyrighted material violate the copyright laws. *See, e.g., Metro-Goldwyn-Mayer Studios, Inc. v. Grokster Ltd.*, 545 U.S. 913, 918-923 (2005) (noting that users of P2P networks share copyrighted music and video files on an enormous scale, and, as such, even the providers of those networks "concede infringement" by the individual users); *In re Aimster Copyright Litigation*, 334 F.3d 643 (7th Cir. 2003). Despite the clear violation of copyright laws, copyright infringement over P2P networks is widespread because users can conceal their identities.. Thus, copyright owners can often observe infringement occurring on P2P networks but cannot (without assistance from the courts) identify the true names and locations of the infringers.

Defendant is an active participant on the Gnutella P2P network, distributing copyrighted sound recordings stored on his computer to, and downloading copyrighted sound recordings from, the millions of other users of the Gnutella P2P network. Plaintiffs discovered Defendant openly distributing sound recordings whose copyrights are owned by Plaintiffs by logging onto the P2P network and viewing the files that Defendant was distributing to other users. Defendant is a significant infringer who was caught distributing from his computer as many as 1,120 audio files whose copyrights are by and large owned by various of Plaintiffs. (*See* Exhibit A to the Complaint.) In conjunction with the Complaint filed in this case, Plaintiffs listed a sample of the sound recordings that each Doe defendant

3

was distributing without authorization.  (*See id.*)

> As previously discussed in the Linares Declaration filed with the original Discovery Motion, upon finding Defendant distributing large numbers of copyrighted works, Plaintiffs gathered substantial evidence of Defendant's illegal conduct.  Plaintiffs could not ascertain Defendant's name, address, or any other contact information, but they could identify the Internet Protocol ("IP") addresses from which Defendant was unlawfully distributing Plaintiffs' copyrighted works.  *See* Linares Decl. ¶ 18.  Using the IP addresses, Plaintiffs determined that Defendant was using the University's internet service to distribute copyrighted works unlawfully.  *Id.*  The University maintains logs that match IP addresses with their users' computer hardware.  *Id.* ¶ 12.  Thus, the University can match the IP addresses, dates, and times with the computers that were using the IP addresses when Plaintiffs observed the infringement by looking at its IP address logs.  And, the University can match the computers with individuals who were responsible for them on the University network.  As such, the University—and only the University—can identify Defendant in this case.

## ARGUMENT

### I.    THE EXPEDITED DISCOVERY SOUGHT BY PLAINTIFFS IS EXPRESSLY AUTHORIZED BY THE FEDERAL RULES AND THE CASE LAW INTERPRETING THE COURT'S AUTHORITY TO CONTROL DISCOVERY.

> Defendant's Motion offers four independent reasons in support of his argument that the discovery order should be set aside, and the subpoena quashed: (1) the University is not a Cable Operator as defined by the Cable Act; (2) the DMCA does not provide authority; (3) the Federal Rules of Civil Procedure do not permit subpoenas in such circumstances; and (4) the subpoena is overbroad and will result in improper disclosure of confidential student

#1295219 v1

information.  For the following reasons, each of these arguments fails.

### A.    The DMCA Does Not Apply Here.

Section 512(h) of the DMCA applies only when a plaintiff seeks information *under the DMCA* and has no application when a plaintiff seeks information under a Rule 45 subpoena, as Plaintiffs have done here.  The procedural framework for DMCA subpoenas is distinct from the current procedural context.  Plaintiffs here are acting pursuant to Rule 45 which indisputably allows for the issuance of a subpoena to an ISP to obtain evidence regarding the identities of the Doe defendants.  *See Recording Indus. Ass'n of Am. v. Univ. of N.C. at Chapel Hill*, 367 F. Supp. 2d 945, 958 (M.D.N.C. 2005); *see also Arista Records LLC v. Does 1-11*, No. CIV-07-568-R (W.D. Okla. Nov. 14, 2007) ("A DMCA subpoena is a pre-litigation subpoena which is not used when the litigation preexists the subpoena.") (attached as Ex. 2).  Quite simply, Plaintiffs need not comply with the DMCA's subpoena requirements because Plaintiffs are not seeking a subpoena under the DMCA.  Notably, Defendant does not and cannot cite any language from the DMCA that states that the DMCA abrogates the Federal Rules of Civil Procedure.

Defendant's reliance on *Interscope Records, et al. v. Does 1*-7, 494 F. Supp. 2d 388 (E.D. Va. 2007) is misplaced for two reasons.  First, Plaintiffs respectfully submit that that decision was decided based on an erroneous reading of the basis for the plaintiffs' request for expedited discovery in that case.  For that reason, plaintiffs in that case have moved for reconsideration and believe that it will be granted.  Second, Defendant conveniently ignores the hundreds of similar cases filed across the country in which various courts have allowed similarly-situated plaintiffs to obtain precisely the discovery that Plaintiffs seek here by issuing a Rule 45 subpoena, as Plaintiffs have done here.  *See*, *e.g.*, Ex. 1.  Accordingly, the DMCA does not apply here and does not serve as a basis for quashing Plaintiffs' subpoena.

5

## B.  <u>The Cable Act Does Not Apply Here.</u>

Defendant's assertions regarding the Cable Act are likewise irrelevant, because Plaintiffs are not proceeding under the Cable Act.  To the contrary, Plaintiffs are proceeding pursuant to Rules 26 and 45, which expressly authorize the issuance of the requested subpoena in cases like this one.

In past cases, several cable internet service providers ("ISPs") expressed concern about their obligations under Section 551(c)(2)(B) of the Cable Act and refused to disclose subscriber information without a court order expressly authorizing them to produce the requested information pursuant to the Cable Act.  Thus, in prior cases in which these and similarly-situated plaintiffs sought discovery from ISPs, plaintiffs sought to avoid objections from those ISPs by requesting that the courts consider the Cable Act in issuing their discovery orders.  In those cases, plaintiffs were not suggesting that the Cable Act authorized their request for discovery.  Rather, plaintiffs were merely seeking to avoid a common objection or concern that they had heard from cable ISPs.

The order issued by the court in *Interscope Records, et al. v. Does 1-7*, 494 F. Supp. 2d 388 (E.D. Va. 2007), in which the Court found that the Cable Act did not authorize the expedited discovery that plaintiffs sought in that case, was the result of a similar request to consider the Cable Act.  Because the plaintiffs in that case were solely trying to avoid a potential objection from the ISP at issue and were not implying that the Cable Act somehow authorized or controlled the expedited discovery that they were seeking, the plaintiffs in that case have moved the court to reconsider its order denying the plaintiffs' request for expedited discovery.  That request is currently under consideration.

Because the University is not a cable ISP, Plaintiffs made no such request in this case.  Accordingly, Plaintiffs respectfully submit that the Cable Act is not applicable to Plaintiffs'

request for expedited discovery and should not serve as a basis for quashing the subpoena.

**C.** **Plaintiffs Have Met The Standard for Granting Expedited Discovery Pursuant to the Federal Rules of Civil Procedure**.

As the standards set forth in Fed. R. Civ. P. 45(c)(3)(A) make clear, a motion to quash a Rule 45 subpoena is not the place for contesting the merits of the underlying action. If it were, a full-blown trial would be required every time a party sought to resist such discovery. Defendant will have ample opportunity to respond to the merits of the Complaint and to raise appropriate defenses once he/she is identified and served. To permit Defendant to resist discovery by arguing his/her view of the merits at this stage, before Plaintiffs even know who he/she is, or have taken any discovery, would prohibit Plaintiffs from ever being able to vindicate their legal rights.

Acknowledging this premise, courts do not apply a standard that reviews the merits or sufficiency of a plaintiff's complaint in deciding whether to grant orders for expedited discovery in circumstances like those presented here. Rather, courts apply a flexible good cause standard in determining whether expedited discovery should be allowed. For instance, in a recent case involving nearly identical claims and a nearly identical request for expedited discovery by similarly-situated plaintiffs, the court in *Interscope Records v. Does 1-14*, No. 5:07-4107-RDR, 2007 U.S. Dist. LEXIS 73627, *3 (D. Kan. Oct. 1, 2007) allowed plaintiffs to serve a Rule 45 subpoena on the University of Kansas, holding that Fed. R. Civ. P. 26(d) "allows a court to order expedited discovery *upon a showing of good cause*," and that "[g]ood cause can exist in cases involving claims of infringement and unfair competition." (emphasis added). Likewise, the court in *Energetics Sys. Corp. v. Advanced Cerametrics*, No. 95-7956, 1996 U.S. Dist. LEXIS 2830, *5-6 (E.D. Pa. March 8, 1996) permitted expedited discovery, noting that the good cause standard for expedited discovery is satisfied

7

where the moving party had asserted claims of infringement.

As this Court has already found in this case, Plaintiffs' *ex parte* request for expedited discovery is reasonable under the good cause standard in light of (1) the allegations of Plaintiffs' Complaint; (2) the harm to Plaintiffs of having Defendant infringe hundreds, if not thousands, of Plaintiffs' copyrighted works; (3) Plaintiffs' inability to pursue their claims against Defendant absent expedited discovery; (4) the opportunity that Defendant will have to defend against Plaintiffs' claims at the appropriate time; (5) the low burden on the University of complying with the discovery order; and (6) the limited nature of the information requested. Plaintiffs' subpoena is narrowly-tailored to request only enough information to allow Plaintiffs to identify the Doe defendants and allow Plaintiffs to proceed with their claims, and Plaintiffs have agreed to limit the use of that information to the enforcement of their rights under the Copyright Act. Moreover, the *only* entity that can identify Defendant is the University.

In response to the foregoing, and unable to challenge the subpoena under any proper standard, Defendant misconstrues the nature of Plaintiffs' claims, attempts to add unnecessary elements to Plaintiffs' claims, and makes numerous unsupported arguments regarding the sufficiency of Plaintiffs' Complaint. Each of these arguments lacks merit.

First, Defendant claims that the subpoena should be quashed because Plaintiffs have allegedly failed to provide sufficient evidence to make out a *prima facie* claim of copyright infringement against Defendant. This argument fails because it does not apply the correct standard for granting *ex parte* motions for expedited discovery in this context. Simply stated, Plaintiffs need not prove their case at this stage of the proceedings. Rather, they need only show good cause for the expedited discovery requested, which they have done.

8

Notwithstanding Defendant's arguments to the contrary, as discussed in greater detail below, Plaintiffs have met their pleading requirements under Fed. R. Civ. P. 8(a), have properly stated a claim for copyright infringement and have provided factual allegations and supporting evidence sufficient to make out a *prima facie* claim for copyright infringement against the Doe defendants.

The cases cited by Defendant either do not compel a different result or directly support Plaintiffs' position. For instance, in *Sony Music Entertainment, Inc. v. Does 1-40*, 326 F. Supp. 2d at 565, a case very similar to this one, the Court denied the defendants' motion to quash the subpoena. The court held that the plaintiff copyright owners were entitled to expedited discovery and stated that plaintiffs, on the basis of allegations and declarations very similar to those submitted in the case at hand, had "made a concrete showing of a prima facie claim of copyright infringement."[2]

Second, Defendant contends "that the method of identification" of the Doe defendants by their IP addresses described in the Linares Declaration "is not at all reliable" and that "[a]ny, or all, of the GWU Does could have been the target of an individual pirating the ISP." (Motion, p. 12) In support of this argument, Defendant relies on the Declaration of Thomas J. Swanton ("Swanton Declaration"), which explains nothing more than that an unsecured wireless network or malicious code <u>could</u> present an opportunity for a third party to "inject a

---

[2] Similarly, in *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573 (N.D. Cal. 1999), the court denied a motion to dismiss and found that plaintiffs' complaint sufficiently stated a claim for copyright infringement. Defendant's reliance on *Doe v. 2themart.com Inc.*, 140 F. Supp. 2d 1088, 1091-1092 (W.D. Wash. 2001) is also misplaced. That case dealt with whether the First Amendment right to anonymous speech applies to communications by persons utilizing Internet message boards. This case does not involve such facts, and in any event, Defendant does not raise this issue and it is not otherwise applicable here. *See, e.g., Sony Music Entmt.*, 326 F. Supp. 2d at 564 ("[A] person who engages in P2P file sharing is not engaging in true expression . . . the individual's real purpose is to obtain music for free").

communication stream behind an individual's ISP account without their knowledge."
(Swanton Decl., ¶ 3.)  Defendant does not, however, argue or provide <u>any</u> evidence that any
of them actually used an unsecured wireless network or were victims of "malicious code."
Indeed, it is obvious from reading Mr. Swanton's declaration that it goes to the merits and
does not speak to the standard set forth above for evaluating an early discovery motion.
Defendant's arguments regarding the accuracy of the Linares Declaration thus amount to no
more than a purely hypothetical supposition regarding what is *possible* given certain
presumed facts, none of which Defendant argues or demonstrates are actually applicable
here.  Accordingly, Defendant's challenge to the Linares Declaration does not provide a valid
basis for quashing the subpoena.

Lastly, Defendant erroneously argues that the cases cited by Plaintiffs in support of
their application provide no authority for expedited subpoena issuance according to Rule 45
without a prayer for preliminary injunctive relief.  This is an incorrect reading of the cases
cited by Plaintiffs, and Defendant's reliance on *Dimension Data North America, Inc. v.
Netstart-1, Inc.*, 226 F.R.D. 528 (E.D.N.C. 2005) and *Qwest Communs. Int'l, Inc. v.
Worldquest Networks, Inc.*, 213 F.R.D. 418 (D. Colo. 2003) for the proposition that Plaintiffs
must first seek a preliminary injunction in order to obtain expedited discovery is misplaced.
The *Qwest* court did not hold, and no other court has held, that expedited discovery is only
permissible if the requesting party first seeks a preliminary injunction.  To the contrary, the
*Qwest* court noted that "a party seeking expedited discovery in advance of a Rule 26(f)
conference has the burden of showing *good cause* for the requested departure from usual
discovery procedure," which is precisely what Plaintiffs argue here.  The court went on to
observe that "[t]he good cause standard *may* be satisfied where a party seeks a preliminary

#1295219 v1

injunction," but the court did not require such action. *Qwest*, 213 F.R.D. at 419.

In sum, Plaintiffs have stated a viable claim for copyright infringement and have provided more than sufficient information to warrant the limited discovery that they seek. Thus, this Court correctly found that Plaintiffs have met the standard for expedited discovery on an *ex parte* basis. Indeed, it was for these reasons that this Court—like the hundreds of other courts across the country that have relied on precisely the same kind of evidence in parallel cases—granted Plaintiffs leave to serve the subpoena seeking Defendant's identifying information. *See* Ex. 1. Defendant may dispute Plaintiffs' evidence and may deny Plaintiffs' claims, but, as courts across the country have recognized, that is not a basis for quashing the subpoena.

