IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Action No. 1:07-CV-01649-CKK

| | |
|---|---|
| ARISTA RECORDS, LLC, *et al*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **RESPONSE BY DEFENDANT DOE #3** |
| ) | **TO PLAINTIFFS SHOW CAUSE** |
| DOES 1 – 19, ) | **ORDER RESPONSE** |
| ) | |
| Defendants. ) | |
| ) | |

Defendant, Doe #3, by and through counsel, submits the following response to Plaintiffs' response [Docket #11] to the Court's Order to Show Cause [Docket #10] as to why Defendant's Motion to Quash should not be granted as to Doe #3, and why all other John Does are not similarly situated such that a Motion to Quash ruling would not apply to all John Does.

## I.   INTRODUCTION

If authority is to be found for the pending subpoena, it must be found in the Federal Rules of Civil Procedure or the Digital Millennium Copyright Act.  For the reasons set forth below, authority is lacking.  Defendant Doe #3's Motion to Quash should be granted and should be extended to all Doe Defendants similarly situated.

Plaintiffs assert that the subpoena should not be quashed because: 1) hundreds of courts in similar cases have granted Plaintiffs expedited discovery, including this Court's grant of Plaintiffs' motion for expedited discovery; 2) the expedited discovery is expressly authorized by

the Federal Rules and case law; and 3) the DMCA does not apply.  None of these arguments is availing, and the Court should quash the subpoena.

## II.   ARGUMENT

Plaintiffs attach Exhibit A to their Response to Order to Show Cause [Docket #11].  It lists hundreds of cases where Plaintiffs say the Court granted the discovery they seek. Plaintiffs rely on that list, this Court's grant of expedited discovery in this very case [Docket #6], and Judge Sullivan's grant of discovery concerning a Georgetown University subpoena on November 26, 2007.[1]  Since there are so many of these cases, and only one case where the Court has held that there is no authority for the *ex parte* subpoena requested by Plaintiffs, the Plaintiffs argue, they win by shear force of numbers.  Of course, Plaintiffs reasoning suffers from the fatal flaw that none of the cases listed in Exhibit A have a West National Reporter System or other authoritative citation.  Defendant Doe #3 believes that, just as in the Georgetown University case and with this Court's earlier ruling, the cases are largely unopposed.  On the other hand, Doe #3 relies upon *Interscope Records et al. v. Does 1-7*,[2] the Eastern District Virginia Court case published in the West National Reporter System.  While not controlling upon this Court, it is certainly a Federal District Court case that this Court should consider as persuasive authority. The Court should regard Plaintiffs' Exhibit A as meaningless.[3]

Plaintiffs' second contention is that the expedited discovery is expressly authorized by the federal rules and the case law interpreting the court's authority to control discovery.  This is simply not true.  A careful reading of Rule 45 reveals no provision for an expedited, *ex parte*

---

[1] *Warner Bros. Records, Inc., et al. v. Does 1-6*, Civ. No. 07-1878 (EGS) (2007).
[2] 494 F. Supp. 2d 388 (E.D. Va. 2007).
[3] Defendant Doe #3 does not assert that all of these cases are unpublished, only that Plaintiffs do not provide proper citations.  Further, Doe #3 notes that the second case in the list is an important and published case concerning the extent to which internet users have a right to engage in anonymous speech, *Sony Music Entm't, Inc. et al. v. Does 1-40,* 326 F. Supp. 2d 556 (S.D.N.Y. 2004).

subpoena.  Rule 45 does, however, expressly authorize the quashing or modifying a subpoena: "on timely motion the issuing court must quash or modify a subpoena that … subjects a person to undue burden."[4]  Further, "[t]he subpoena power is a substantial delegation of authority to private parties, and those who invoke it have a grave responsibility to insure it is not abused."[5]  It is settled law in this Circuit that Peer to Peer file sharing is protected speech.[6] Because the First Amendment protects the right to speak anonymously, a subpoena for the Does names and addresses is subject to a qualified privilege.  By its Show Cause Order, this Court recognizes that it must carefully consider the privilege before authorizing discovery.

