IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARISTA RECORDS, et al.

        Plaintiffs,

  v.                                    Civ. No. 07-1649-CKK

DOE, et al.,

        Defendants.

**GW's REPLY TO PLAINTIFFS' RESPONSE
TO ORDER TO SHOW CAUSE**

      As a nonparty to this litigation, GW's interest is limited. Yet, since plaintiffs' subpoena asks GW to provide information about members of the University community, that interest is not nonexistent.

      Accordingly, GW would like to respond to one argument in plaintiffs' Response to the Court's Order to Show Cause [dkt. 11]. With the Court's permission, GW states as follows:

      1.     On November 13, 2007 defendant John Doe No. 3 moved to quash the subpoena plaintiffs served on GW on October 19, 2007 [dkt. 8]. On November 15, 2007 the Court issued an Order instructing plaintiffs to show cause why their subpoena should not be quashed as to Doe No. 3, and why all the other defendants are not similarly situated to Doe No. 3, such that the Court's ruling on the subpoena would not also apply to them [dkt. 10].

      2.     On November 29, 2007 plaintiffs filed their response to the Court's Order to Show Cause. In that filing, plaintiffs argued that if the Court quashed their subpoena

with respect to Doe No. 3, that ruling should not apply to the other defendants because "none of the other Defendants in this case have raised objections to the subpoena or moved to quash." Response to Order to Show Cause, at 4 n.4 [dkt. 11].

      3.      In response to this argument, GW states that the Court's ruling on the motion to quash should apply equally to all defendants.

      a.      While only Doe No. 3 filed a motion to quash, that motion was not predicated on any unique facts or circumstances applicable solely to Doe No. 3. Instead, it challenged the legal basis on which plaintiffs had sought the subpoena, and on which the subpoena was issued. As such, if the Court finds the subpoena is invalid or should be quashed, that ruling should apply to all defendants. The fact that the motion to quash was filed by one defendant – instead of two or ten or more – is irrelevant.

      b.      Plaintiffs say that none of the other defendants have objected to the subpoena. That may be true in the sense that none has retained counsel to object in court, but it hardly means they have consented to the subpoena. To the contrary, all defendants have been told that the subpoena has been served, and none has chosen to identify themselves to plaintiffs voluntarily. Whether GW is required to do so should depend on the Court's ruling on the validity of the subpoena, not which of them retained counsel to appear in the case.

      c.      Plaintiffs admit that if the Court dismisses plaintiffs' Complaint, that ruling will apply to all defendants. *See* Response to Order to Show Cause, at 4 n.4. That is obviously true, even though only Doe No. 3 moved to dismiss the Complaint. The same reasoning should apply to the motion to quash.

**Conclusion**

For all the foregoing reasons, the Court's ruling with respect to the motion to quash filed by defendant John Doe No. 3 should apply equally to all defendants.

                                         Respectfully submitted,

                                         s/Thomas B. Smith
                                         Thomas B. Smith
                                         D.C. Bar No. 412192
                                         Associate General Counsel
                                         The George Washington University
                                         2100 Pennsylvania Avenue, NW
                                         Washington, D.C.  20052
                                         Tel. (202) 994-6503
                                         Fax (202) 994-4640
                                         tbsmith@gwu.edu

                                         Counsel for Non-Party
                                         The George Washington University

Date:   December 13, 2007