IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Action No. 1:07-CV-01649-CKK

| | | |
|---|---|---|
| ARISTA RECORDS, LLC, *et al*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **REPLY BY DEFENDANT DOE #3 TO** |
| | ) | **PLAINTIFFS MEMORANDUM** |
| DOES 1 – 19, | ) | **IN OPPOSITION** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant, Doe #3, by and through counsel, submits the following reply to Plaintiffs'
memorandum in opposition [Docket #12] ("Plaintiffs' Opposition").

## I.  INTRODUCTION

The Complaint should be dismissed for failure to state a claim upon which relief can be
granted pursuant to Federal Rules of Civil Procedure, Rule 12 (b)(6) because it does not meet the
standard set forth by the United States Supreme Court in *Bell Atlantic Corp., et al v. Twombley,
et al,*.[1]  In the alternative, Doe #3 should be dismissed because all Doe Defendants #2 through
#19 are improperly joined.  Defendant Doe #3 notes at the outset that Plaintiffs' Opposition
includes arguments in opposition to Defendant's motion to quash the subpoena.  But, that aspect
of the case has been fully briefed.  In its Minute Order dated November 15, 2007, the Court
asked for Plaintiffs to brief the issues of dismissal for failure to state a claim, and for improper
joinder.  Plaintiffs' arguments concerning expedited discovery and quashing the subpoena,

---

[1] 547 U.S. ---, 127 S.Ct. 1955 (2007).

including but not limited to all of Section I, pages 4 through 12 of Plaintiffs' Opposition, are

non-responsive and should be stricken.[2]

## II.    THE COMPLAINT DOES NOT MEET THE PLEADING REQUIREMENTS OF THE TWOMBLEY STANDARD

In *Twombley*, plaintiffs represented a class of subscribers of local telephone and/or high

speed Internet services against various phone companies alleging violations of § 1 of the

Sherman Act, which prohibits "[e]very contract, combination in the form of trust or otherwise, or

conspiracy, in restraint of trade or commerce among the several States, or with foreign

nations…. The complaint alleged that the phone companies conspired to restrain trade (1) by

engaging in parallel conduct in their respective service areas to inhibit the growth of upstart

[phone companies]; and (2) by agreeing to refrain from competing against one another, as

indicated by their common failure to pursue attractive business opportunities in contiguous

markets and by a statement by one [phone company's] chief executive officer that competing in

another [phone company's] territory did not seem right."[3]

The Court held, "a showing of parallel conduct may be consistent with conspiracy, but

just as much in line with a wide swath of rational and competitive business strategy unilaterally

prompted by common perceptions of the market," and, "that a plaintiff's obligation to provide the

'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do."[4]  In the case at hand, the

most that can be said, taking all facts and inferences from the Complaint in the light most

favorable to Plaintiffs, is that there are files with song titles resident on a given computer

---

[2] Plaintiffs were ordered to brief the Defendant's motion to quash on or before November 13, 2007. Plaintiffs filed their response to Order of the Court on November 29, 2007 [Docket No. 11].
[3] *Bell Atlantic Corp. et al. v. Twombley et al.*, 547 U.S. ---, 127 S.Ct. 1955, 1958.
[4] *Ibid*. at 1964-1965.

associated with an anonymous IP address that have been accessed by Plaintiffs agent-investigator. There is no allegation that any song got to the computer by illegal download. The only upload alleged is the one conducted by Plaintiffs' agent. Just like in *Twombley*, Plaintiffs have made only bare, formulaic recitation of the elements of the claim with little more.

