IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Action No. 1:07-CV-01649-CKK

| | |
|---|---|
| ARISTA RECORDS, LLC, *et al*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | **DEFENDANT DOE #3 OPPOSITION TO** |
| DOES 1 – 19, ) | **PLAINTIFFS' MOTION FOR LEAVE TO** |
| ) | **FILE A SURREPLY** |
| Defendants. ) | |
| ) | |

NOW COMES Defendant Doe #3, by and through counsel, and moves the Court to deny Plaintiffs' Motion for Leave to File a Surreply, [Docket #20]. In support thereof, Defendant Doe #3 shows unto the Court as follows:

1. At paragraph 3 of Plaintiffs' Motion for Leave to File a Surreply, Plaintiffs say that the Court's Order to Show Cause ("OSC") dated November 15, 2007 [Docket #10] specifically referenced two statutes. While this is true, the OSC says:

> Based on Defendant's Motion [referring to the Motion to Quash and for other relief at Docket #8] Plaintiffs are ordered to show cause as to why Defendant's Motion to Quash should not be granted …. OSC ¶ 1.
>
> ORDERED that the Plaintiffs shall show cause as to why Defendant's Motion to Quash should not be granted as to Doe #3, and why all other John Does are not similarly situated such that a Motion to Quash ruling would not apply to all John Does …. OSC, first and only substantive decretal paragraph.

Although the OSC contains some discussion of two specific statutes, there are no limitations on the Court's Order for Plaintiffs to Show Cause. The Court very clearly orders Plaintiffs to show cause based on Defendant's Motion.

2. At paragraph 5 of Plaintiffs' Motion for Leave to File a Surreply, Plaintiffs say that two issues were not raised in Defendant's Response. Both issues were, however, raised in Defendant Doe's Motion to Quash and for other relief: 1) asserting the First Amendment, and 2) arguing for the Court to apply a balancing test in determining whether or not to allow Plaintiffs' subpoena. The First Amendment was specifically raised at page 11:

> If Internet users could be stripped of [the ability to communicate anonymously on the internet] by a civil subpoena enforced under the liberal rules of civil discovery, this would have a significant chilling effect on Internet communications and thus on basic First Amendment rights.[1]

And Defendant Doe #3 raises the arguments, both statutory and constitutional, that students' have a right to be left alone in their internet communications at page 5:

> … these actions are solely for purposes of discovering the identities and other private personal information of individual account holders with a particular Internet Service Provider ("ISP"), in this case a university, whose records are protected by federal privacy laws. 20 U.S.C. § 1232g prohibits disclosure of student information by recipients of federal education funds, including universities.

at page 9:

> Plaintiffs do not, therefore, have any authority by which they can intrude upon an Internet users' fundamental right to privacy and anonymity in their online communications.

at page 12:

> To protect against an unjustified invasion of a John Doe defendant's right to privacy and anonymity, a plaintiff seeking discovery to identify such a defendant must therefore demonstrate "a real evidentiary basis … that the defendant has engaged in wrongful conduct."

and at page 14:

---

[1] *Doe v. 2TheMart.com*, 140 F. Supp. 1088 (W.D. Wash. 2001).

> The New Mexico Court was concerned that the disclosure of University of New Mexico Doe subscriber log files may contain highly confidential and sensitive files, disclosure of which could well be violative of the subscribers' privacy rights… [and] [t]his Court should quash the subpoena based upon these statutory student privacy protections.

Plaintiffs argument that Defendant Doe #3 has cited to a case that Plaintiffs now wish to address, should remind the Court of the child that has missed his assignment in school and now asks the teacher for a "do-over." *Mobilisa, Inc. v. Doe*, 170 P.3d 712 (Ariz. App., 2007) was published by West Publishing on November 27, 2007, two days before Plaintiffs filed their response to the OSC. The *Mobilisa* case, which Defendant Doe #3 recommends to the Court, does no more than analyze the preexisting case law concerning internet Doe defendant rights to anonymity, then recommend a three-part test. Had Plaintiffs shepardized any of several cases cited in Defendant Doe #3's Motion to Quash, prior to submitting their Response to the OSC, they would have been familiar with and able to address the *Mobilisa* analysis.[2]

3.    At paragraph 5 of Plaintiffs' Motion for Leave to File a Surreply, Plaintiffs say that Defendant's response misconstrues Exhibit A to the Complaint and relies upon an Eastern District of Virginia case. These are not newly raised issues. The Court is fully capable of assessing the merits of Plaintiffs' positions and Defendant's arguments without further exposition from Plaintiffs on both of these matters.

---

[2] Cases cited in Defendant Doe #3's Motion to Quash and analyzed by the Arizona Court of Appeals in *Mobilisa* include: *Sony Music Entm't, Inc. v. Does 1-40*, 326 F. Supp. 2d 556 (S.D.N.Y. 2004), *Doe v. 2TheMart.com*, 140 F. Supp. 1088 (W.D. Wash. 2001), Dendrite Int'l, Inc. v. John Doe No. 3, 342 N.J. Super. 134, and *Columbia Insurance Co. v. Seescandy.com*, 185 F.R.D. 573 (N.D. Cal. 1999).

WHEREFORE, Defendant Doe #3 respectfully requests that the Court deny Plaintiffs' Motion for Leave to File a Surreply in Support of Response to Order to Show Cause.

Respectfully submitted,

By: /s/ Larry Harbin
Larry Harbin
MCINTYRE, HARBIN & KING, LLP
Attorney for Defendant Doe #3
500 Ninth Street SE
Washington, DC 20003
Telephone: (202) 546-1100
Facsimile: (202) 543-9230
lharbin@mhk-law.com


By: /s/ Stephen E. Robertson
Stephen E. Robertson
ROBERTSON, MEDLIN & BLOCKER, PLLC
Attorney for Defendant Doe #3
125 South Elm Street, Suite 100
Greensboro, NC  27401
Telephone: (336) 378-9881
Facsimile: (336) 378-9886
srobertson@robertsonmedlin.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on the ___ day of _____, 2007, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Matthew Jan Oppenheim
MATTHEW J OPPENHEIM, ESQ.
7304 River Falls Drive
Potomac, MD 20854
matt@oppenheimgroup.net

  And I hereby certify that I will serve the document by e-mail to the following non-party:

Thomas B. Smith
Associate General Counsel - Litigation
The George Washington University
2100 Pennsylvania Avenue, NW
Washington, D.C.  20052
tbsmith@gwu.edu

         By: /s/ Larry Harbin
         Larry Harbin
         MCINTYRE, HARBIN & KING, LLP
         Attorney for Defendant Doe #3
         500 Ninth Street SE
         Washington, DC 20003
         Telephone: (202) 546-1100
         Facsimile: (202) 543-9230
         lharbin@mhk-law.com


         By:  /s/ Stephen E. Robertson
         Stephen E. Robertson
         ROBERTSON, MEDLIN & BLOCKER, PLLC
         Attorney for Defendant Does #3
         125 South Elm Street, Suite 100
         Greensboro, NC  27401
         Telephone: (336) 378-9881
         Facsimile: (336) 378-9886
         srobertson@robertsonmedlin.com