UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARISTA RECORDS LLC, a Delaware limited liability company; ATLANTIC RECORDING CORPORATION, a Delaware corporation; BMG MUSIC, a New York general partnership; CAPITOL RECORDS, INC., a Delaware corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; LAFACE RECORDS LLC, a Delaware limited liability company; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; and WARNER BROS. RECORDS INC., a Delaware corporation,<br>　　　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>DOES 1 - 19,<br><br>　　　　　　　　　　　　Defendants. | Civil Action No.: 1:07-cv-01649-CKK<br><br>**PLAINTIFFS' SUR-REPLY IN SUPPORT OF RESPONSE TO ORDER TO SHOW CAUSE** |

#7819 v1

Plaintiffs respectfully submit this sur-reply in support of their Response to Order to Show Cause to address three issues raised by Defendant Doe #3 in the Response To Plaintiffs' Show Cause Order Response ("Defendant's Response").

## I. PLAINTIFFS' CITED CASES ARE PERSUASIVE AUTHORITY AND DEFENDANT'S RELIANCE ON *INTERSCOPE RECORDS V. DOES 1-7* IS MISPLACED.

Defendant attempts to discount all of the court orders granting Plaintiffs' *ex parte* applications by indicating that they are not reported in West and were unopposed. Plaintiffs do not attempt to conceal the fact that the majority of the orders to which they cite are not published, however, Plaintiffs' list of orders is illustrative of the fact that literally hundreds of courts have found Plaintiffs' discovery request proper and have granted Plaintiffs' *ex parte* application. Moreover, to the extent that Plaintiffs' have faced opposition, many Courts have ruled in Plaintiffs favor.[1] Most notable among those cases is a recent order out of the Western District of Oklahoma in which the court denied a motion to quash and concluded that Plaintiffs' discovery request was proper because the subpoena was issued pursuant to Rule 45, and not under the DMCA. *See Arista Records LLC v. Does 1-11*, No. CIV-07-568-R (W.D. Okla. Nov. 14, 2007) (denying motion to quash Rule 45 subpoena and observing that "A DMCA is a pre-litigation subpoena which is not used when the litigation preexists the subpoena.").

Additionally, Defendant's reliance on *Interscope Records v. Does 1-7*, 494 F. Supp.2d 338 (E.D. Va. 2007) is misplaced, as that court erroneously believed that the

---

[1] Attached hereto as Exhibit 1 is a list of cases in which courts have denied a Doe defendant's challenge to an *ex parte* application for leave to take immediate discovery identical to the one presently before this Court.

1

subpoena issued by plaintiffs was sought under the Cable Communications Policy Act ("Cable Act"), which it was not.[2] Thus, that court's determination is limited to a finding that, to the extent that one seeks a subpoena under the Cable Act, this is not permissible. Because Plaintiffs sought a subpoena under Rule 45, and not under the Cable Act, the *Interscope Records* case is distinguishable and not applicable here. Indeed, this was the precise conclusion reached by two cases in the Western District of Michigan involving identical requests for expedited discovery. *See LaFace Records, LLC v. Does 1-5*, 2007 U.S. Dist. LEXIS 72225, *6 (W.D. Mich. Sept. 27, 2007) (distinguished the *Interscope Records* case in published decisions granting the plaintiffs' *ex parte* application); *Arista Records, LLC v. Does 1-4*, 2007 U.S. Dist. LEXIS 85652, *6 (W.D. Mich. Nov. 20, 2007) (same). In both of these published decisions, the court granted the plaintiffs' motion to take immediate discovery under Federal Rules of Civil Procedure 26 and 45, and distinguished *Interscope Records* as a case in which the recording industry "sought subpoenas under the Cable Communication Policy Act", and in which the discovery requests were denied under the CCPA and DMCA. *Id.* These two decisions underscore Plaintiffs' position here that their discovery request is proper under Rules 26 and 45, that the CCPA and DMCA do not apply here, and that the *Interscope Records* decision is distinguishable insofar as the Eastern District of Virginia erroneously concluded that the plaintiffs sought subpoenas under Cable Communications Policy Act.