### D.      The Subpoena Does Not Seek Protected or Confidential Information.

Finally, Defendant argues that the subpoena should be quashed because FERPA purportedly prohibits disclosure of Defendant's identifying information. This argument fails as a matter of law..

FERPA expressly authorizes the disclosure of a student's "directory information" *without the prior consent of the student*, as long as certain conditions are met. FERPA defines "directory information" as "information contained in an education record of a student that would not generally be considered harmful or an invasion of privacy if disclosed." Such information specifically includes the student's name, address, telephone listing, email address, and other identifying information. *See* 34 C.F.R. § 99.3[3] A school may disclose a student's directory information without the student's prior consent if (1) the school provides

---

[3] *See also* 20 U.S.C. § 1232g(a)(5)(A) ("For the purposes of this section the term 'directory information' relating to a student includes the following:  the student's name, address, telephone listing, [and] date and place of birth . . . .").

an annual notice of the types of information designated as directory information and gives the students notice of the right and manner in which the student can make a written refusal of the designation, 34 C.F.R. § 99.37(a)(1)-(3), or (2) the disclosure is made in compliance with a lawfully-issued subpoena and if the institution makes a "reasonable effort" to notify the student of the subpoena in advance of compliance.  34 C.F.R. § 99.31(a)(9)(i).

Here, the subpoena seeks the names, current and permanent addresses, and telephone numbers for each Doe defendant, and nothing more.[4]  Each of these items is explicitly defined under FERPA as directory information.  20 U.S.C. § 1232g(a)(5)(A). Thus, the University is expressly authorized to disclose the requested information without Doe defendants' consent, as long as the University provides the requisite annual notice or the disclosure is made pursuant to a lawful subpoena and proper notice, which it has done here.  *See* Ex. 2 , p.2 (FERPA "does not prohibit but expressly authorizes disclosure of a student's 'directory information' (name, address, telephone listing, email address, date and place of birth) without the student's prior consent . . . provided annual notice is given to the student . . . or in compliance with a lawfully issued subpoena as long as the school makes a 'reasonable effort' to notify the student of the subpoena in advance of compliance."

And, in any event, FERPA would not prevent the disclosure of the information in response to a Court Order.  *See id*.; *see also* Memorandum Opinion, *Warner Bros. Records Inc., et al. v. Does 1-6*, Civ. Action No. 07-1878 (EGS), p. 4.  (D.D.C. Nov. 26, 2007)

---

[4] Defendant's Motion inaccurately states that the subpoena requests information related to the "Internet usage" of each student, and argues that access to a subscriber's Internet information may reveal such information "social security numbers, credit card information, purchase histories, a road map of the subscribers' Internet activities, and perhaps disclosure of their private email communications."  This argument is entirely baseless as Plaintiffs are seeking no such information.

12

("Though FERPA generally prohibits disclosure of certain records by federally-funded educational institutions, it expressly provides that protected information can be disclosed pursuant to a court order.") (attached hereto as Exhibit 3).

For all of these reasons, FERPA does not bar disclosure of the information sought by the subpoena

## II. THE COMPLAINT STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### A. Defendant's Arguments Have Been Consistently Rejected By Numerous Courts Around the Country, Including Courts In This Circuit.

Defendant next argues that the discovery order should be set aside as Plaintiffs' complaint fails to state a claim upon which relief can be granted.  As an initial matter, numerous courts throughout the United States have rejected the very same arguments that Defendant is making here.  *See*, *e.g.*, Ex. 2 (denying motion to quash based on FERPA, DMCA and failure to state a prima facie case of copyright infringement); *Elektra Entertainment Group, Inc., et al. v. Serrano,* No. 06-CV-5025 (E.D.Pa. May 1, 2007) (denying defendant's motion to dismiss for failure to state a prima facie claim for copyright infringement) (attached as Ex. 4); *Atlantic Recording Corp., et al. v. Does 1-25*, No. 05 Civ. 9111 (LTS) (DFE) (Jan. 4, 2006) (denying motion to quash for failure to state a claim and motion to sever for improper joinder) (attached as Ex. 5); *Priority Records, LLC, et al. v. Does 1-102*, No. 1:04-cv-3157-WSD (N.D.Ga. July 15, 2005) (denying motion to quash based on insufficient factual showing to warrant discovery, lack of personal jurisdiction, and denial of allegations in Complaint) (attached as Ex. 6).

Plaintiffs respectfully request that this Court follow these decisions and reject Defendant's Motion to Dismiss.

13

**B.      Plaintiffs' Complaint Complies with the Liberal Notice Pleading Requirements of Rule 8.**

To state a claim for copyright infringement, Plaintiffs must only allege: (1) that they own valid copyrights and (2) that Defendant violated one or more of the exclusive rights set forth in 17 U.S.C. § 106 by, for example, copying or distributing Plaintiffs' copyrighted works.  *See Feist Pub., Inc. v. Rural Tel. Serv. Co., Inc*., 499 U.S. 340, 361 (1991); 4 M. & D. NIMMER, NIMMER ON COPYRIGHT § 13.01, at 13-5 & n.4 (2005).  Moreover, Rule 8(a) requires, in pertinent part, that Plaintiffs' Complaint include:

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends. . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Plaintiffs have properly pled their claims under Rule 8.  Specifically, Plaintiffs have alleged that they own valid copyrights in the sound recordings identified in Exhibit A of the Complaint, which are the recordings at issue, and that they have properly registered their copyrights in each of those sound recordings.  (Complaint ¶ 18.)  Indeed, Defendant does not refute these allegations.  Plaintiffs have further alleged that each of the Doe defendants have used and continue to use an online media distribution system to download (copy) and distribute the sound recordings at issue, in violation of Plaintiffs' copyrights and exclusive rights under the Copyright Act.  (*Id.* ¶ 22.)  These allegations are well supported on the face of the Complaint, which alleges massive infringement by each of the Doe defendants.  (*See id.* ¶ 20.)  Moreover, in support of their allegations, Plaintiffs have attached to the Complaint a partial list of the thousands of copyrighted audio files that Defendant had in his "shared folder," which files Defendant was unlawfully distributing to millions of users without

14

authorization.  (*See* Ex. A, Complaint.)

Such allegations suffice to establish a copyright claim because they establish Plaintiffs' ownership of valid copyrights in clearly specified works and because they expressly state the acts by which copyright infringement took place and that such infringement was continuous.  *See Sony Music Entmt.*, 326 F. Supp. 2d at 565-66 (allegations that each defendant "used and continues to use an online media distribution system to download, distribute to the public, and/or make available for distribution to others certain of the copyrighted recordings in Exhibit A to the complaint" held sufficient to adequately plead defendants' infringement of plaintiffs' licenses and copyrights) (citation, internal quotation marks omitted); *Elektra Entertainment Group, Inc., et al. v. Santangelo*, No. 05 Civ. 2414 (CM) 2005 U.S. Dist. LEXIS 30388 (S.D.N.Y. Nov. 28, 2005) (denying the defendants' motion to dismiss, finding that nearly identical complaint satisfied Rule 8's pleading requirements, as applied to copyright infringement claims.).

Defendant argues that "no actual copyright infringement on the part of individual users of GWU's internet services whose identities are sought has been alleged."  (Motion, p. 16).  This assertion is incorrect.  Plaintiffs' claims for copyright infringement are based on well-supported allegations of copying of Plaintiffs' copyrighted sound recordings by each Doe defendant and distribution of Plaintiffs' copyrighted sound recordings to millions of P2P network users across the world.  (See Complaint, ¶ 19). Uploading and downloading copyrighted works over a P2P network clearly violates federal law and Plaintiffs' exclusive rights under the Copyright Act.  *See BMG Music v. Gonzalez*, 430 F.3d 888 (7th Cir. 2005); *In re Aimster Copyright Litigation*, 334 F.3d 643, 645 (7th Cir. 2003) ("swap[ping] computer files containing popular music . . . infringes copyright"); *A&M Records, Inc. v. Napster, Inc.*,

239 F.3d 1004, 1013-14 (9th Cir. 2001) (Napster users who "download and upload copyrighted music . . . infringe . . .the copyright holders' exclusive rights . . . to reproduction and distribution.") (internal quotation marks, citations omitted). Moreover, Exhibit A to the Complaint provides specific information relating to the date and time of the alleged infringement, as well as the particular P2P network used to carry out the infringement.

Defendant argues that Plaintiffs "failed to allege any of the exclusive rights" under Section 106 of the Copyright Act. (Motion, p. 14). In making this conclusory and unsupported argument, Defendant completely ignores the fact that Plaintiffs allege that Defendant infringed their copyrights in the Copyrighted Recordings by using a P2P network to download (copy) and/or distribute those Recordings to the public. Defendant argues that the right of distribution is not implicated here because the exclusive right of distribution requires an actual dissemination of either copies or phonorecords, not a mere offering. (Motion, p. 15). This is incorrect. Plaintiffs have alleged in their Complaint a violation of their exclusive right of reproduction. Indeed, Plaintiffs have evidence of both actual distribution and making available – both violations of the reproduction right.. *See, e.g., Arista Records LLC, et al. v. Greubel*, 453 F. Supp. 2d 961, 971-972 (N.D. Tex. Sept. 1, 2006); *Interscope Records, Inc. v. v. Duty*, No. 05-CV-3744-PHX-FJM, 2006 U.S. Dist. LEXIS 20214 (D. Ariz. April 14, 2006); *Warner Bros. Records v. Payne*, No. W-06-CA-051, 2006 U.S. Dist. LEXIS 65765 (W.D. Tex. July 17, 2006).[5]

---

[5] Even if the Court were to reach these arguments, they still fail, because (1) the Copyright Act subsumes the unauthorized distribution of electronic files and (2) the language of the Copyright Act, case law, and the actions of the Executive and Legislative Branches demonstrate that making files available on P2P networks without the authorization of the copyright holder violates the exclusive right of distribution. Plaintiffs do not further address these issues at this time given the number of issues already before this Court; however, Plaintiffs are prepared to provide the Court with

Additionally, Defendant contends that he is not liable for distributing the copyrighted sound recordings to millions of people because "[n]othing in the Complaint or any memoranda of law from Plaintiffs alleges that any Doe received a commercial advantage, even if third parties copied their music files from their computers."  (Motion, p. 15.) However, Defendant's articulation of the law is incorrect. It is hornbook law that there is no requirement that a defendant receive a commercial advantage in order to be liable for copyright infringement.  *See* 4 Melville Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 8.15, at 2-8 (2002) ("for profit" language in Copyright Act is "more misleading than accurate" because it is not an element of plaintiff's prima facie case) (citations omitted).[6]

Lastly, Defendant attempts to argue that Plaintiffs' "theory of copyright infringement has been consistently rejected by a range of circuit and district court decisions."  (Motion, p. 16.)  The cases cited by Defendant in support of this argument either support Plaintiffs' claims or are inapposite because they were decided on the unique and distinguishable facts before those courts.  *Arista Records, Inc. v. MP3Board, Inc*., No. 00-cv-4660 (SHS), 2002 U.S. Dist. LEXIS 16165 (S.D.N.Y. Aug. 29, 2002) supports Plaintiffs' position because the court there found the plaintiffs' allegations sufficient to survive summary judgment and allowed the case to proceed.  *Obolensky v. G.P. Putnam's Sons*, 628 F. Supp. 1552, 1554

---

supplemental briefing on this issue should the Court so request.

[6] Indeed, Section 106 of the Copyright Act, 17 U.S.C. § 101, et seq., which sets forth the rights that a copyright holder may enforce, "contains no 'for profit' requirement."  *LaSalle Music Publrs., Inc. v. Highfill*, 831 F.2d 300 (8th Cir. 1987) ("Title 17 U.S.C. § 106 sets forth the rights that a copyright holder may enforce" and does not contain a "for profit" requirement); *see also Swallow Turn Music v. Wilson*, 831 F. Supp. 575, 578 (E.D. Tex. 1993) (the "Copyright Act does not require that the [infringement] be 'for profit' for liability to attach.").

(S.D.N.Y. 1986) and *National Car Rental Sys., Inc. v. Computer Assocs. Int'l, Inc*., 991 F.2d

426, 434 (8th Cir. 1993) are distinguishable because there were no allegations of copying or

distribution of the copyrighted material as there are here.  Indeed, in *National Car Rental*,

991 F.2d at 429-30, the copyright holder sought relief under a licensing agreement, not the

Copyright Act.  The final case cited by Defendant, *Paramount Pictures Corp. v. Labus*, 16

U.S.P.Q.2d (BNA) 1142 (W.D. Wis. 1990), supports Plaintiffs' claims in this case because

the court granted summary judgment to the plaintiffs for the defendant's distribution of

copyrighted movies to the plaintiffs' agent, among others.  Here, Plaintiffs have alleged, and

produced competent evidence, that each of the Doe defendants in this case distributed various

of Plaintiffs' copyrighted sound recordings directly to Plaintiffs' agent and others.  (*See*

Complaint, Ex. A.)

      Defendant's reliance on *Interscope Records v. Rodriguez*, No. 5:07-cv-00298-BR,

2007 WL 2408484 (S.D. Cal. Oct. 16, 2007), in which a court in California denied the

plaintiffs' request for default judgment, (Supp. Br., p. 6), is equally misplaced.  *Interscope*

involved a request for *default judgment*, and the court's decision, which was *sua sponte* and

made without the benefit of briefing on the issue by the plaintiffs in the case, was based, in

part, on "the strong policy . . . favoring decisions on the merits."  *Interscope v. Rodriguez*,

2007 WL 2408484, *1.  That same policy favors allowing Plaintiffs' claims to proceed here.

Plaintiffs respectfully submit that *Interscope Records* was anomalous and was wrongly

decided

      Moreover, by relying on *Interscope v. Rodriguez*, Defendant ignores a recent case in

Minnesota in which similarly-situated plaintiffs won a $222,000 jury verdict against an

infringer on a nearly identical "theory" of copyright infringement.  *See* Judgment, *Virgin*

18

*Records America, et al. v. Thomas*, Case 0:06-cv-01497-MJD-RLE (D. Minn. Oct. 5, 2007) (attached as Ex. 7). Defendant also conveniently ignores the literally hundreds of cases in which complaints nearly identical to the one at issue have been directly and indirectly approved by courts across the country. The fact is courts across the country have granted motions for leave to take expedited discovery in hundreds of parallel cases across the country. *See* Exhibit 1. Numerous courts have also considered motions to dismiss substantially identical allegations against other defendants in similar copyright cases, and every one has determined that the plaintiffs' allegations satisfy Rule 8.[7] In light of the plethora of cases in which similarly-situated plaintiffs' claims for copyright infringement were explicitly approved in a variety of contexts, Defendant's argument that Plaintiffs have failed to state a claim for copyright infringement rings hollow.[8]

　　For all of these reasons, Plaintiffs have stated a claim for copyright infringement, and

_____

[7] In addition to many unpublished decisions, the following decisions are available on Lexis and Westlaw: *Elektra Entm't Group, Inc. v. Crawford*, 226 F.R.D. 388, 390 (C.D. Cal. 2005); *Elektra Entertainment Group, Inc. v. Santangelo*, 2005 U.S. Dist. LEXIS 30388 (in rejecting a motion to dismiss, finding that Plaintiffs' Complaint satisfied Rule 8's pleading requirements, as applied to copyright infringement claims); *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d at 565 (in rejecting a similar motion to quash the Court noted that "Plaintiffs have made a concrete showing of a *prima facie* claim of copyright infringement"); *Arista Records LLC v. Gruebel*, 453 F.Supp 2d 961 (N.D. Tex. 2006); *Duty*, 2006 U.S. Dist. LEXIS 20214; *Maverick Recording Co. v. Goldshetyen*, No. CV-05-4523 (DGT), 2006 U.S. Dist. LEXIS 52422 (E.D.N.Y. July 31, 2006); *Payne*, 2006 U.S. Dist. LEXIS 65765.