The tension between this important qualified privilege and the interest of a plaintiff who has alleged wrongdoing in obtaining information has been considered by a number of federal and state courts over the past several years.  These courts have wrestled with the fact that, at the outset of the litigation, the plaintiff has done no more than allege wrongdoing, and a privilege is generally not considered to be overcome by mere allegations.  Courts have employed a variety of multi-part balancing tests to give the anonymous speaker an opportunity to contest the bona fides and merits of the allegations before the right of anonymity is permanently breached.

Defendant Doe #3 respectfully asks this Court to adopt the multi-part test set out by the Arizona Court of Appeals in *Mobilisa, Inc. v. John Doe 1 et al.*[7] in balancing Doe #3's right to

---

[4] F.R.Civ.P., Rule 45 (c) (3) (A) (iv).
[5] *Theofel v. Farey Jones,* 359 F.3d 1066, 1074-1075 (9th Cir. 2004), *cert. denied* 543 U.S. 813, 125 S.Ct. 48 (2004).
[6] *Recording Indus. Ass'n of America, Inc. v. Verizon Internet Servs., Inc.*, 257 F.Supp. 2d 244, 260 (D.D.C. 2003), rev'd on other grounds, *Recording Indus. Ass'n of America, Inc. v. Verizon Internet Servs., Inc,* 351 F.3d 1229 (D.C. Cir. 2003).
[7] 170 P. 3d 712, (Ariz. App., 2007).  (Doe Defendant allegedly forwarded a Plaintiff executive employee's intimate e-mail and a defamatory statement harmful to Plaintiff's business.  A discovery order ensued and a subpoena was issued to the Doe Defendant's ISP to obtain his identity. The ISP filed a motion to vacate the court's discovery order. The lower court granted the motion to vacate, and the Court

anonymity against the need for discovery of his identity. Following an exhaustive analysis of all of the applicable cases, the *Mobilisa* court expressly rejected the standard from *Sony Music* "requiring a plaintiff to merely set forth a prima facie claim or survive a motion to dismiss would set the bar too low, chilling potential speakers from speaking anonymously on the internet."[8] In its stead, the Court set out a three-part test:

> We hold that to obtain a court order compelling discovery of an anonymous internet speaker's identity, the requesting party must show that: (1) the speaker has been given adequate notice and a reasonable opportunity to respond to the discovery request, (2) the requesting party's cause of action could survive a motion for summary judgment on the elements of the claim not dependent on the identity of the anonymous speaker, and (3) a balance of the parties' competing interests favors disclosure.[9]

Concerning the second step of the *Mobilisa* test, Doe #3 refers the Court to the Motion by Defendant Doe #3 to vacate the Order [Docket # 8], pages 15 through 18, for a discussion of the reasons why the Court may decide that the Plaintiffs have not shown that they could survive a motion for summary judgment.

Concerning the third step of the *Mobilisia* test, Doe #3 suggests the Court consider the following four factors to determine that the Plaintiffs have not shown and can not show that a balance of the competing interest favors disclosure.

First, Doe #3 is a university student, and it is likely that his codefendants are too. The ISP is George Washington University itself. Inasmuch as universities are places of higher learning where the free and open expression of ideas is of paramount import in their very mission, university students have a high level of expectation of privacy. Indeed many aspects of

---

of Appeals finding that the lower court erred in applying a two-prong test, remanded for application of its three-prong test).
[8] *Ibid* at 720.
[9] *Ibid* at 723-724.

this expectation are found in the Family Education and Privacy Rights Act[10] discussed in the Motion by Defendant Doe #3 to vacate the Order [Docket # 8], page 14. To give but one example of the application of this privacy expectation, as the *Sony Music* Court allowed, a file sharer may express himself in academic, creative ways, with music samples that may or may not be copyrighted. Allowing hacking into this legitimate application of intellectual property to academic work will certainly have a chilling effect on academic speech.[11]

Second, the potential consequence of the grant of this discovery order on Doe #3 is enormous. Rather than to spend his time and financial resources over the next several semesters pursuing his higher education, his limited resources must be focused on defending this federal lawsuit.

Third, the Plaintiffs have asserted no other means they have employed, or even considered, to obtain the sought-after discovery. There may be less obtrusive means at their disposal. It is not the task of Doe #3 to suggest what these means may be, but surely Plaintiffs with the economic and intellectual resources of these Plaintiffs, can find a less obtrusive means of identifying alleged copyright infringers. Doe #3 believes that the Plaintiffs pursue this means because they have at their disposal the vast resources of the federal judiciary system as an efficient means of trolling for Defendants.