Plaintiffs assert that their complaint meets the liberal notice pleading standard of Rule 8 of the Federal Rules of Civil Procedure. However, all of the cases relied upon by Plaintiff are either unpublished, decided pre-*Twombley*, or both. Furthermore, the cases relied upon are inapposite. Both *In re Aimster Copyright Litigation*[5] and *A & M Records, Inc. v. Napster, Inc.,*[6] concerned preliminary injunction and contributory or vicarious infringement claims against service providers. Further, as Plaintiffs point out, "Napster users who *download and upload* copyrighted music... infringe."[7] (emphasis added). But other than the bare assertion, the Complaint here alleges no fact or set of factual allegations, that Defendant Doe #3 *downloaded* anything. Further, the Complaint here does not contain the word "*upload*," only "downloading and/or distributing." *BMG Music v. Gonzalez*[8] is the one case Plaintiffs cite where peer-to-peer (P2P") file-sharing, not infringement through an ISP, was alleged. There, the defendant admitted infringement by downloading. The Court said, "[m]usic downloaded for free from the Internet is a close substitute for purchased music; many people are bound to keep the downloaded files without buying originals. That is exactly what Gonzalez did for at least 30 songs."[9]

In this case, with no credible allegation of downloading, against any of the Doe Defendants, the only remaining question to decide dismissal is whether or not Doe #3

---

[5] 334 F. 3d 643
[6] 239 F.3d 1004 (N.D.Cal. July 26, 2000)
[7] *Ibid*. at 1013-14.
[8] 430 F. 3d 888 (7th Cir. 2005).
[9] *Ibid*. at 890.

"distributed" the alleged copyrighted works.  If the Plaintiffs' allegation of distributing is similarly ill-pled, then the matter should be dismissed.

The only published case with similar facts that Plaintiffs rely on to show distribution is *Arista Records LLC v. Greubel*.[10]  Doe #3 respectfully submits that *Greubel* may be decided differently under the *Twombley* standard for two reasons: 1) it is underpinned by *Hotaling v. Church of Jesus Christ of Latter-Day Saints*,[11]  where the holding concerning "offering" copyrighted works, without more, was soundly rejected by *In re Napster, Inc. Copyright Litig.*,[12] and 2) *Hotaling* acknowledges the pleading threshold for actual distribution constituting publication.

In *Hotaling*, the defendant made unauthorized copies of Plaintiffs' genealogical research work, then deposited copies in libraries throughout the United States.  The Court held that the mere offering of the copies by the library for loan amounted to distribution under 17 U.S.C. § 106(3).  *In re Napster* distinguishes the *Hotaling* holding in two key respects: 1) it is the dissemination of *unauthorized* copies that violates the statute, and 2) simply making an index of files available does not violate a copyright holder's right of distribution.

It is significant that the plaintiffs in *Hotaling* submitted uncontroverted evidence that the defendant had made actual, unauthorized copies.[13]  Without any *prima facie* showing of downloading by Doe #3, there is no unauthorized copy of Plaintiffs' works.  As noted in *BMG v. Gonzalez* Court noted, Apple iTunes, Yahoo! Music Unlimited, Real Rhapsody, and the revived Napster, offer licensed access to large collections of music.[14]  Songs on consumers' computers

---

[10] 453 F. Supp. 2d 961 (N.D. Tex. 2006).
[11] 118 F. 3d 199 (4th Cir.1997).
[12] 377 F. Supp. 2d 796, (N.D.Cal. 2005).
[13] *Hotaling v. Church of Jesus Christ of Latter-Day Saints,* 118 F. 3d 199, 201.
[14] *BMG v. Gonzalez,* 430 F. 3d 888, 891.

today contain a mix of music legally obtained from rightfully acquired CDs burned onto one's hard drive, and online purchases.

The *Greubel* court acknowledged that, "[n]otwithstanding Plaintiffs' argument and the statutory definition of "publication," not just any offer to distribute will suffice. The statute expressly limits the reach of publication by way of an offer for sale to situations where further distribution, public performance, or public display is contemplated. This is an evidentiary burden not properly disposed of by a motion to dismiss."[15] Under the *Twombley* standard, though, a dismissal does not require appearance, beyond a doubt, that plaintiff can prove no set of facts in support of claim that would entitle him to relief, although once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.[16] Plaintiffs have alleged and can show only one instance of distribution. It was to their own agent. Just as in *Twombley*, where one comment by one phone company executive was not enough to move the case beyond dismissal, one allegation of uploading to an authorized agent is not enough for Plaintiffs to survive the instant motion to dismiss for failure to state a claim upon which relief can be granted.