---

[2] Plaintiffs' note that because the *Interscope Records* plaintiffs did not actually seek discovery under the CCPA or DMCA, those plaintiffs have filed a motion for reconsideration of the court's order, which is still pending.

#7819 v1

II. **PLAINTIFFS' INTERESTS IN PROSECUTING THEIR COPYRIGHT INFRINGEMENT CLAIMS OUTWEIGH ANY LIMITED FIRST AMENDMENT RIGHT DEFENDANT MAY ARGUABLY HAVE.**

Defendant cites *Mobilisa, Inc. v. John Doe 1*, for the proposition that the First Amendment requires the Court to balance Plaintiffs' interests in protecting their copyrights against Defendant's right to anonymous speech, and Defendant asks this Court to adopt the standard set forth by the Arizona Court of Appeal.[3]  However, that case is distinguishable because it involved a defendant who engaged in actual speech; the defendant allegedly forwarded an employee's "intimate email" and a defamatory statement. *Mobilisa, Inc.*, 2007 Ariz. App. LEXIS, at *2-3. Thus, in that case, the First Amendment was implicated because there was actual speech. Here, the same does not hold true because Defendant's conduct consisted of downloading and distributing Plaintiffs' copyrighted works using a P2P network – a far cry from the facts in *Mobilisa*.

Notwithstanding, even if Defendant's conduct constituted a lesser form of "speech" and therefore deserved some limited constitutional protection, Defendant is only entitled to limited First Amendment protection which must give way to Plaintiffs' right to learn his or her identity. In *Sony Music,* the Court explicitly rejected an identical privacy argument in the face of nearly identical evidence, holding that the "defendants' First Amendment right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims." *Sony Music Entmt. Inc. v. Does 1-40* ("*Sony Music*"), 326 F. Supp. 2d 556, 567 (S.D.N.Y.

---

[3] Plaintiffs' note that the official LEXIS cite for this case contains a notice that the decision is "subject to further appellate review," that "motions for reconsideration or petitions for review to the Arizona Supreme Court may be pending and that "counsel [are] cautioned to make an independent determination of the status of this case." *Mobilisa, Inc. v. John Doe 1*, 2007 Ariz. App. LEXIS 225 (Nov. 27, 2007).

3

2004). In that case, the Court observed that an individual who engages in P2P file sharing "is not seeking to communicate a thought or convey an idea." *Id*. at 564. Notwithstanding, the court concluded that "arguably" a file-sharer is making a statement and is thus entitled to "some level of First Amendment Protection." The Court held, however, that this protection is limited and did not bar disclosure of the doe defendants' identities.[4] *Id*. at 564-656.

Indeed, the *Mobilisa* court acknowledged that the defendants in *Sony Music* were afforded "a lesser degree of First Amendment protection than those speakers who engaged in pure expressive speech." *Mobilisa*, 2007 Ariz. App. LEXIS 225, *11. Defendant's reliance on *Mobilisa* is therefore misplaced because the *Mobilisa* court applied a heightened standard to a case involving pure expressive speech, and in so doing it distinguished *Sony Music* as a case where the defendants were afforded limited First Amendment protection because they were not engaged in such speech. Thus, the heightened standard adopted by the *Mobilisa* court is not warranted here because the Doe defendants in this case were not engaged in pure expressive speech.[5]

---

[4] Defendant cites *Recording Indus. Ass'n of America, Inc. v. Verizon Internet Servs., Inc.* 257 F. Supp.2d 244 (D.D.C. 2003) for the proposition that "it is settled law in this Circuit that Peer to Peer file sharing is protected speech." (Defendant's Response at p. 3). This is misleading, however, as the *Verizon* court reached the same conclusion as the *Sony Music* court in concluding that the degree of First Amendment protection that should be afforded to anonymous expression on the Internet is minimal where alleged copyright infringement is the expression at issue. *See Verizon*, 257 F. Supp.2d at 260.