[8] Defendant also suggests that because Exhibit A to the Complaint contains repeat instances of the same IP address that this somehow undermines the validity of Plaintiffs Complaint. This is not so. Plaintiffs' investigators occasionally detect the same IP address engaging in copyright infringement at different dates and times. When this occurs, it is often the case that different Doe defendants are later identified by their ISP as being the same person. Thus, it is quite possible that does 1 and 2 are the same individual, while does 14-18 are also the same person. However, this cannot be confirmed until the ISP confirms the identity of the person(s) to whom the IP address was assigned at each particular date and time.

Defendant's motion should be denied.

## III.    PLAINTIFFS' INFRINGEMENT CLAIMS AGAINST DEFENDANTS ARE PROPERLY JOINED.

Defendant claims that this case does not meet the requirements for permissive joinder under Fed. R.Civ. P. 20.  Plaintiffs respectfully submit that they have satisfied the Federal Rules' liberal standards for joinder in this case and that good cause exists to permit joinder here.  Furthermore, a Doe lawsuit like this one increases efficiency and imposes a minimum burden on the judicial system and all parties involved, including the remaining defendants in this case.

### A.    Any Decision On Joinder Would Be Premature Here.

Plaintiffs respectfully submit that a decision on joinder is premature before the Doe defendants' true identities have been identified and formal service has been effected.  As most of the courts that have considered this question have agreed, issues of joinder can and should properly be considered after all parties are before the Court.  *See Loud Records, LLC, et al. v. Does 1-251*, No. C-05-1202-WHA (N.D. Cal. April 18, 2005) (J. Alsup) (allowing case to proceed as filed after requesting supplemental briefing on the propriety of joinder); *Sony Music Entertainment v. Does 1-40,* 326 F. Supp. 2d at 567-68; *Motown Record Co., L.P. v. Does 1-252*, Civil Action File No. 1:04-CV-439-WBH (N.D. Ga. March 1, 2004 ); *UMG Recordings v. Does 1-199,* 1:04-CV-0931 (D.D.C. Mar. 10, 2004) ("[i]t is clear to the Court that Defendants must be identified before this suit can progress further" and ruling that it is "premature" to consider joinder); *Priority Records LLC, et al. v. Does 1-8,* Case No. C-04-1136 SC (N.D. Cal. July 13, 2004) (rejecting arguments that joinder was improper and granting Motion for Leave to Take Immediate Discovery as to all Doe Defendants).  Accordingly, the question of joinder is indisputably best left until Plaintiffs have identified

20

the Doe defendants and can make a more informed decision as to whether to proceed against

them individually.

**B.      Even If The Issue Of Joinder Were Ripe, Joinder Is Proper In This Case.**

Even if the issue of joinder were ripe, Defendant's argument still fails because joinder

was, and is, proper in this case.  Joinder is appropriate where 1) there is any issue of law or

fact common to all parties in the action and 2) there is asserted against them any right to

relief arising out of the same transaction or occurrence or *series* of transactions or

occurrences.  Fed. R. Civ. P. 20(a); *League to Save Lake Tahoe v. Tahoe Re'l Planning*

*Agency*, 558 F.2d 914, 917 (9th Cir. 1977).  As the Supreme Court has explained, the terms

"transaction" and "occurrence" are "word[s] of flexible meaning.  *Moore v. New York Cotton*

*Exch.*, 270 U.S. 593, 610 (1926).  Joinder may comprehend a series of many occurrences,

depending not so much upon the immediateness of their connection as upon their logical

relationship."  *Id.*

The Federal Rules direct "the broadest possible scope of action consistent with

fairness to the parties [because] joinder of claims, parties and remedies is strongly

encouraged."  *United Mine Workers of Am. V. Gibbs,* 383 U.S. 715, 724 (1966).  The rule

"regarding permissive joinder is to be construed liberally in order to promote trial

convenience and to expedite the final determination of disputes, thereby preventing multiple

lawsuits."  *League to Save Lake Tahoe*, 558 F.2d at 917.  Joinder of appropriate parties is

encouraged to address common issues in a single action.  *Roe v. City of New York,* 151 F.

Supp. 2d 495, 509 (S.D.N.Y. 2001).

To establish the propriety of permissive joinder of defendants, "[a]ll that a plaintiff

must show is that there is some systematic pattern or logical relationship connecting the

21

tortious conduct of each defendant." *Stone Age Foods, Inc. v. Exchange Bank*, 1997 WL

123248, at *2 (N.D. Cal. Mar. 4, 1997) (citing *Mosley v. General Motors Corp.*, 497 F.2d

1330, 1333 (8th Cir. 1974)); 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane,

*Federal Practice & Procedure* 3d § 1653, at 410 (2003) (Rule 20 ensures that "all reasonably

related claims for relief by or against different parties" may be joined).  Importantly, "[t]he

second prong of that test does not require precise congruence of all factual and legal issues;

indeed, joinder may be permissible if there is but one question of law or fact common to the

parties." *Morris v. Paul Revere Ins. Group*, 986 F. Supp. 872, 885 (D.N.J. 1997) (internal

citations omitted).

Plaintiffs have satisfied both of Rule 20's requirements here.  First, this action

undoubtedly involves common questions of fact and copyright law, because Plaintiffs have

alleged that all of the Doe defendants have illegally downloaded and distributed copyrighted

works over a P2P network, in violation of copyright law, and because all of the Doe

defendants used the University's ISP service in connection with these activities.  Indeed,

different Doe defendants are often identified by their ISPs as being the same person.  (*See* n.

6, *supra*). Plaintiffs note that several other districts have consolidated actions involving Doe

defendant infringers before a single judge, recognizing that many of the legal and factual

issues are common.  *See* Exhibit 3 (listing cases where discovery granted without severance).

Second, Plaintiffs' claims against the Doe defendants arise out of a logically related

series of transactions or occurrences.  *See Stone Age Foods,* 1997 WL 123248 at *2.

Specifically, Plaintiffs' claims against each Doe defendant are linked by a common ISP and

by their use of a P2P network to commit the exact same violation of law in exactly the same

way.  The Doe defendants are active participants in what can only be described as an on-line

music swap meet, unlawfully copying copyrighted works from other users—including other defendants in this case—and distributing such works to other users. Defendants and others have participated in a common scheme or pattern of behavior, without which no individual Defendant would have been able to commit much (if any) of the infringing activity that underlies Plaintiffs' Complaint. It is this concerted action by the Doe defendants and others that allows the distribution of billions of digital copies of Plaintiffs' copyrighted sound recordings. Defendants' concerted actions as users of the University's P2P network provide the "logical relationship" and the "allegation of common action or communication between the Does" (Motion, p. 19), required for joinder

In sum, the case at hand involves common questions of fact and copyright law (the illegal copying and distribution of copyrighted sound recordings). Furthermore, at this stage of the proceedings, the factual and legal issues regarding Plaintiffs' subpoena to the University are exactly the same for each Defendant. On the same facts, the great majority of courts around the country that have addressed these issues, including this one, have found joinder to be appropriate here. *See*, *e.g.*, Order, *Warner Bros. Records, Inc., et al. v. Does 1-11*, No. 8:07-cv-00625-SCB-TGW (M.D. Fla. April 16, 2007); *see also* Exhibit 3 (list of cases where discovery was granted without severance). Notably, Defendant disregards that fact in his brief, choosing instead to cite to the few cases that have split with the majority, including a case in Florida from 2004 that involved an entirely different set of facts and allegations in support of joinder.

**C.    Joining The Defendants In One Doe Action Imposes A Minimum Burden On All Parties Involved And Promotes Trial Efficiency.**

Finally, Plaintiffs note that Doe lawsuits such as this one serve the goals of efficiency and judicial economy. In pursuing a nationwide enforcement program against massive

copyright infringement, Plaintiffs must balance the need to stop the infringement as quickly as possible with the most efficient manner in which to enforce their rights. To this end, Plaintiffs generally accumulate multiple instances of infringement involving individuals sharing the same ISP before filing a Doe lawsuit.

Doe lawsuits like this one permit a threshold issue identical to all of the suits of this nature – discovery from a particular ISP – to be litigated in a single case, rather than hundreds of times in hundreds of different cases. Bringing suit in this manner is far more efficient for the Court and all parties involved than bringing hundreds of cases before multiple judges, where all of the cases involve the same threshold issue and many common issues of fact and law (including, but not limited to, the underlying standards for infringement, the operation of P2P networks, and the ISP's network). In a Doe case such as this one, the Court receives only one case involving multiple subscribers of the same ISP and can decide the identical threshold issue, including any motions to quash by the ISP or by its subscribers, only once.

There is no threat of disclosure of confidential information to other defendants because, as noted above, the information being sought at this stage of the litigation is not confidential or protected by federal statute. Moreover, since each Defendant is afforded the opportunity to move to quash the subpoena with respect to disclosure of his or her name, joining the Doe defendants does not result in any prejudice to the defendants. Defendant's arguments that the Does are or will be prejudiced by litigating their cases in a single action are theoretical at best. Similarly, because the Court authorized the discovery that Plaintiffs have requested, the University has received only one subpoena, rather than dozens issued on different dates from different cases. The federal courts, including this one, have regularly

granted Plaintiffs' motions for discovery in such cases, thereby lessening the burden on all concerned. *See* Ex. 1.

## IV.    CONCLUSION.

For the above reasons, Plaintiffs ask the Court to deny Defendant's Motion in its entirety.

Respectfully submitted,

Dated:    December 6, 2007

/s/ Matthew J. Oppenheim
Matthew J. Oppenheim (D.C. Bar No. 44369
The Oppenheim Group
7304 River Falls Drive
Potomac, MD  20854
(301) 299-4986

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 29th day of November 2007, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

> Lawrence Harbin
> McIntyre, Harbin & King, LLP
> 500 Ninth Street SE
> Washington, DC  20003
> lharbin@mhk-law.com
>
> Attorney for Defendant Doe #3

And I hereby certify that I will serve a true and correct copy of the foregoing document by e-mail to the following:

> Thomas B. Smith
> Associate General Counsel – Litigation
> The George Washington University
> 2100 Pennsylvania Avenue, NW
> Washington, DC  20052
> tbsmith@gwu.edu
>
> Stephen E. Robertson
> Robertson, Medlin & Blocker, PLLC
> 125 South Elm Street, Suite 100
> Greensboro, NC  27401
> srobertson@robertsonmedlin.com
> Attorney for Defendant Doe #3

*/s/ Matthew J. Oppenheim.*
MATTHEW J. OPPENHEIM.

#1295219 v1

# Exhibit 1

1. Order, *Capitol Records, Inc., et al. v. John Does 1-250*, No. 04 CV 472 (LAK) (S.D.N.Y. Jan 27, 2004)

2. Order, *Sony Music Entm't, Inc., et al. v. John Does 1-40*, No. 04 Civ. 473 (DC) (S.D.N.Y. Feb. 3, 2004)

3. Order, *Warner Bros. Records Inc., et al. v. John Does 1-43*, No. 1:04-cv-00476-JES (S.D.N.Y. Feb. 10, 2004) (ruling from the bench - no Order)

4. Order, *Elektra Entm't Group, Inc., et al. v. Does 1-7*, Civ. Action No. 04-607 (GFB) (D.N.J. Feb. 17, 2004)

5. Order, *Motown Record Co., L.P., et al. v. Does 1-252*, No. 1:04-CV-439-WBH (N.D. Ga. Mar. 1, 2004)

6. Order, *Virgin Records Am., Inc., et al. v. Does 1-44*, Civ. Action No. 1:04-CV-438-CC (N.D. Ga. Mar. 3, 2004)

7. Order, *BMG Music., et al. v. Does 1-203*, Civ. Action No. 04-650 (E.D. Pa. Mar. 5, 2004) (Court severed case and granted motion for leave to serve discovery on non-severed Doe Defendant 1)

8. Memorandum Opinion and Order, *UMG Recordings, Inc., et al. v. John Does 1-199*, Civ. Action No. 04-0093 (CKK) (D.D.C. Mar. 10, 2004)