Fourth, Defendant Doe #3 urges the Court, again, to consider a very pertinent fact concerning the cavalier method by which Plaintiffs have approached this litigation: the same IP address is named as Doe #1 and #2; and the same IP address is named as Doe #14, #15, #16, #17, and #18. Plaintiffs aver that each IP address identifies a unique individual, but Plaintiffs name

---

[10] 20 U.S.C.A. §1232g.
[11] *Sony Music Entm't, Inc. et al. v. Does 1-40,* 326 F. Supp. 2d 556, at 564.

the same address for two allegedly different Does, and the same address five separate times for 5 allegedly different Does, in direct contradiction of that assertion.

### III.     CONCLUSION

Plaintiffs' Rule 45 subpoena is invalidated by the DMCA, a statutory scheme enacted by Congress in 1998 to extend the reach of federal copyright laws into the era of the World Wide Web.  The DMCA contains a specific subpoena provision that allows copyright holders to determine the identities of suspected infringers through an *ex parte* subpoena process.  17 U.S.C.A. 513(h).  The DMCA subpoena is the exclusive subpoena provision available to Plaintiffs to obtain the information they seek in this case.[12]  By enacting the DMCA, Congress intended to create a comprehensive scheme to allow copyright holders to seek the identities of alleged infringers from ISPs apart from Rule 45.  As this Court stated, "there is absolutely nothing in the DMCA or its history to indicate that Congress contemplated copyright owners utilizing John Doe actions in federal court to obtain the identity of apparent infringers, rather than employing the subsection (h) process specifically designed by Congress to address that need."[13]

---

[12] *Interscope Records et al. v. Does 1-7*,  494 F. Supp. 2d 388 (E.D. Va. 2007).
[13] *Recording Indus. Ass'n of America, Inc. v. Verizon Internet Servs., Inc.*, 240 F.Supp. 2d 24, 40 (D.D.C. 2003), rev'd on other grounds, *Recording Indus. Ass'n of America, Inc. v. Verizon Internet Servs., Inc,* 351 F.3d 1229 (D.C. Cir. 2003).

Defendant Doe #3 respectfully requests that the Court grant the motion to quash as to Doe #3, and as to all similarly situated Doe Defendants.

This the 13th day of December, 2007.

Respectfully submitted,

By: /s/ Larry Harbin
Larry Harbin
MCINTYRE, HARBIN & KING, LLP
Attorney for Defendant Doe #3
500 Ninth Street SE
Washington, DC 20003
Telephone: (202) 546-1100
Facsimile: (202) 543-9230
lharbin@mhk-law.com

By: /s/ Stephen E. Robertson
Stephen E. Robertson
ROBERTSON, MEDLIN & BLOCKER, PLLC
Attorney for Defendant Does #3
125 South Elm Street, Suite 100
Greensboro, NC  27401
Telephone: (336) 378-9881
Facsimile: (336) 378-9886
srobertson@robertsonmedlin.com

**CERTIFICATE OF SERVICE**

     I hereby certify that on the 13th day of December, 2007, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Matthew Jan Oppenheim
MATTHEW J OPPENHEIM, ESQ.
7304 River Falls Drive
Potomac, MD 20854
matt@oppenheimgroup.net

And I hereby certify that I will serve the document by e-mail to the following non-party:

Thomas B. Smith
Associate General Counsel - Litigation
The George Washington University
2100 Pennsylvania Avenue, NW
Washington, D.C.  20052
tbsmith@gwu.edu

                                By: /s/ Larry Harbin
                                Larry Harbin
                                MCINTYRE, HARBIN & KING, LLP
                                Attorney for Defendant Doe #3
                                500 Ninth Street SE
                                Washington, DC 20003
                                Telephone: (202) 546-1100
                                Facsimile: (202) 543-9230
                                lharbin@mhk-law.com


                                By:  /s/ Stephen E. Robertson
                                Stephen E. Robertson
                                ROBERTSON, MEDLIN & BLOCKER, PLLC
                                Attorney for Defendant Does #3
                                125 South Elm Street, Suite 100
                                Greensboro, NC  27401
                                Telephone: (336) 378-9881
                                Facsimile: (336) 378-9886
                                srobertson@robertsonmedlin.com