In its consideration of the motion to dismiss, the Court should also compare Plaintiffs claim in the supporting affidavit of Carlos Linares to their Motion for Leave to Take Immediate Discovery [Docket #2, Attachment A], to footnote 8, page 19 of Plaintiffs' Opposition. Linares says: "[u]sers of P2P networks who distribute files over a network can be identified by using [IP] addresses because the unique IP address of the computer offering the files for distribution can be captured by another user during a search or a file transfer." In the footnote, Plaintiffs attempt to explain a way the fact that they have named, by IP address only, the same Defendant one extra

---

[15] *Arista Records LLC v. Greubel* 453 F. Supp. 2d 961, 969 (internal citations omitted).
[16] *Bell Atlantic Corp., et al v. Twombley, et al,* 547 U.S. ---, 127 S.Ct. 1955, 1968-69.

time and another Defendant no less than four extra times.  In the affidavit, Plaintiffs rely on IP

addresses being unique to a single computer and traceable to a single user, but now acknowledge

that the same address can be not one but many.  This discrepancy calls into question both

Plaintiffs' *modus operendi* and *bona fides*.

### III.    DOE #3 AND ALL DOE DEFENDANTS SAVE DOE #1 SHOULD BE DISMISSED AS THEY ARE IMPROPERLY JOINED

Defendant Doe #3 will not rehash all of the arguments from his original statement of

points and authorities as Plaintiffs raise no new argument.  These allegations occurred on

different dates, concerned different Plaintiffs, different works and there is no allegation of

conspiracy or concerted effort.  In cases where copyright holders sue multiple independent

defendants, courts generally will require either concerted action or some other direct connection

between the Defendants beyond the infrastructure they use and the fact that they all happened to

be accused of a similar act.

### IV.    CONCLUSION

For the reasons set forth, the Complaint should be dismissed for failure to state a claim

upon which relief can be granted pursuant to Federal Rules of Civil Procedure, Rule 12 (b)(6).

In the alternative, Doe #3 and all Doe Defendants should be dismissed because all Doe

Defendants #2 through #19, are improperly joined.

This the 20th day of December, 2007.

Respectfully submitted,

By: /s/ Larry Harbin
Larry Harbin
MCINTYRE, HARBIN & KING, LLP
Attorney for Defendant Doe #3

500 Ninth Street SE
Washington, DC 20003
Telephone: (202) 546-1100
Facsimile: (202) 543-9230
lharbin@mhk-law.com

By: /s/ Stephen E. Robertson
Stephen E. Robertson
ROBERTSON, MEDLIN & BLOCKER, PLLC
Attorney for Defendant Does #3
125 South Elm Street, Suite 100
Greensboro, NC  27401
Telephone: (336) 378-9881
Facsimile: (336) 378-9886
srobertson@robertsonmedlin.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of December, 2007, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Matthew Jan Oppenheim
MATTHEW J OPPENHEIM, ESQ.
7304 River Falls Drive
Potomac, MD 20854
matt@oppenheimgroup.net

And I hereby certify that I will serve the document by e-mail to the following non-party:

Thomas B. Smith
Associate General Counsel - Litigation
The George Washington University
2100 Pennsylvania Avenue, NW
Washington, D.C.  20052
tbsmith@gwu.edu

By: /s/ Larry Harbin
Larry Harbin
MCINTYRE, HARBIN & KING, LLP
Attorney for Defendant Doe #3
500 Ninth Street SE
Washington, DC 20003
Telephone: (202) 546-1100
Facsimile: (202) 543-9230
lharbin@mhk-law.com

By: /s/ Stephen E. Robertson
Stephen E. Robertson
ROBERTSON, MEDLIN & BLOCKER, PLLC
Attorney for Defendant Does #3
125 South Elm Street, Suite 100
Greensboro, NC  27401
Telephone: (336) 378-9881
Facsimile: (336) 378-9886
srobertson@robertsonmedlin.com