[5] Defendant's Response cites *Sony Music* for the proposition that allowing Plaintiffs to identify Defendant would have a chilling effect on academic speech. (Defendant's Response, p. 5). Defendant's reliance on *Sony Music* as authority for this argument ignores the holding of that case, which determined that plaintiffs' right to pursue their claims for copyright infringement outweighed whatever limited First Amendment right the defendants may have had. *Sony Music*, 326 F. Supp.2d at 565-567.

4

### III. PLAINTIFFS CANNOT KNOW THE IDENTITIES OF THE DOES AT THIS JUNCTURE.

Lastly, Defendant suggests that because Exhibit A to the Complaint contains repeat instances of the same IP address that this somehow undermines the validity of Plaintiffs Complaint. This is not so. Plaintiffs' investigators occasionally detect the same IP address engaging in copyright infringement at different dates and times. Indeed, for each IP address identified on Exhibit A there is a unique date and time associated with that IP address. Even though the IP address may be the same for certain Doe defendants, the dates and times differ. When this occurs, it is sometimes the case that different Doe defendants are later identified by their ISP as being the same person. However, it may also result that the ISP issued a particular IP address to one individual on a given date and time, but then issued that same IP address to a different individual at a later date and time. The bottom line is that Plaintiffs do not know, and cannot know, whether these Does are the same individual until the ISP confirms the identity of the person(s) to whom the IP address was assigned at each particular date and time. Thus, Plaintiffs allege that each Doe is a unique individual for purposes of making this determination.

Respectfully submitted,

Dated:     December 26, 2007          /s/ Matthew J. Oppenheim

Matthew J. Oppenheim (D.C. Bar No. 443698)
The Oppenheim Group
7304 River Falls Drive
Potomac, MD  20854
(301) 299-4986
Attorney for Plaintiffs

5

#7819 v1

**EXHIBIT 1**

Arista Records LLC v. Does 1-11, No. 07-cv-568-R (W.D. Okl. Nov. 14, 2007)

Arista Records LLC v. Does 1-15, No. 07-cv-450-MHW-NMK (E.D. Ohio Nov. 5, 2007)

Warner Bros. Records, Inc. v. Does 1-53, No. 07-cv-0234-S (W.D. Wis. Jun. 14, 2007)

Atlantic Recording Corp. v. Does 1-25, No. 05-cv-9111 (LTS) (DFE) (S.D.N.Y. Jun. 5, 2006)

Loud Records v. Does 1-250, No. 06-cv-01580 CW (EDL) (N.D. Cal. June 16, 2006)

Warner Bros. Records v. Does 1-149, 05-cv-8365 (RO) (S.D.N.Y. Jun. 7, 2006).

Loud Records v. Does 1-74, No. 04-cv-9881(RWS) (S.D.N.Y. Oct. 12, 2005)

Interscope Records v. Does 1-100, No. 05-cv-7667(RJH) (S.D.N.Y. Apr. 6, 2006)

UMG Recordings v. Does 1-89, No. 1:05-cv-1979-TWT (N.D. Geor. Mar. 10, 2006)

Maverick Recording Co. v. Does 1-21, No. 05-cv-01417-WDM-PAC (D. Colo. Jan. 25, 2006)

Atlantic Recording Corp. v. Does 1-25, No. 05-cv-9111(LTS) (S.D.N.Y. Jan. 3, 2006)

Motown Records v. Does 1-99, No. 05-cv-9112 (NRB) (S.D.N.Y. July 6, 2006)

#7819 v1

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 26th day of December 2007, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Lawrence Harbin
McIntyre, Harbin & King, LLP
500 Ninth Street SE
Washington, DC  20003
lharbin@mhk-law.com

Attorney for Defendant Doe #3

And I hereby certify that I will serve a true and correct copy of the foregoing document by e-mail to the following:

Thomas B. Smith
Associate General Counsel – Litigation
The George Washington University
2100 Pennsylvania Avenue, NW
Washington, DC  20052
tbsmith@gwu.edu

Stephen E. Robertson
Robertson, Medlin & Blocker, PLLC
125 South Elm Street, Suite 100
Greensboro, NC  27401
srobertson@robertsonmedlin.com
Attorney for Defendant Doe #3

*/s/ Matthew J. Oppenheim.*
MATTHEW J. OPPENHEIM.