9. Order, *Elektra Entm't Group, Inc., et al. v. Does 1-9*, Civ. Action No. 04-CIV-2289 RWS (S.D.N.Y. Mar. 23, 2004)

10. Order, *Interscope Records, et al. v. Does 1-5*, Cause No. 1:04-CV-0542-DFH-TAB (S.D. Ind. Mar. 25, 2004)

11. Order, *Interscope Records, et al. v. Does 1-4*, CV-04-131 TUC-JM (D. Ariz. Mar. 25, 2004)

12. Order, *Interscope Records, et al. v. Does 1-7*, No. 3-04-0240 (M.D. Tenn. Mar. 29, 2004)

13. Order, *Warner Bros. Records Inc., et al. v. Does 1-4*, Case No. CV 04-1960 (TJH) (C.D. Cal. Mar. 30, 2004)

14. Order, *Capitol Records, Inc., et al. v. Does 1-2*, Case No. CV 04-1961 (RGK) (C.D. Cal. Mar. 30, 2004)

15.  Order, *Arista Records, Inc., et al. v. Does 1-143*, Case No. 4:04CV93 (E.D. Tex. Mar. 30, 2004)

16.  Order, *BMG Music, et al. v. Does 1-3*, Civ. Action No. 04-476 (ESH) (D.D.C. Mar. 31, 2004)

17.  Order, *Atlantic Recording Corp., et al. v. Does 1-3*, Civ. Action No. 04-475 (D.D.C. Mar. 31, 2004)

18.  Order, *Priority Records LLC, et al. v. John Doe*, Civ. Action No. 04-CV-0541 (JDT/TAB) (S.D. Ind. Apr. 1, 2004)

19.  Order, *London-Sire Records Inc., et al. v. Does 1-4*, Case No. CV 04-1962 ABC (AJWx) (C.D. Cal. Apr. 2, 2004)

20.  Order, *Fonovisa, Inc., et al. v. Does 1-2*, Case No. 1:04CV317 (E.D. Va. Apr. 2, 2004)

21.  Order, *Atlantic Recording Corp. v. Does 1-13*, Case No. 1:04CV316 (E.D. Va. Apr. 2, 2004)

22.  Order, *Warner Bros. Records Inc., et al. v. Does 1-9*, Case No. 04-71058 (E.D. Mich. Apr. 5, 2004) (Rosen, J.)

23.  Order, *Arista Records, Inc., et al. v. Doe*, Case No. C-04-1134 JL (N.D. Cal. Apr. 5, 2004)

24.  Order, *Fonovisa, Inc., et al. v. Does 1-67*, Civ. Action No. 04-WM-548 (PAC) (D. Colo. Apr. 7, 2004)

25.  Order, *Motown Record Co., L.P., et al. v. Does 1-3*, Civ. Action No. 04-WM-545 (PAC) (D. Colo. Apr. 8, 2004)

26.  Order, *Motown Record Co., L.P., et al. v. Does 1-5*, Civ. Action No. 04-WM-547 (PAC) (D. Colo. Apr. 8, 2004)

27.  Order, *Maverick Recording Co., et al. v. Does 1-12*, Civ. Action No. 04-WM-546 (PAC) (D. Colo. Apr. 8, 2004)

28.  Order, *Virgin Records Am., Inc., et al. v. John Doe*, Civ. No. PJM 04-964 (D. Md. Apr. 19, 2004)

29.  Order, *Sony Music Entm't Inc., et al. v. Does 1-200*, No. 4:04-CV-339 CEJ (E.D. Mo. Apr. 22, 2004)

30.   Order, *Loud Records LLC, et al. v. Does 1-4*, Case No. 04-C-289 (E.D. Wis. Apr. 22, 2004)

31.   Order, *Interscope Records, et al. v. Does 1-3*, Civ. Action Case No. 04-1955 (GFB) (D.N.J. Apr. 28, 2004)

32.   Order, *London-Sire Records Inc., et al. v. Does 1-41*, Civ. Action Case No. 04-1960 (GFB) (D.N.J. Apr. 28, 2004)

33.   Order, *Maverick Recording Co., et al. v. Does 1-4*, Case No. C-04-1135 MMC (N.D. Cal. Apr. 28, 2004)

34.   Order, *Maverick Recording Co., et al. v. Does 1-2*, Case No. 04-CV-149 ML (D.R.I. Apr. 28, 2004)

35.   Order, *Virgin Records Am., Inc., et al. v. Does 1-3*, Civ. Action No. 3-04-cv-701 (JCH) (D. Conn. Apr. 29, 2004)

36.   Order, *Motown Record Co., L.P., et al. v. Does 1-2*, Civ. Action No. 3-04-cv-700 (JCH) (D. Conn. Apr. 29, 2004)

37.   Order, *Warner Bros. Records Inc., et al. v. Does 1-9*, Civ. Action No. 3-04-cv-702 (MRK) (D. Conn. Apr. 29, 2004)

38.   Order, *UMG Recordings, Inc., et al. v. Does 1-2*, Civ. Action No. SA-04-CA-0357-XR (W.D. Tex. Apr. 30, 2004)

39.   Order, *London-Sire Records Inc., et al. v. John Doe*, Civ. Action No. 7:04CV00208, (W.D. Va. May 3, 2004)

40.   Order, *Warner Bros. Records Inc., et al. v. Does 1-35*, No. 2:04-cv-00084-WOB (E.D. Ky. May 4, 2004)

41.   Order, *Sony Music Entm't, Inc., et al. v. Does 1-2*, Civ. No. 04-1758 (DSD/JSM) (D. Minn. May 4, 2004)

42.   Order, *BMG Music, et al. v. Does 1-9*, Case No. 5:04-cv-58 (W.D. Mich. May 6, 2004)

43.   Order, *Capitol Records, Inc., et al. v. Does 1-9*, Civ. Action File No. 1:04-CV-1167 (N.D. Ga. May 6, 2004)

44.   Order, *Interscope Records, et al. v. Does 1-37*, Case No. A-04-CA-237 LY (W.D. Tex. May 6, 2004)

45.   Order, *Lava Records, LLC, et al. v. Does 1-55*, Case No. 1:04CV484 (GBL) (TRJ) (E.D. Va. May 7, 2004)

46. Order, *Loud Records LLC, et al. v. Does 1-5*, No. CV-04-0134-RHW (E.D. Wash. May 10, 2004)

47. Order, *Elektra Entm't Group, Inc., et al. v. Does 1-5*, Civ. Action No. 3:CV-04-940 (M.D. Pa. May 11, 2004)

48. Order, *Priority Records LLC, et al. v. Does 1-3*, No. 4:04-493 CEJ (E.D. Mo. May 11, 2004)

49. Order, *Maverick Recording Co., et al. v. Does 1-10*, No. 4:04-494 CEJ (E.D. Mo. May 11, 2004)

50. Order, *Virgin Records Am., Inc., et al. v. Does 1-9*, Civ. Action No. 04-1239 (E.D. Pa. May 11, 2004)

51. Order, *UMG Recordings, Inc., et al. v. Does 1-2*, No. CV-04-0960 (RSL) (W.D. Wash. May 14, 2004)

52. Order, *Atlantic Recording Corp., et al. v. Does 1-12*, No. Civ 04 –855 PHX JAT (D. Ariz. May 17, 2004)

53. Order, *Arista Records, Inc., et al. v. Does 1-9*, Case No. H:04-1677 (S.D. Tex. May 20, 2004)

54. Order, *Atlantic Recording Corp., et al. v. Does 1-2*, Civ. Action No. 2:04-CV-2175-KHV-DJW (D. Kan. May 21, 2004)

55. Order, *Elektra Entm't Group, Inc., et al. v. Does 1-5*, Civ. Action No. 2:04-CV-2176-KHV-DJW (D. Kan. May 21, 2004)

56. Order, *Maverick Recording Co., et al. v. Does 1-6*, Civ. Action Case No. Civ 04 –2383 MLC (D.N.J. May 24, 2004)

57. Order, *Motown Record Co., L.P., et al. v. Does 1-16*, No. 04C 3019 (N.D. Ill. May 24, 2004)

58. Order, *Arista Records, Inc., et al. v. John Doe*, Cause No. 4:04CV0036AS (N.D. Ind. May 24, 2004)

59. Order, *Virgin Records Am., Inc., et al. v. Does 1-100*, Civ. Action No. 04CIV3931 WHP (S.D.N.Y. May 24, 2004)

60. Order, *Atlantic Recording Corp., et al. v. Does 1-2*, Civ. Action No. 2004 –109 (E.D. Ky. May 26, 2004)

61.    Order, *Warner Bros. Records Inc., et al. v. Does 1-12*, Civ. Action No. 04-WM-1053 (PAC) (D. Colo. May 26, 2004)

62.    Order, *Sony Music Entm't, Inc., et al. v. Does 1-115*, Civ. Action No. 04-WM-1054 (PAC) (D. Colo. May 26, 2004)

63.    Order, *Elektra Entm't Group, Inc., et al. v. Does 1-3*, Case No. CV 04 1051 PHX SRB (D. Ariz. May 28, 2004)

64.    Order, *Interscope Records, et al. v. Does 1-5*, Case No. A-04-CA-310 SS (W.D. Tex. May 31, 2004)

65.    Order, *Priority Records LLC, et al. v. Does 1-32*, Civ. Action No. 04-2231-KHV-DJW (D. Kan. June 3, 2004)

66.    Order, *Elektra Entm't Group, Inc., et al. v. Does 1-11*, Civ. Action No. 04-2230-KHV-DJW (D. Kan. June 3, 2004)

67.    Order, *Capitol Records, Inc., et al. v. Does 1-52*, Civ. Action File No. 1:04-CV-1453-JT (N.D. Ga. June 4, 2004)

68.    Order, *Loud Records LLC, et al. v. Does 1-170*, Civ. Action File No. 1:04-CV-1168 WBH (N.D. Ga. June 14, 2004)

69.    Order, *Priority Records LLC, et al. v. Does 1-9*, Civ. Action File No. 04-1165-MHS (N.D. Ga. June 14, 2004)

70.    Order, *Interscope Records, et al. v. John Doe*, Case No. 6:04-cv-197-Orl-22DAB (M.D. Fla. June 14, 2004) (this order also applies to 23 other cases that the Court severed but consolidated with Case No. 6:04-cv-197-Orl-22DAB for purposes of deciding and granting the motion for leave to serve expedited discovery)

71.    Order, *BMG Music, et al. v. Does 1-4*, Case No. C04-2021 JF (N.D. Cal. June 16, 2004)

72.    Order, *Fonovisa, Inc., et al. v. Does 1-7*, No. C04-961Z (RSL) (W.D. Wash. June 17, 2004)

73.    Order, *Atlantic Recording Corp., et al. v. Does 1-8*, Civ. Action Case No. Civ 04 –2897 MLC (D.N.J. June 22, 2004)

74.    Order, *Loud Records LLC, et al. v. Does 1-213*, No. 4:04-CV-769 CEJ (E.D. Mo. July 1, 2004)

75.    Order, *Sony Music Entm't, Inc., et al. v. Does 1-206*, Civ. Action No. 04-1023 (HHK) (D.D.C. July 2, 2004)

76.   Order, *Priority Records LLC, et al. v. Does 1-8*, Civ. Action No. 04-1136 (N.D. Cal. July 13, 2004)

77.   Order, *Elektra Entm't Group Inc., et al. v. Does 1-5*, Civ. Action No. 04-WM-1287 (PAC) (D. Colo. July 14, 2004)

78.   Order, *Arista Records, Inc., et al. v. Does 1-50*, Civ. Action No. 04-WM-1288 (PAC) (D. Colo. July 14, 2004)

79.   Order, *Sony Music Entm't, Inc., et al. v. Does 1-45*, Civ. Action No, 04-CV-5621 (S.D.N.Y. July 20, 2004)

80.   Order, *Arista Records, Inc., et al. v. Does 1-125*, Civ. Action No. 04-1223 (D.D.C. July 21, 2004)

81.   Order, *Fonovisa, Inc., et al. v. Does 1-25*, Civ. Action No. 04-Civ-5620 (S.D.N.Y. July 22, 2004)

82.   Order, *Virgin Records Am., Inc., et al. v. Does 1-76*, Case No. 4:04cv259 (E.D. Tex. July 26, 2004)

83.   Order, *Capitol Records, Inc., et al. v. Does 1-115*, No. 4:04-CV-916 CEJ (E.D. Mo. July 27, 2004)

84.   Order, *Warner Bros. Records Inc., et al. v. Does 1-90*, Civ. Action No. 04-842 (E.D. Va. July 28, 2004)

85.   Order, *Maverick Recording Co., et al. v. Does 1-5*, No. 2:04-CV-01603-RSL (W.D. Wash. Aug. 2, 2004)

86.   Order, *Sony Music Entm't, Inc., et al. v. Does 1-7*, Case No. 04-71599-DT (E.D. Mich. Aug. 2, 2004)

87.   Order, *London-Sire Records Inc., et al. v. Does 1-25*, Civ. Action No. 1:04cv2100-TWT (N.D. Ga. Aug. 3, 2004)

88.   Order, *London-Sire Records Inc., et al. v. Does 1-12*, Civ. Action No. 04-4059 (GEB) (D.N.J. Aug. 25, 2004)

89.   Order, *Warner Bros. Records Inc., et al. v. John Doe*, Civ. Action No. 04-4074 (GEB) (D.N.J. Aug. 25, 2004)

90.   Order, *Interscope Records, et al. v. Does 1-11*, Case No. 04 C 0625 S (W.D. Wis. Aug. 26, 2004)

91. Order, *BMG Music, et al. v. Does 1-11*, Case No. C 04 03553 BZ (N.D. Cal. Aug. 27, 2004)

92. Order, *Arista Records, Inc., et al. v. Does 1-5*, Civ. Action No. 1:04-CV-1166-RLV (N.D. Ga. Aug. 30, 2004)

93. Order, *London-Sire Records Inc., et al. v. Does 1-175*, Case No. 4:04-CV-1151 CEJ (E.D. Mo. Sept. 2, 2004)

94. Order, *Maverick Recording Co., et al. v. John Doe*, Case No. 4:04-CV-1152 CEJ (E.D. Mo. Sept. 2, 2004)

95. Order, *Warner Bros. Records Inc., et al. v. Does 1-13*, Civ. Action No. 04-WM-1772 (PAC) (D. Colo. Sept. 7, 2004)

96. Order, *Fonovisa, Inc., et al. v. Does 1-150*, Case No. 04 Civ. 3930 (LAK) (S.D.N.Y. Sept. 8, 2004)

97. Order, *UMG Recordings, Inc., et al. v. Doe*, Civ. Action No. 04-1445 (EGS) (D.D.C. Sept. 9, 2004)

98. Order, *Sony Music Entm't v. John Doe*, Case No. 04 C 5600 (N.D. Ill. Sept. 17, 2004)

99. Order, *Priority Records LLC, et al. v. Does 1-7*, Civ. Action No. 1:04-CV-2497-RLV (N.D. Ga. Sept. 22, 2004)

100. Order, *Loud Records LLC, et al. v. Does 1-75*, Case No. 04 CV 6874 (DB) (S.D.N.Y. Sept. 24, 2004)

101. Order, *Capitol Records, Inc., et al. v. Does 1-70*, Civ. Action No. 1:04cv2498-ODE (N.D. Ga. Sept. 27, 2004)

102. Order, *Fonovisa, Inc., et al. v. Does 1-41*, Case No. A-04-CA-550 LY (W.D. Tex. Sept. 28, 2004)

103. Order, *Caroline Records, Inc., et al. v. Does 1-100*, Civ. Action No. 04 Civ 6875 SHS (S.D.N.Y. Sept. 29, 2004)

104. Order, *London-Sire Records Inc., et al. v. Does 1-100*, Case No. 04-cv-7735 (S.D.N.Y. Sept. 30, 2004)

105. Order, *London-Sire Records Inc., et al. v. Does 1-2*, Case No. 04-cv-7738 (S.D.N.Y. Sept. 30, 2004)

106. Order, *Maverick Recording Co., et al. v. Does 1-2*, Case No. 04-cv-7737 (S.D.N.Y. Sept. 30, 2004)

107. Order, *Motown Record Company, L.P., et al. v. John Doe*, Civ. Action No. 04-702-B-M2 (M.D. La. Sept. 30, 2004)

108. Order, *Maverick Recording Co., et al. v. John Doe*, Civ. Action No. 04-4778 WGB (D.N.J. Sept. 30, 2004)

109. Order, *Virgin Records Am., Inc., et al. v. John Doe*, Civ. Action No. 6:04-CV-1140 (DOH/GHL) (N.D.N.Y. Sept. 30, 2004)

110. Order, *Interscope Records, et al. v. John Doe*, Civ. Action No. 04-4231 (E.D.N.Y. Sept. 30, 2004)

111. Order, *Capitol Records, Inc., et al. v. John Doe*, Case No. 3:04 CV-572-S (W.D. Ky. Sept. 30, 2004)

112. Order, *Priority Records LLC, et al. v. Does 1-116*, Civ. Action No. 04-1674 (JR) (D.D.C. Oct. 1, 2004)

113. Order, *BMG Music, et al. v. John Doe*, Civ. Action No. 1:04-cv-1164 (E.D. Va. Oct. 1, 2004)

114. Order, *UMG Recordings, Inc., et al. v. John Doe*, Case No. 1:04-cv-1338 (C.D. Ill. Oct. 4, 2004)

115. Order, *Atlantic Recording Corp., et al. v. Does 1-151*, Case No. A04CA636 SS (W.D. Tex. Oct. 4, 2004)

116. Order, *Motown Record Company, L.P., et al. v. Does 1-50*, Civ. Action No. 04-CV-7736 (WHP) (S.D.N.Y. Oct. 4, 2004)

117. Order, *Warner Bros. Records Inc., et al. v. John Doe*, Civ. Action No. 04-4289 JNE/JGL (D. Minn. Oct. 5, 2004)

118. Order, *Virgin Records Am., Inc., et al. v. John Doe*, Case No. 5:04CV1976 (N.D. Ohio Oct. 5, 2004)

119. Order, *UMG Recordings, Inc., et al. v. Does*, Case No. 3:04-cv-01410-KI (D. Oregon Oct. 5, 2004)

120. Order, *Warner Bros. Records Inc., et al. v. John Doe*, No. C-04-4149 JL (N.D. Cal. Oct. 6, 2004)

121. Order, *UMG Recordings, Inc., et al. v. John Doe*, Case No. 04-8176-RGK (JTLx) (C.D. Cal. Oct 7, 2004)

122.    Order, *Elektra Entm't Group, Inc., et al. v. John Doe*, No. 04-cv-1639 (JBA) (D. Conn. Oct. 8, 2004)

123.    Order, *Warner Bros. Records Inc., et al. v. John Doe*, Civ. Action No. 04-1673 (RMC) (D.D.C. Oct. 12, 2004)

124.    Order, *UMG Recordings, Inc., et al. v. Does 1-3*, Civ. Action No. 5:04CV157 (W.D.N.C. Oct. 12, 2004)

125.    Order, *Elektra Entm't Group, Inc., et al. v. Does 1-115*, Civ. Action No. 04 Civ. 7739 (S.D.N.Y. Oct. 13, 2004)

126.    Order, *Caroline Records, Inc., et al. v. Does 1-100*, Civ. Action No. 04 CV 6875 (SHS) (S.D.N.Y. Oct. 13, 2004) (this Order is a revision of Order #103 to state that disclosure of information is authorized pursuant to the Cable Act)

127.    Order, *Caroline Records, Inc., et al. v. Does 1-55*, Civ. Action File No. 04-cv-2867 (N.D. Ga. Oct. 14, 2004)

128.    Order, *Arista Records, Inc., et al. v. Does 1-100*, Civ. Action File No. 04-cv-2495 (N.D. Ga. Oct. 14, 2004)

129.    Order, *Elektra Entm't Group, Inc., et al. v. Does 1-6*, Civ. Action No. 04-1241 (E.D. Pa. Oct. 14, 2004)

130.    Order, *Capitol Records, Inc., et al. v. Does 1-250*, Civ. Action No. 04 CV 472 (S.D.N.Y. Oct. 15, 2004) (this Order is a revision of Order #1 to state that disclosure of information is ordered pursuant to the Cable Act)

131.    Order, *Capitol Records, Inc., et al. v. John Doe*, Case No. 03 C 6327 (N.D. Ill. Oct. 15, 2004)

132.    Order, *Sony BMG Music Entm't, et al. v. Does 1-3*, Case No. 5:04-cv-165 (W.D. Mich. Oct. 18, 2004)

133.    Order, *Virgin Records Am., Inc., et al. v. John Doe*, Case No. C04-2059M (W.D. Wash. Oct. 19, 2004)

134.    Order, *Warner Bros. Records Inc., et al. v. John Doe*, Civ. Action No. 1:04 CV 1163 (E.D. Va. Oct. 20, 2004)

135.    Order, *Loud Records LLC, et al. v. Does 1-66*, Civ. Action No. 1:04 CV 1162 (E.D. Va. Oct. 22, 2004)

136. Order, *Elektra Entm't Group, Inc., et al. v. Does 1-115*, Civ. Action No. 04CV7739 (KMK) (S.D.N.Y. Oct. 26, 2004)

137. Order, *BMG Music, et al. v. John Doe*, Civ. Action No. 04-CV-1254 (N.D.N.Y. Oct. 28, 2004)

138. Order, *Arista Records LLC, et al. v. John Doe*, Civ. No. 4-04-CV-00587 (S.D. Iowa Oct. 28, 2004)

139. Order, *Virgin Records Am., Inc., et al. v. John Doe*, Civ. No. 4-04-CV-00588 (S.D. Iowa Oct. 28, 2004)

140. Order, *Caroline Records, Inc., et al. v. Does 1-8*, Civ. Action No. 2:04-cv-1042 (S.D. Ohio Oct. 28, 2004)

141. Order, *London-Sire Records Inc., et al. v. Does 1-125*, Civ. Action No. 04-cv-8467 (S.D.N.Y. Oct. 28, 2004)

142. Order, *Atlantic Recording Corp., et al. v. Does 1-25*, Case No. 3:04CV01824 (D. Conn. Oct. 29, 2004)

143. Order, *Warner Bros. Records Inc., et al. v. John Doe*, Civ. Action No. 4:CV 04-2374 (M.D. Pa. Nov. 1, 2004)

144. Order, *Atlantic Recording Corp., et al. v. John Doe*, Case No. 3:04CV7682 (N.D. Ohio Nov. 2, 2004)

145. Order, *Fonovisa, Inc., et al. v. Does 1-76*, Case No. 1:04-CV-2868-WSD (N.D. Ga. Nov. 2, 2004)

146. Order, *Lava Records, LLC, et al. v. Does 1-50*, Case No. 1:04-CV-2496-WSD (N.D. Ga. Nov. 2, 2004)

147. Order, *Sony BMG Music Entm't, et al. v. Does 1-10*, Case No. CV'04 2324 PHX JAT (D. Ariz. Nov. 2, 2004)

148. Order, *BMG Music, et al. v. John Doe*, Case No. 2 04-CV-283 JDT WGH (S.D. Ind. Nov. 2, 2004)

149. Order, *Motown Record Co., L.P., et al. v. Does 1-52*, Case No. C 04 4565 MEJ (N.D. Cal. Nov. 2, 2004)

150. Order, *Capitol Records, Inc., et al. v. John Doe*, Civ. No. 04-4290 JMR/FLN (D. Minn. Nov. 2, 2004)

151. Order, *Loud Records LLC, et al. v. Does 1-50*, Case No. 1:04-CV-06930 (N.D. Ill. Nov. 3, 2004)

152. Order, *Sony BMG Music Entm't, et al. v. Does 1-2*, Civ. Action No. 5:04-CV-1253 (NAM/GHL) (N.D.N.Y. Nov. 5, 2004)

153. Order, *Capitol Records, Inc., et al. v. Does 1-55*, Civ. Action No. 04 CV 8468 (S.D.N.Y. Nov. 9, 2004)

154. Order, *Caroline Records, Inc., et al. v. Does 1-21*, Civ. Action File No. 04 CV 3156 (N.D. Ga. Nov. 12, 2004)

155. Order, *Fonovisa, Inc., et al. v. Does 1-151*, No. 4:04-CV-1488 CEJ (E.D. Mo. Nov. 12, 2004)

156. Order, *Interscope Records, et al. v. Does 1-17*, No. 4:04-CV-1489 CEJ (E.D. Mo. Nov. 12, 2004)

157. Order, *Capitol Records, Inc., et al. v. John Doe*, No. 4:04-cv-90 (E.D. Tenn. Nov. 15, 2004)

158. Order, *Loud Records, LLC, et al. v. Does 1-4*, Civ. Action No. 2:04CV00362BN (S.D. Miss. Nov. 16, 2004)

159. Order, *Interscope Records, et al. v. Does 1-4*, Civ. Action No. 04-5653 (MLC) (D.N.J. Nov. 18, 2004)

160. Order, *Arista Records LLC, et al. v. John Doe*, Civ. Action No. 04-40240-FDS (D. Mass. Nov. 18, 2004)

161. Order, *BMG Music, et al. v. John Doe*, No. 4:04-cv-00637-JEG (S.D. Iowa Nov. 18, 2004)

162. Order, *Caroline Records, Inc., et al. v. Does 1-175*, Civ. Action No. 04-2028 (D.D.C. Nov. 18, 2004)

163. Order, *London-Sire Records Inc., et al. v. Does 1-153*, Civ. Action No. 04-cv-9114 (S.D.N.Y. Nov. 18, 2004)

164. Order, *Fonovisa, Inc., et al. v. Does 1-3*, Civ. Action No. 04-2027 (RBW) (D.D.C. Nov. 19, 2004)

165. Order, *Priority Records LLC, et al. v. Does 1-102*, No. 1:04-cv-3157-WSD (N.D. Ga. Nov. 19, 2004)

166.  Order, *Priority Records LLC, et al. v. Does 1-52*, Case No. 04-4910 FMS (N.D. Cal. Nov. 19, 2004)

167.  Order, *Lava Records, LLC, et al. v. Does 1-39*, Civ. Action No. 04-2366 (W.D. La. Nov. 19, 2004)

168.  Order, *Elektra Entm't Group Inc., et al. v. John Doe*, Civ. Action No. 04-civ-9112 (S.D.N.Y. Nov. 19, 2004)

169.  Order, *Atlantic Recording Corporation, et al., v. Does 1-34*, Civ. Action No. 04-2568-KHV-DJW (D. Kan. Nov. 23, 2004)

170.  *Warner Bros. Records Inc., et al. v. John Doe*, Civ. No. 04-4661(JNE/JGL) (D. Minn. Nov. 23, 2004)

171.  *Virgin Records America, Inc., et al. v. John Doe*, Civ. Action. No. 04-30223-KPN (D. Mass. Nov. 29, 2004)

172.  *Elektra Entm't Group Inc., et al. v. Does 1-2*, Civ. Action No. 1:04-CV-1257 (N.D.N.Y. Nov. 29, 2004)

173.  *BMG Music, et al. v. John Doe*, Civ. Action No. 04-cv-03384-JEC (N.D. Ga. Nov. 29, 2004)

174.  *Arista Records LLC, et al. v. John Doe*, No. C04-04150 RMW (HRL) (N.D. Cal. Nov. 30, 2004)

175.  *London Sire Records Inc., et al. v. Does 1-76*, Civ. Action No. 04-WM-2394 (BNB) (D. Colo. Dec. 3, 2004)

176.  *Loud Records, LLC, et al. v. Does 1-151*, Civ. Action No. 1:04cv1399 (E.D. Va. Dec. 3, 2004)

177.  *Capitol Records, Inc., et al. v. Does 1-2*, Civ. Action No. 1104-cv-2506-JTC (N.D. Ga. Dec. 7, 2004)

178.  *Arista Records LLC, et al. v. Does 1-2*, Civ. Action No. 04-cv-9878(NRB) (S.D.N.Y. Dec. 16, 2004)

179.  *Fonovisa, Inc., et al. v. Does 1-20*, Civ. Action No. 04-cv-9879(VM) (S.D.N.Y. Dec. 16, 2004)

180.  *Motown Record Company, L.P., et al. v. Does 1-95*, Civ. Action No. 04-2179(JR) (D.D.C. Dec. 20, 2004)

181. *Priority Records LLC, et al. v. Does 1-6*, Civ. Action No. 4:CV 04-2721 (M.D. Pa. Dec. 21, 2004)

182. *Atlantic Recording Corporation, et al. v. Does 1-6*, Civ. Action No. 2:04cv755 (E.D. Va. Dec. 23, 2004)

183. *Loud Records, LLC, et al. v. Does 1-116*, No. 4:04-CV-1751 CEJ (E.D. Mo. Dec. 27, 2004)

184. *Elektra Entm't Group Inc., et al. v. Does 1-2*, Civ. Action No. 3:04cv920 (E.D. Va. Dec. 29, 2004)

185. *Sony BMG Music Entm't, et al. v. John Doe*, Civ. Action No. 3:04-CV-108-JTC (N.D. Ga. Jan. 5, 2005)

186. *Caroline Records, Inc., et al. v. Does 1-107*, Civ. Action No. 04-CV-3670 (N.D. Ga. Jan. 6, 2005)

187. *Interscope Records, et al. v. Does 1-12*, No. 1:04-cv-3669-WSD (N.D. Ga. Jan. 6, 2005)

188. *London-Sire Records Inc., et al. v. Does 1-100*, Civ. Action No. 1:04cv1512 (E.D. Va. Jan. 7, 2005)

189. *Atlantic Recording Corp., et al. v. Does 1-86*, Case No. 3:04-CV-2119 (RNC) (Dist. Conn. Jan. 7, 2005)

190. *BMG Music, et al. v. Does 1-4*, Civil Action File No. 3:05-CV-006 (JTC) (N.D. Ga. Jan. 20, 2005)

191. *Arista Records LLC, et al. v. Doe*, Civil Action No. 04-CV-7740 (S.D.N.Y. Jan. 25, 2005)

192. *Elektra Entm't Group Inc., et al. v. Does 1-50*, Civil Action No. 04-CV-6876 (GBD) (S.D.N.Y. Jan. 27, 2005)

193. *Virgin Records America, Inc., et al. v. Does 1-5*, Case No. 2:05-cv-0031SR (S.D. Miss. Jan. 27, 2005)

194. *Warner Bros. Records, Inc., et al. v. John Doe*, Case No. 8:05-CV-169-T-27TGW (M.D. Fla. Jan. 28, 2005)

195. *UMG Recordings, Inc., et al. v. Does 1-6*, Civil Action No. 04-CV-3668 (N.D. Ga. Jan. 31, 2005)

196. *Elektra Entm't Group Inc., et al. v. John Doe*, Civil Action No. 04-4230 (E.D.N.Y. Jan. 31, 2005)

197. *Sony BMG Music Entertainment, et al. vv. Does 1-2*, Cause No. 1:05-CV-032 (N.D. Ind. Jan. 31, 2005)

198. *Virgin Records America, Inc., et al. v. Doe*, Case No. 8:05-CV-170-T-17MAP (M.D. Fla. Jan. 31, 2005)

199. *Motown Records Company, L.P., et al. v. Does 1-3*, Case No. 05-70295 (E.D. Mich. Jan. 31, 2005)

200. *Capitol Records, Inc., et al v. Does 1-3*, Civil Action No. 5:05-37-JMH (E.D. Ky. Jan. 31, 2005)

201. *Interscope Records, et al. v. Does 1-2*, Civil Action No. 05-CV-0102 (N.D.N.Y. Jan. 31, 2005)

202. *London-Sire Records Inc., et al. v. Does 1-4*, Case No. 05-3019 (C.D. Ill. Feb. 2, 2005)

203. *Elektra Entertainment Group Inc., et al. v. Does 1-2*, Civil Action No. 05-CV-0915 (RCC) (S.D.N.Y. Feb. 2, 2005)

204. *Warner Bros. Records, Inc., et al. v. Doe*, Case No. 04-CV-8118 (N.D. Ill. Feb. 3, 2005)

205. *Maverick Recording Company, et al. v. Doe*, Case No. 5:04-cv-187 (W.D. Mich. Feb. 8, 2005)

206. *Virgin Records America, Inc., et al. v. Does 1-2*, Case No. 5:05-cv-16 (W.D. Mich. Feb. 8, 2005)

207. *UMG Recordings, Inc., et al. v. Doe*, Case No. A-04-CA-704 LY (W.D. Tex. Feb. 8, 2005)

208. *Capitol Records, Inc., et al. v. Does 1-20*, Case No. 05-cv-00395-JCS (N.D. Cal. Feb. 8, 2005)

209. *Atlantic Recording Corporation, et al. v. Does 1-2*, Civil Action No. 05-CV-914 (RJH) (S.D.N.Y. Feb. 9, 2005)

210. *Maverick Recording Company, et al. v. Does 1-2*, Cause No. 1:05-cv-0135-LJM-WTL (S.D. Ind. Feb. 10, 2005)

211. *Fonovisa, Inc., et al. v. Does 1-7*, Civil Action File No. 1:05-cv-0234-CC (N.D. Ga. Feb. 16, 2005)

212. *Motown Record Co., L.P., et al. v. Does 1-2*, Civil Action No. 05-10159-NG (D. Mass. Feb. 24, 2005)

213.  *Interscope Records, et al., v. Does 1-2*, Civil Action No. 05-10160-NG (D. Mass. Feb. 24, 2005)

214.  *BMG Music, et al. v. Does 1-2*, Civil Action No. 05-10168-NG (D. Mass. Feb. 24, 2005)

215.  *UMG Recordings, Inc., et al. v. Does 1-2*, Civil Action No. 05-10169-NG (D. Mass. Feb. 24, 2005)

216.  *Sony BMG Music, et al. v. John Doe*, Case No. 8:05-cv-166-17MSS (M.D. Fla. Feb. 24, 2005)

217.  *Atlantic Recording Corporation, et al. v. Does 1-122*, Civil Action No. 05-cv-2400 (KMW) (S.D.N.Y. Feb. 28, 2005)

218.  *Virgin Records America, Inc., et al. v. Does 1-2*, Civil Action No. 05-137-C-M1 (M.D. La. March 1, 2005)

219.  *Caroline Records, Inc., et al. v. Does 1-57*, Case No. 4:05-CV-172 CEJ (E.D. Mo. March 1, 2005)

220.  *Maverick Recording Company, et al. v. Does 1-100*, Case No. 1:05-CV-01177 (N.D. Ill. March 2, 2005)

221.  *Priority Records LLC, et al. v. Does 1-3*, Case No. 05-0660 (S.D. Tex. March 3, 2005)

222.  *London-Sire Records Inc., et al. v. Does 1-70*, Case No. 1:05-CV-00483 (N.D. Ill. March 3, 2005)

223.  *BMG Music, et al. v. Does 1-3*, Case No. 05-0144 (M.D. Tenn. March 3, 2005)

224.  *Motown Record Company, L.P., et al. v. Does 1-25*, Civil Action No. 05-WM-364 (PAC) (D. Colo. March 4, 2005)

225.  *UMG Recordings, Inc., et al. v. Does 1-2*, Civil Action No. 05-375 (W.D. La. March 4, 2005)

226.  *Interscope Records, et al. v. Does 1-3*, Case No. CV05-1483 R (CWx) (C.D. Cal. March 7, 2005)

227.  *Motown Records Co., L.P., et al. v. Does 1-3*, Civil Action No. 1:05-CV-128 (S.D. Ohio March 14, 2005)

228.  *Capitol Records, Inc., et al. v. Does 1-2*, Case No. C2-05-184 (S.D. Ohio March 14, 2005)

229. *Interscope Records, et al. v. Does 1-60*, Case No. 4:05-CV-342 CEJ (E.D. Mo. March 16, 2005)

230. *BMG Music, et al. v. Does 1-6*, Case No. H-05-263 (S.D. Tex. March 17, 2005)

231. *Maverick Recording Company, et al. v. Does 1-2*, Civil Action No. 05-cv-252 (N.D.N.Y. March 22, 2005)

232. *London-Sire Records Inc., et al. v. Does 1-6*, Civil Action No. 05-CV-0551 (N.D. Ga. March 22, 2005)

233. *Capitol Records, Inc., et al. v. Does 1-15*, Civil Action No. 05-CV-3172 (S.D.N.Y. March 24, 2005)

234. *Priority Records LLC, et al. v. Does 1-175*, Civil Action No. 05-CV-3173 (S.D.N.Y. March 24, 2005)

235. Order, *Atlantic Recording Corp., et al. v. Does 1-21*, No. 3:06-cv-877 (MLC) (D.N.J. Feb. 28, 2006).

236. Order, *Maverick Recording Co., et al. v. Does 1-310*, No. 06-cv-1573 (DLC) (S.D.N.Y. March 1, 2006).

237. Order, *Fonovisa, Inc., et al. v. Does 1-49*, No. 4:06-cv-389 (CEJ) (E.D. Mo. March 6, 2006).

238. Order, *London-Sire Records, Inc., et al. v. Does 1-26*, No. 1:06-cv-455 (TWT) (N.D. Ga. March 7, 2006).

239. Order, *Virgin Records America, Inc., et al. v. Does 1-38*, No. 1:06-cv-225 (E.D.V.A. March 10, 2006).

240. Order, *Interscope Records, et al. v. Does 1-8*, No. 1:06-cv-552 (WDM) (D. Colo. March 13, 2006).

241. Order, *Sony BMG Music Entertainment, et al. v. Does 1-8*, No. 06-cv-1570 (JGR) (S.D.N.Y. April 24, 2006).

242. Order, *UMG Recordings, Inc., et al. v. Does 1-13*, No. 1:06-cv-00350 (JR) (D.D.C. Aug. 10, 2006).

243. Order, *Warner Bros. et al. v. Does 1-10*, No. 1:07-cv-304 (GBL) (E.D. Va. March 29, 2007).

244. Order, *Capitol Records, et al. v. Does 1-9*, No. 07-1464 (MLC) (D.N.J. March 29, 2007).

245. Order, *Atlantic Recording Corp., et al. v. Does 1-19*, No. 1:07-cv-2588 (GEL) (S.D.N.Y. March 30, 2007).

246. Order, *Priority Records LLC, et al. v. Does 1-12*, No. 07-604 (RCL) (D.D.C. April 2, 2007).

247. Order, *Priority Records LLC, et al. v. does 1-12*, No. 07-604 (D.D.C. April 2, 2007).

248. Order, *Arista Records LLC, et al. v. Does 1-9*, No. 03-cv-5500 (DGT) (D. Colo. April 4, 2007).

249. Order, *Atlantic Recording Corp., et al. v. Does 1-5*, No. 4:07-cv-03097 (D. Neb. April 12, 2007).

250. Order, *BMG Music, et al. v. John Doe*, No. 5:07-cv-00382 (N.D.N.Y. April 13, 2007).

251. Order, *Warner Bros. Records, Inc., et al. v. Does 1-14*, No. 8:07-cv-00625-T-24 (TGW) (M.D. Fla. April 16, 2007).

252. Order, *UMG Recordings, et al. v. Does 1-6*, No. 3:07-cv-00040 (D.N.D. April 16, 2007).

253. Order, *Warner Bros. Records, Inc., et al. v. Does 1-10*, No. 1:07-cv-02043 (N.D. Ill. April 16, 2007).

254. Order, *Maverick Recording Co., et al. v. Does 1-10*, No. 1:07-cv-3100 (PAC) (S.D.N.Y. April 18, 2007).

255. Order, *Lava Records, et al. v. Does 1-12*, No. 4:07-cv-603 (CEJ) (E.D. Mo. April 18, 2007).

256. Order, *Elektra Entertainment Group, et al. v. Does 1-14*, No. 07-cv-01811 (FLW) (D.N.J. April 18, 2007).

257.  Order, *Sony BMG, et al. v. Does 1-16*, No. 3:07-cv-581 (S.D. Cal. April 19, 2007).

258.  Order, *Interscope Records, et al. v. Does 1-14*, No.1:07-cv-00381 (E.D.Va. April 20, 2007).

259.  Order, *Sony BMG Music Entertainment, et al. v. Does 1-12*, No. 3:07-cv-00232 (RCC) (S.D. W.V. April 20, 2007).

260.  Order, *Motown Record Co., et al. v. Does 1-13*, No. 1:07-cv-726 (N.D. Ga. April 20, 2007).

261.  Order, *Sony BMG Music Entertainment, Inc., et al. v. Does 1-4*, No. 4:07-cv-00436 (JMM) (E.D. Ark. April 24, 2007).

262.  Order, *Warner Bros. Records, Inc., et al. v. Does 1-53*, No. 07-cv-234 (JCS) (W.D. Wis. April 25, 2007).

263.  Order, *Arista Records LLC, et al. v. Does 1-23*, No. 5:07-cv-00131 (E.D.N.C. April 25, 2007).

264.  Order, *Capitol Records, Inc. v. Does 1-10*, No. 2:07-cv-00315 (S.D. Ohio 2:07-cv-00315 April 27, 2007).

265.  Order, *Interscope Records, et al. v. Does 1-15*, No. 3:07-cv-00130 (TAV) (E.D. Tenn. April 30, 2007).

266.  Order, *Arista Records LLC, et al. v. Does 1-10*, No. 1:07-cv-00860 (N.D.Ga. April 30, 2007).

267.  Order, *Capitol Records, Inc., et al. v. Does 1-10*, No. 1:07-cv-00790 (D. Colo. April 30, 2007).

268.  Order, *Arista Records LLC, et al. v. Does 1-23*, No. 5:07-cv-131 (BO) (E.D.N.C. May 1, 2007).

269.  Order, *UMG Recordings, et al. v. Does 1-12*, No. 4:07-cv-03123 (LSC) (D. Neb. May 3, 2007).

270.  Order, *Atlantic Recording Corp., et al. v. Does 1-22*, No. 1:07-cv-00057 (JAW) (D. Me. May 7, 2007).

271.    Order, *Arista Records LLC, et al. v. Does 1-11*, No. 07-10833-NG (D. Mass. May 8, 2007).

272.    Order, *Arista Records, et al. v. Does 1-21*, No. 07-10834-NG (D. Mass. May 9, 2007).

273.    Order, *Arista Records LLC, et al. v. Does 1-12*, No. 1:07-cv-445 (WAM) (W.D. Mich. May 9, 2007).

274.    Order, *UMG Recordings, Inc. v. Does 1-13*, No. 07-cv-3492 (KMK) (S.D.N.Y. May 12, 2007).

275.    Order, *Motown Record Co., L.P., et al. v. Does 1-23*, No. 1:07-cv-610 (SEB) (S.D. Ind. May 15, 2007).

276.    Order, *Warner Bros. Records, Inc., et al. v. Does 1-16*, No. 1:07-cv-21255-UU (S.D. Fl. May 17, 2007).

277.    Order, *Priority Records LLC, et al. v. Does 1-10*, No. 5:07-cv-1407 (JRA) (N.D. Ohio May 17, 2007).

278.    Order, *Warner Bros. Records, Inc., et al. v. Does 1-17*, No. 1:07-cv-10924-NG (D. Mass. May 17, 2007).

279.    Order, *Lava Records LLC, et al. v. Does 1-16*, No. 5:07-cv-520 (N.D.N.Y. May 19, 2007).

280.    Order, *Maverick Recording Co., et al. v. Does 1-5*, No. 07-91-P-H (D. Me. May 21, 2007).

281.    Order, *Priority Records LLC, et al. v. Does 1-12*, No. 07-12133 (PDB) (E.D. Mich. May 21, 2007).

282.    Order, *Priority Records LLC, et al. v. Does 1-16*, No. 1:07-cv-148 (JRM) (D.N.H. May 23, 2007).

*283.*    Order, *Elektra Entertainment Group, Inc., et al. v. Does*, No. 3:07-cv-00767 (CFD) (D. Conn. May 24, 2007).

284.    Order, *Warner Bros. Records, Inc., et al. v. Does 1-5*, No. 0:07-cv-00051 (WOB) (E.D. Ky. May 25, 2007).

285.    Order, *UMG Recordings, Inc., et al. v. Does 1-19*, No. 07-2512 (JAP)
        (D.N.J. May 30, 2007).

286.    Order, *Priority Records LLC, et al. v. Does 1-4*, No. 3:07-cv-0909 (W.D.
        La. May 31, 2007).

287.    Order, *Laface Records LLC, et al. v. Does 1-7*, No. 07-cv-0978 (DMS)
        (S.D. Cal. June 1, 2007).

288.    Order, *London-Sire Records, Inc., et al. v. Does 1-18*, No. 07-12134 (E.D.
        MI June 1, 2007).

289.    Order, *Capitol Records, Inc., et al. v. Does 1-19*, No. 4:07-cv-01043 (CEJ)
        (E.D. Mo. June 5, 2007).

290.    Order, *Warner Bros. Records, Inc. v. Does 1-20*, No. 07-cv-1131 (LTB)
        (D. Colo. June 5, 2007).

291.    Order, *Warner Bros. Records, Inc., et al. v. Does 1-8*, No. 1:07-cv-987
        (PLF) (D.D.C. June 8, 2007).

292.    Order, *Priority Records, LLC, et al. v. Does 1-17*, No. CV 07-1028 (PHX)
        (D. Ariz. June 13, 2007).

293.    Order, *Interscope Records, et al. v. Does 1-22*, No. 3:07-cv-00049 (HDV)
        (S.D. Iowa June 14, 2007).

294.    Order, *Arista Records LLC, et al. v. Does 1-7*, No. 5:07-cv-627 (FJS)
        (N.D.N.Y. June 14, 2007).

295.    Order, *In re Copyright Infringement Cases with Doe Defendants Related to
        Civil Action No. 04-1239*, No. 2:07-cv-2409 (LDD) (E.D.Pa. June 14,
        2007).

296.    Order, *Motown Record Co., L.P., et al. v. Does 1-9*, No. 4:07-cv-260
        (CFB) (S.D. Iowa June 15, 2007).

297.    Order, *BMG Music Entertainment, et al. v. Doe 1, et al.*, No. 07-cv-11097-
        NG (D. Mass. June 21, 2007).

298.    Order, *BMG Music, et cal. V. Doe 1, et al.*, No. 07-cv-11102-NG (D. Mass. June 21, 2007).

299.    Order, *LA Face Records LLC, et al. v. Doe 1, et al.*, No. 07-cv-11100-NG (D. Mass. June 21, 2007).

300.    Order, *UMG Recording, Inc., et al. v. Doe*, No. 07-cv-11098-NG (D. Mass. June 21, 2007).

301.    Order, *Elektra Entertainment Group, Inc., et al. v. Does 1-4*, No. 1:07-cv-1574 ( BEL) (D. Md. June 22, 2007).

302.    Order, *Motown Record Co., L.P., et al. v. Does 1-15*, No. 3:07-cv-060 (CDL) (M.D. Ga. June 25, 2007).

303.    Order, *UMG Recordings, Inc., et al. v. Does 1-13*, No. 1:07-cv-180 (JM) (D.N.H. June 25, 2007).

304.    Order, *Arista Records LLC, et al. v. Does 1-5*, No. 1:07-cv-179 (JRM) (D.N.H. June 28, 2007).

305.    Order, *Arista Records LLC, et al. v. Does 1-5*, No. 5-07-cv-124 (N.D. Tex. June 28, 2007).

306.    Order, *Interscope Records, et al. v. Does 1-40*, No. 5:07-cv-1008-SDM (M.D. Fl. July5, 2007).

307.    Order, *Loud Records, LLC, et al. v. Does 1-9*, No. 8:07-cv-1289 (RWT) (D. Md. July 13, 2007).

308.    Order, *Sony BMG Music Entertainment, et al. v. Does 1-19*, No. 1:07-cv-534 (GBL) (E.D.Va. July 17, 2007).

309.    Order, *Virgin Records America, Inc., et al. v. Does 1-33*, No. 3:07-cv-235 (TAV) (E.D. Tenn. July 18, 2007).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ARISTA RECORDS LLC, a Delaware** | ) | |
| **limited liability company, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIV-07-568-R** |
| | ) | |
| **DOES 1 - 11,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## O R D E R

Before the Court are Doe Defendants' motion to quash Plaintiffs' subpoena to non-party Oklahoma State University [Doc. No. 21] and Defendant Does' motion to strike Plaintiffs' response to the motion to quash [Doc. No. 32].    Incorporated in the Doe Defendants' motion to quash is a motion to vacate the Order of May 18, 2007 granting Plaintiffs leave to take immediate discovery [Doc. No. 8].

The Doe Defendants' motion to strike [Doc. No. 32] and to quash [Doc. No. 21] are DENIED.   The Doe Defendants' motion to vacate the Order of May 18, 2007 is also DENIED.

In their motion to quash, the Doe Defendants first assert that this case should be dismissed based upon principles of collateral estoppel, issue preclusion and res judicata in light of an Order entered in a case in the United States District Court for the Western District of Texas, Austin Division.  The Court initially questions how parties who have not even been

served can move to dismiss the Complaint. In any event, however, Defendants have failed

to show an identity of the Plaintiffs herein with those in the Texas case or, for that matter,

an identity of issues, that is, that the Doe Defendants herein, like those in the Texas case,

were not in anyway related to each other and did not act in concert or as a group.

The Family and Education Right and Privacy Act of 1974 ("FERPA"), 20 U.S.C.

§ 1232g, et seq., which the Doe Defendants assert prohibit the disclosures by OSU sought

by Plaintiffs, does not prohibit but expressly authorizes disclosure of a student's "directory

information" (name, address, telephone listing, email address, date and place of birth)

without the student's prior consent, see 20 U.S.C. § 1232g(a)(5)(A); 34 C.F.R. § 99.3,

provided annual notice is given to the student as to the types of information designated

"directory information" and the student's right and the manner in which he or she can in

writing refuse the designation, 34 C.F.R. § 99.37(a)(1)-(3), or in compliance with a lawfully

issued subpoena as long as the school makes a "reasonable effort" to notify the student of the

subpoena in advance of compliance. 34 C.F.R. § 99.31(a)(9)(i). OSU can, of course, refuse

to furnish information that is not "directory information" but is information protected by

FERPA. The Doe Defendants' First Amendment rights are not implicated because the

information sought by the subpoena does not infringe their rights to engage in protected

speech. To the extent the information sought impinges on the Doe Defendants' right to

communicate anonymously, that "right to remain anonymous must give way to plaintiffs'

right to use the judicial process to pursue what [facially] appear to be meritorious copyright

infringement claims." <u>Sony Music Entertainment Inc. v. Does 1-40</u>, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004).

Although their brief in support of their motion to quash is not clear in this regard, the Doe Defendants seem to suggest that Plaintiffs were required to and failed to comply with the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(h). But Plaintiffs' subpoena was issued pursuant to Rule 45, Fed. R. Civ. P. A "DMCA subpoena is a prelitigation subpoena" which is not used when the litigation preexists the subpoena. <u>Recording Industry Association of America v. University of North Carolina at Chapel Hill</u>, 367 F. Supp. 2d 945, 958 (M.D.N.C. 2005).

In their motion to quash, the Doe Defendants basically assert that Plaintiffs do not allege and cannot prove actual copyright infringement by the persons whose identity they are seeking in the subpoena and suggest that those individuals did not invite and had no duty to protect Plaintiffs' music files from copying by third parties over the internet. The Doe Defendants further challenge the facial accuracy or validity of statements contained in the Declaration of Carlos Linares submitted by Plaintiffs in support of their ex parte motion for discovery. <u>See</u> Doc. No. 6, Ex. 2. However, Plaintiffs have sufficiently alleged copyright infringement by the Doe Defendants and the Linares Declaration contains information providing good cause for believing that the Doe Defendants were individual users of OSU's ISP internet services. <u>Compare</u> <u>with</u> <u>Ayyash v. Bank Al-Madina</u>, 233 F.R.D. 325 (S.D.N.Y. 2005) ("good cause" for expedited discovery is determined by examining the reasonableness of the discovery request in light of the surrounding circumstances); <u>Interscope Records v.</u>

3

Does 1-14, 2007 WL 2900210 (D. Kan. Oct. 1, 2007) (CIV-07-4107-RDR) (allegations of copyright infringement establish "good cause" for expedited discovery); Warner Bros. Records, Inc. v. Does 1-14, 2007 WL 1960602 at *1 (D. Utah July 5, 2007) (No. 2:07 C 0424 TC) (same). If OSU cannot identify the individual users of ISP internet services who are alleged to have copied or downloaded Plaintiffs' copyrighted sound recordings, as the Doe Defendants' expert declarant seems to suggest is the case, OSU can so respond. If the individuals so identified claim someone else used their computers without their knowledge, that is a matter for their defense. But the Plaintiffs do not have to prove the merits of their case to obtain the discovery sought. Plaintiffs are entitled to the discovery sought based upon their Complaint adequately alleging claims for copyright infringement and the Declaration of Carlos Linares. Certainly, the Doe Defendants who have not even been served in this case do not have standing to require Plaintiffs to prove the merits of their claims before Plaintiffs obtain discovery including the identity of the Doe Defendants. Furthermore, Plaintiffs have presented information that OSU can identify specific users of OSU's network to a specific internet protocol address with the information Plaintiffs provided in their subpoena. See Declaration of Moshe D. Rothman (Exhibit "4" to Plaintiffs' Response in Opposition to Motion to Quash) at ¶ 3.

Even if the Court were to strike Plaintiffs' response in opposition to the motion to quash, the foregoing would dictate that the motion to quash be denied. But the Doe Defendants' motion to strike is moot and without merit. Plaintiffs have supplemented their response brief with a table of contents and table of authorities. Reference to Exhibits 2 and

4

3 of Plaintiffs' response was unnecessary but the Court can take judicial notice of cases and proceedings in other courts. The Court finds nothing inappropriate about Mr. Rothman's and Mr. Hemphill's letter to counsel for the Doe Defendants. In its Order of July 10, 2007, the Court stayed non-party OSU's response time pending resolution of Defendant Doe(s)' motion to quash. Doc. No. 14. The Court continued the stay of that response time twice and that stay remains in effect. The stay of OSU's response time did not preclude Plaintiffs' counsel from communicating with or interviewing OSU's counsel, however, and certainly not merely to ascertain whether OSU could identify its network users who are alleged to have infringed Plaintiffs' copyrights with the information furnished in the subpoena. The Doe Defendants' suggestion that Plaintiffs' counsel violated this Court's Orders and committed indirect contempt in writing letters to the Doe Defendants' counsel and in interviewing OSU's legal counsel is without merit.

In accordance with the foregoing, the Doe Defendants' motion to strike [Doc. No. 32] is DENIED as moot and without merit. The Doe Defendants' motion for leave to file a reply to the motion to quash following the Court's ruling on the motion to strike [Doc. No. 33] is DENIED as unnecessary. The Doe Defendants' motion to quash subpoena and incorporated motion to vacate the Order granting immediate discovery [Doc. No. 21] are DENIED.

**IT IS SO ORDERED this 14th day of November, 2007.**

*David L. Russell*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                               )
WARNER BROS. RECORDS INC.,      )
                    et al,      )
                               )
               Plaintiffs,      )
                               )
        v.                      )      Civil Action No. 07-1878 (EGS)
                               )
DOES 1-6,                       )
                               )
               Defendants.      )
_____)
```

**<u>MEMORANDUM OPINION</u>**

Pending before the Court is Plaintiffs' Motion for Leave to Take Expedited Discovery.  Upon review of the Motion and the applicable law, the Court **GRANTS** the motion.

I.   **BACKGROUND**

Plaintiffs are record companies suing a series of John Doe defendants for copyright infringement.  Plaintiffs request permission to serve limited, immediate discovery on Georgetown University, a third party internet service provider ("ISP"), in the form of a Rule 45 subpoena.  Plaintiffs seek documents and electronically stored information sufficient to identify each defendant's true name, current and permanent addresses and telephone numbers, email address, and Media Access Control ("MAC") address.

Plaintiffs allege that the Doe defendants used an online media distribution system (e.g., a peer-to-peer or "P2P" system)

to download plaintiffs' copyrighted works and/or distribute
copyrighted works to the public without authorization.  Pl.s'
Mot. at 2.  Although plaintiffs do not know the true names of the
Doe defendants, plaintiffs have identified each defendant by a
unique Internet Protocol ("IP") Address assigned to that
defendant on the date and at the time of that defendant's
allegedly infringing activity.  *Id.*  Plaintiffs have identified
the ISP that provided Internet access to each defendant by using
a publicly available database.  Based on that information,
plaintiffs have determined that the ISP in this case is
Georgetown University.  Plaintiffs further represent that when
given a defendant's IP address and the time and date of
infringing activity, an ISP can quickly and easily identify the
name and address of the Doe defendant by referring to the ISP's
activity log files.  *Id.* at 3.  Without this information,
plaintiffs aver they will be unable to prosecute their claims or
protect their copyrighted works from future infringement.  *Id.* at
7.

## II.  STANDARD OF REVIEW

Courts have wide discretion in discovery matters and have
allowed parties to conduct expedited discovery where good cause
is shown. *Ellsworth Associates, Inc. v. U.S.*, 917 F.Supp. 841
(D.D.C. 1996); *See also Semitool, Inc. v. Tokyo Electron Am.
Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002).  In similar
copyright infringement cases brought by plaintiffs and other

record companies against Doe defendants, courts have consistently granted plaintiffs' motions for leave to take expedited discovery. *See, e.g.*, Memorandum Opinion and Order, *UMG Recordings, Inc. V. Does 1-199*, No. 04-093 (CKK)(D.D.C. March 10, 2004); Order, *UMG Recordings v. Does 1-4*, 64 Fed. R. Serv. 3d (Callaghan) 305 (N.D. Cal. March 6, 2006).

Because Georgetown University is an educational institution, the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. 1232g, is implicated by this request. Under FERPA, information otherwise protected from disclosure may be released pursuant to a court order. General statutory bans on publication do not bar limited disclosure in judicial proceedings, including court-supervised discovery, so long as the party seeking discovery makes the requisite showing of relevance to the litigation under Federal Rule of Civil Procedure 26. *Laxalt v. McClatchy,* 809 F.2d 885, 889 (D.C. Cir. 1987)(Holding that test of discoverability for materials protected by Privacy Act is relevance standard of Fed. R. Civ. P. 26).

## III. ANALYSIS

The Court finds that plaintiffs have made a showing of good cause for the discovery they seek, as the information is not only relevant but crucial to the prosecution of plaintiffs' claims. This litigation cannot go forward without the true identities of the defendants. Therefore, the Court **GRANTS** plaintiffs' request for expedited discovery, subject to the following limitations.

3

Plaintiffs may serve a Rule 45 subpoena upon Georgetown University to obtain the true identity of each Doe defendant. The subpoena must be limited to information sufficient to identify each defendant, including each defendant's true name, current and permanent addresses and telephone numbers, email address, and Media Access Control ("MAC") address. Any information disclosed to plaintiffs in response to the Rule 45 subpoena may be used by plaintiffs solely for the purpose of protecting plaintiffs' rights as set forth in the complaint.

The disclosure of this information is consistent with Georgetown University's obligations under the Family Educational Rights and Privacy Act (FERPA). Though FERPA generally prohibits disclosure of certain records by federally-funded educational institutions, it expressly provides that protected information can be disclosed pursuant to a court order. 20 U.S.C. 1232g(b)(2)(B). If the John Doe defendants are Georgetown University students, FERPA requires that Georgetown University notify the student[1] defendants prior to turning this information

---

[1] Sec. 1232(g)(b)(2)(B) requires that both the parents and the students "are notified of all such orders or subpoenas in advance of the compliance therewith by the educational institution or agency." However, Sec. 1232g(d) states, "[f]or the purposes of this section, whenever a student has attained eighteen years of age, or is attending an institution of postsecondary education, the permission or consent required of, and the rights accorded to, the parents of the student shall thereafter only be required of and accorded to the student." Because Georgetown University is a postsecondary institution, notice to the students' parents before compliance with the subpoenas is not required.

over to plaintiffs.  *Id.*  If and when Georgetown is served with a subpoena, it shall provide written notice to the Doe defendants within five business days.  If Georgetown or any defendant wishes to move to quash the subpoena, that party must do so before the return date of the subpoena which shall be 25 days from the date of service.  Georgetown University shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.  Plaintiffs shall provide Georgetown University with a copy of this Memorandum Opinion and accompanying Order along with its subpoena.

## IV.  CONCLUSION

For the foregoing reasons, the plaintiffs' Motion for Leave to Take Expedited Discovery is **GRANTED.**  An appropriate Order accompanies this Opinion.


**Signed:    Emmet G. Sullivan**
**            United States District Judge**
**            November 26, 2007**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ELEKTRA ENTERTAINMENT GROUP INC., et al., | : | |
| Plaintiffs, | : | |
| v. | : | **CIVIL NO. 06-CV-5025** |
| | : | |
| AUGUSTINE SERRANO, | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this 1st day of May 2007, upon consideration of Defendant's Motion to Dismiss [Doc. # 8] and Plaintiffs' Response thereto [Doc. # 9], it is hereby **ORDERED** that the Motion is **DENIED**.[1]

---

[1] Defendant moves under Federal Rule of Civil Procedure 12(b)(6), and in reliance on the pleading standards established by Rule 8(a), for dismissal of Plaintiffs' Complaint for failure to state a claim and failure to satisfy the pleading requirements for copyright-infringement claims.

A Rule 12(b)(6) motion to dismiss should be granted only "if it appears to a certainty that no relief could be granted under any set of facts which could be proved." E.g., Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) (internal quotations omitted). The Court is not to "inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). Under the Federal Rules of Civil Procedure, a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The general notice pleading standard of Rule 8(a) applies in all civil actions other than those specifically excepted by the Federal Rules or statutory law. See Thomas v. Independence Twp., 463 F.3d 285, 295 (3d Cir. 2006) (citing Swierkiewicz v. Sorema, 534 U.S. 506, 513 (2002)). A complaint is not required to set out in detail all the facts upon which its claims for relief are based, see, e.g., Foulk v. Donjon Marine Co., 144 F.3d 252, 256 (3d Cir. 1998), but it must allege sufficient facts to "put the defendants on notice of the essential elements of the plaintiffs' cause of action," Nami, 82 F.3d at 65.

In order to state a copyright-infringement claim, a plaintiff must allege: (1) ownership of a valid copyright; and (2) the "copying" of constituent original elements of the work. See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991); Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc., 307 F.3d 197, 206 (3d Cir. 2002). Under the Copyright Act, "[c]opying refers to the act of infringing any of the exclusive rights that accrue to the owner of a valid copyright, as set forth at 17 U.S.C. § 106, including the right to distribute and reproduce copyrighted material." Kay Berry, Inc. v. Taylor Gifts, Inc., 421 F.3d 199, 207 (3d Cir. 2005). Therefore, plaintiffs claiming copyright infringement can sufficiently allege the second prong of their claim by alleging that the defendant distributed or "made available" the copyrighted work. See A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004 (9th Cir. 2001); Letter from Marybeth Peters, Register of Copyrights, to Rep. Howard L. Berman, Rep. from the 28th Dist. of Cal. (Sept. 25, 2002); see also Motown Record Co. v. DePietro, No. 04-CV-2246, 2007 WL576284, at *3 n.38 (E.D. Pa. Feb. 16, 2007).

It is **FURTHER ORDERED** that Defendant shall file an Answer to Plaintiffs'

Complaint in accordance with Federal Rule of Civil Procedure 12(a)(4)(A).

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe
**CYNTHIA M. RUFE, J.**

---

In this case, dismissal is not warranted as Plaintiffs have sufficiently pleaded their copyright-infringement claims. Plaintiffs have effectively put Defendant on notice of their claims against him, in accordance with the dictates of Rule 8(a). Plaintiffs' Complaint includes detailed allegations of their ownership of the copyrights on the sound recordings that are specifically identified in exhibits to the Complaint. See Compl. ¶ 12, Ex. A. Plaintiffs have also sufficiently alleged how and when Defendant infringed their copyrights: the Complaint includes allegations that Defendant "has used, and continues to use, an online media-distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or to make the Copyrighted Recordings available for distribution to others." Id. ¶ 14. Moreover, Plaintiff has attached actual screenshots of Defendant's computer that provide significant information about the peer-to-peer network used by Defendant to infringe their copyrights, the manner in which Defendant infringed their copyrights, the online alias used by Defendant to infringe their copyrights, and a comprehensive list of the copyrighted works infringed. Id. Ex. B. Additionally, Plaintiffs' allegation of continuous infringement—that Defendant "has used, and continues to use" a file-sharing program to infringe their copyrights—sufficiently specifies the time period of infringement. Id. ¶ 14. As such, Plaintiffs have sufficiently alleged the "what, how, and when" necessary for their Complaint to survive Defendant's motion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ATLANTIC RECORDING CORP., et al.,                    No. 05 Civ. 9111 (LTS)(DFE)

                              Plaintiffs,
              -against-

DOES 1 - 25,
                              Defendants.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/04/06

ORDER

The Court has received Defendant John Doe No. 8's motion, filed on December 1,

2005, seeking to sever and dismiss the case as to all Defendants except Doe No. 1 and to quash a

subpoena directed to Mediacom Communications Corp. concerning Internet Protocol address

12.218.60.79 on the grounds that the complaint is insufficiently plead and fails to state a claim.  The

Court is also in receipt of Plaintiffs' Opposition filed on December 7, 2005, and Defendant's Reply,

filed on December 20, 2005.  The Court has thoroughly reviewed the parties' written submissions and

denies Defendant's motion in its entirety.

        As to the severance aspect of the motion pursuant to Federal Rules of Civil Procedure

20 and 21, it is impossible to tell at this state to what extent the factual and legal issues relating to the

transactions and alleged infringement will overlap, how many parties will be actively involved in the

ligation, or to what extent defenses will raise legally and factually distinct issues.  Pursuant to the

Court's broad discretion to manage severance/joinder issues, the Court denies the severance aspect of

the motion without prejudice to renewal after service upon Defendants and Responses to the

complaint.

        The Defendant also moves to dismiss the complaint and to quash the subpoena,

principally on the grounds that the complaint is insufficiently plead and that the complaint fails to

state a claim. Pursuant to Federal Rule of Civil Procedure 8(a), a complaint is sufficiently plead if it contains a "short and plain statement" that sets for the claim for relief. Fed. R. Civ. P. 8(a) (West 2005); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002). In the context of copyright infringement, Rule 8(a) is satisfied if the plaintiff asserts "(i) which specific original work is the subject of the copyright claim, (ii) that plaintiff owns the copyright in the work, (iii) that the copyright has been registered in accordance with the statute, and (iv) by what acts during what time the defendant infringed the copyright." Sharp v. Patterson, 03 Civ. 8772 (GEL), 2004 WL 2480426 at *12 n.19 (S.D.N.Y. Nov. 3, 2004).

Here, Plaintiffs have sufficiently plead a copyright claim. They have alleged which song titles are the subject of the claim, that they own the copyrights pursuant to valid registrations, and that Defendants have and continue to "download, distribute to the public, and/or make available for distribution to others" their copyrighted titles. (See complaint ¶¶ 20-27 and attached Exhibits.) While Plaintiffs have also alleged potential dates of infringement, an assertion of continuous and ongoing infringement satisfies the pleading requirements for trademark claims. Franklin Electronic Publishers, Inc. v. Unisonic Products Corp., 763 F.Supp. 1, 4 (S.D.N.Y. 1991). Federal Rule of Civil Procedure 8(a) also permits pleading in the alternative. Fed. R. Civ. P. 8(a) (West 2005). The complaint, therefore, does not fail to state a claim because Plaintiffs allege downloading and distribution as well as making copyrighted material available for distribution. (See complaint at ¶ 23.) Accordingly, Defendant's motion is denied in its entirety.

IT IS SO ORDERED.

Dated: New York, New York
January 3, 2006

LAURA TAYLOR SWAIN
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PRIORITY RECORDS, LLC, et
al.,

                        Plaintiffs,

        v.                                          1:04-cv-3157-WSD

DOES 1-102,

                        Defendants.

## ORDER

This matter is before the Court on Defendant Veronica Perez's Objection to

Subpoena [7], Defendant Gerardo Cabrera-Meza's Objection to Subpoena [8],

Doe Defendant 5's Motion to Quash [9], Doe Defendant 89's Motion to Quash

[10], and Doe Defendant 15's Motion to Quash [11].

This case is one of many filed by recording companies to protect their

copyrights in sound recordings by asserting claims against individuals who

reproduce copyrighted material by means of peer-to-peer, over-the-internet digital

sharing of uploaded music files.  The action before this Court is brought against

102 "Doe" Defendants who Plaintiffs have identified as using the internet to

allegedly violate Plaintiffs' copyright interest in the material by wrongfully copying

and distributing it to others, using the internet as the distribution vehicle.

Plaintiffs have identified each Doe Defendant by a unique Internet Protocol ("IP") address assigned to that Doe Defendant on the date and at the time of the his allegedly infringing activity. Plaintiffs claim they need further identifying information from the internet service provider ("ISP") used by the Doe Defendants. In this case the ISP is Earthlink, Inc. ("Earthlink"). On October 28, 2004, Plaintiffs filed their Motion for Leave to Take Expedited Discovery [4], requesting to serve limited discovery on Earthlink to ascertain the identities of the Doe Defendants. Plaintiffs requested leave to seek five (5) elements of information about the Doe Defendants using each Doe Defendants' unique Internet Protocol ("IP"). The five (5) discrete data elements are: real name (rather than the screen name or other alias used by each Doe Defendant), address, telephone number, email address and Media Access Control information. Each of these elements apparently were freely exchanged between the subscriber and Earthlink when service was initiated. Plaintiffs advised, and the Court concluded, that subscriber use of fictitious names and other identifying information prohibited Plaintiffs from determining those who against whom infringement actions may properly be brought. Plaintiffs' discovery from Earthlink is calculated to obtain identity information about each Doe Defendant who

2

Plaintiffs allege have engaged copyright violations.

The Court, in its November 19, 2004 Order granting Plaintiffs' permission to serve a subpoena on Earthlink, imposed certain procedural protections for those affected by the Order. It allowed a subpoena to be served on Earthlink, but only for the five (5) data elements discussed above. Second, it provided for Earthlink promptly to advise the subscribers of the Plaintiffs' request for identifying information. Third, it provided time for Earthlink and any affected subscriber to move to quash the subpoena Plaintiffs requested to serve. It also required Plaintiffs to provide to Earthlink the Order entered by the Court and imposed a narrow limitation on Plaintiffs' use of information Earthlink provides in response to the subpoena.

Defendants Veronica Perez, Gerardo Cabrera-Meza, Doe Defendant 5, Doe Defendant 89, and Doe Defendant 15 (collectively, the "Movants") move to quash the subpoena.[1] They argue the subpoena should be quashed because (1) the Complaint is subject to dismissal for lack of personal jurisdiction; (2) Plaintiffs

---

[1] Although Defendants Veronica Perez and Gerardo Cabrera-Meza labeled their submissions as "objections" to the subpoena served on Earthlink, it is clear from the substance of the submissions that they seek to quash the subpoena. Accordingly, the Court shall treat their "objections" as motions to quash.

3

have not made a sufficient factual showing to warrant discovery into the identities

of persons who have communicated anonymously over the Internet; and (3) the

allegations in the Complaint are false.  Having reviewed Movants' submissions, and

Plaintiffs' responses, the Court finds Movants' arguments are without merit.  The

Movants' allegations concerning personal jurisdiction and the merits of the

underlying claims are premature.  The issue properly before the Court here is

whether the Movants' can demonstrate grounds for quashing the subpoena under

Rule 45 of the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 45(c)(3).

Although the information Plaintiffs seek will be valuable in evaluating personal

jurisdiction issues and the merits of Plaintiffs' claims against the Doe Defendants,

these issues do not present grounds for quashing the subpoena.  The Court will

address such arguments when and if the Court is required to consider them in

response to an appropriate motion by a party in the case.

     The Movants' arguments with respect to the factual showing necessary to

warrant discovery also are without merit.  The subpoena served on Earthlink is an

effort by Plaintiffs to discern the facts so they may be presented to the Court for

adjudication.  The information is relevant and necessary to Plaintiffs' protection of

their copyrights against infringement, and the Court previously found Plaintiffs have

4

shown good cause for seeking this information.  Accordingly, the Movants'

Motions to Quash [7, 8, 9, 10, 11] are DENIED.[2]


      **SO ORDERED**, this 15th day of July, 2005.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE


_____

    [2] To the extent the Movants' object to the subpoena on the ground that the information identified in the subpoena is "personal," this objection is without merit. The Court recognizes it is responsible for permitting a litigant access to only those facts needed to discern the truth while also protecting the privacy interests of ISPs and users of internet technology.  The Court's November 19, 2004 Order addressed these concerns and tailored the discovery sought by the subpoena accordingly.  See Sony Music Entm't Inc. v. Does 1-41, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004) (denying a motion to quash in a similar case, concluding that "defendants' First Amendment right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims").

AO450 (Rev. 5/85)  Judgment in a Civil Case

# UNITED STATES DISTRICT COURT
## District of Minnesota

Virgin Records America, et al. a California
Corporation,

**JUDGMENT IN A CIVIL CASE**

V.

Case Number:   06-1497 MJD/RLE

Jammie Thomas,

[X] **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

[ ] **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

Judgment is entered in favor of plaintiffs and against defendant as follows: Capitol Records, Inc - $9,250 for 1 sound recording; Sony BMG Music Entertainment - $9,250 for each of the 6 sound recordings; Arista Records, LLC - $9,250 for each of the 2 sound recordings; Interscope Records - $9,250 for each of the 3 sound recordings; Warner Bros. - $9,250 for each of the 3 sound recordings; UMG Recordings, Inc - $9,250 for each of the 9 sound recordings.

| October 5, 2007 | RICHARD D. SLETTEN, CLERK |
|---|---|
| Date | |
| | s/Rena L. Riemer |
| | (By)    Rena Lexvold Riemer,  Deputy Clerk |

s/Michael J. Davis
Michael J. Davis, US District Judge



# UNITED STATES DISTRICT COURT
## District of Minnesota

Richard D. Sletten, Clerk
Wendy S. Osterberg, Chief Deputy Clerk

| | | | |
|---|---|---|---|
| 700 Federal Building | 202 U.S. Courthouse | 417 Federal Building | 212 U.S. Courthouse |
| 316 North Robert Street | 300 South Fourth Street | 515 West. First Street | 118 South Mill Street |
| St. Paul, MN  55101 | Minneapolis, MN 55415 | Duluth, MN 55802 | Fergus Falls, MN  56537 |
| (651) 848-1100 | (612) 664-5000 | (218) 529-3500 | (218) 739-5758 |

## CIVIL NOTICE

**The appeal filing fee is $455.00.  If you are indigent, you can apply for leave to proceed in forma pauperis, ("IFP").**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

*This is a summary only.  For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.*

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal.  This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires.  If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it.  The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

     The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

     The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

     Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

     In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-244-2499.

     Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found on the forms page of the Court of Appeals' website at: http://www.ca8.uscourts.gov and the District Court's website at: http://www.mnd.uscourts.gov.

*October 27, 2004*