UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARISTA RECORDS LLC, *et al.*,<br><br>    Plaintiffs,<br><br>      v.<br><br>JOHN DOES 1-19,<br><br>    Defendants. | Civil Action No. 07-1649 (CKK) |

**MEMORANDUM OPINION**
(April 28, 2008)

This is a copyright infringement case in which Plaintiffs, ten music and recording entities, allege that nineteen unidentified "John Doe" Defendants infringed their copyrighted recordings by downloading and/or distributing the recordings using an online media distribution system.[1] Simultaneous with the filing of their Complaint, Plaintiffs filed an *ex parte* Motion for Leave to Take Immediate Discovery by serving a subpoena on non-party Internet Service Provider, The George Washington University ("GW"), to obtain identifying information for each Defendant. The Court initially granted the Motion for Leave and Plaintiffs served a subpoena on GW. Prior to GW's response, Counsel for John Doe #3 filed a Motion with the Court seeking to (i) vacate the Court's Order granting leave to take immediate discovery, (ii) quash Plaintiffs' subpoena, and (iii) dismiss Plaintiffs' Complaint. GW also filed a Motion seeking an extension of time to respond to the subpoena given Defendant's Motion, which the Court held in abeyance. After thoroughly reviewing the submissions of the Parties and non-Party GW, including all of the

---

[1] John Does # 1, 9, 18, and 19 have been voluntarily dismissed from this action pursuant to Fed. R. Civ. P. 41(a)(1)(i). *See* dckt. entries [13, 18, 19].

attachments thereto, applicable statutory authority and case law, the Court shall grant in part and deny in part Defendant's [8] Motion to Vacate the Court's Order dated October 11, 2007, to Quash the Subpoena, and to Dismiss Plaintiffs' Complaint, and deny as moot GW's [9] Motion for Extension of Time to respond to Plaintiffs' subpoena, for the reasons that follow.

## I.  BACKGROUND

Plaintiffs filed their Complaint on September 19, 2007, alleging that "each Defendant, without the permission or consent of Plaintiffs, has continuously used, and continues to use, an online media distribution system to download and/or distribute to the public certain" musical recordings.  Compl. ¶ 19.  The Complaint further alleges that Plaintiffs are "copyright owners or licensees of exclusive rights" of the recordings, *id.* ¶ 17, that each of the recordings is "the subject of a valid Certificate of Registration issued by the Register of Copyrights to each Plaintiff," *id.* ¶ 17, and that Plaintiffs have placed proper notices of copyright on each respective album cover of each of the recordings pursuant to 17 U.S.C. § 401, *id.* ¶ 20.  Plaintiffs' Complaint identifies each Defendant by an Internet Protocol ("IP") address, and includes corresponding lists of the recordings allegedly infringed by each Defendant.  *Id.*, Ex. A (IP addresses and recordings associated with each Defendant).

Simultaneous with the filing of their Complaint on September 19, 2007, Plaintiffs filed an *ex parte* [3] Motion for Leave to Take Immediate Discovery.  The Motion explained that Plaintiffs had identified each Defendant by an IP address assigned on the date and the time of each Defendant's allegedly infringing conduct.  *See* Pl.'s Mot. for Leave at 2.  The Motion also explained that Plaintiffs gathered evidence of each Defendant's infringing activities, including evidence of "every file (at times numbering in the thousands) that each Defendant illegally

distributed to the public." *Id.* Without the ability to serve immediate discovery on the Internet Service Provider ("ISP"), however, Plaintiffs indicated that they were unable to ascertain the true identities of the Defendants. *Id.* at 2-3 & n.2. Accordingly, the Motion sought leave of Court to serve a subpoena on GW, the ISP, to obtain identifying information for each Defendant. *Id.* at 7-8.

  The Court granted Plaintiffs' Motion for Leave to Take Immediate Discovery in an Order and accompanying Memorandum Opinion on October 11, 2007. Based on the allegations in Plaintiffs' Complaint and the representations in Plaintiffs' Motion, the Court found that expedited discovery was appropriate and necessary because "Defendants must be identified before this suit can progress further." Mem. Op. at 2 (Oct. 11, 2007). Accordingly, the Court authorized Plaintiffs to serve immediate discovery on GW to obtain "information sufficient to identify each Defendant, including name, current (and permanent) addresses, telephone numbers, email addresses, and Media Access Control addresses." *Id.* The Court also ordered GW to notify the Defendants within five business days after receiving a subpoena from Plaintiffs, and to preserve the subpoenaed information pending resolution of any timely filed motion to quash. *Id.* Finally, the Court's Memorandum Opinion stated that it was ordering disclosure of the information pursuant to 47 U.S.C. § 551(c)(2)(B), which authorizes cable operators to disclose personally identifiable information when cable operators are ordered to do so by a court. *Id.*

  On November 13, 2007, John Doe #3 filed the instant [8] Motion to Vacate the Court's Order Granting Expedited Discovery, to Quash the Subpoena, and to Dismiss the Complaint. The Motion argued, *inter alia*, that Plaintiffs' discovery was not authorized by 47 U.S.C. § 551(c)(2)(B), because that statute only applies in the context of a cable operator, and GW is not a

3

cable operator. *See* Def.'s Mot. at 8. After reviewing Defendant's Motion, the Court ordered Plaintiffs to show cause as to why Defendant's Motion to Quash should not be granted and ordered further briefing with respect to Defendants' other arguments concerning dismissal of Plaintiffs' Complaint. *See* [10] Order at 1 (Nov. 15, 2007); Minute Orders dated Nov. 15, 2007. GW also filed a [9] Motion seeking an extension of time to respond to Plaintiffs' subpoena, which the Court held in abeyance pending resolution of Defendant's Motion.[2] *See* Minute Order dated Nov. 15, 2007.

Plaintiffs responded to the Court's Show Cause Order on November 29, 2007, indicating that their Motion for Leave to Serve Immediate Discovery was based on Federal Rules of Civil Procedure 26 and 45, and *not* 47 U.S.C. § 551(c)(2)(B). Pls.' Resp. to Ct. at 2. Although Plaintiffs are correct that their Motion did not expressly rely on 47 U.S.C. § 551(c)(2)(B) for support, Plaintiffs overlook the fact that their Motion attached copies of orders in similar cases that *did* expressly rely on that statute. *See, e.g.*, Pls.' [3] Mot., Ex. B at 6-7 (*Sony BMG Music Entm't v. Does 1-12*, Civ. A. No. 07-232 (S.D.W.Va . Apr. 27, 2007)). In any event, Plaintiffs concede that 47 U.S.C. § 551(c)(2)(B) does not apply in the instant proceedings, and have clarified their position that the Federal Rules of Civil Procedure provide the appropriate basis for proceeding with expedited discovery. *See* Pls.' Resp. to Ct. at 8-9. Accordingly, Plaintiffs ask that the Court discharge its Show Cause Order and permit GW to respond to Plaintiffs' subpoena. *Id.* at 8.

The Parties followed Plaintiffs' Response to the Court's Show Cause Order with a flurry

---

[2] The Court's Minute Order dated November 15, 2007 also stated that "[c]onsistent with the Court's October 11, 2007 Order, GW shall continue to preserve the information sought by the subpoena pending resolution of [Defendant's] Motion."

of submissions. On December 6, 2007, Plaintiffs filed an Opposition to Defendant's Motion to Vacate, Quash, and Dismiss. On December 13, 2007, Defendant filed a Response to Plaintiff's Response to the Court's Show Cause Order.[3] On December 25, 2007, Plaintiffs filed a Motion for Leave to file a Sur-Reply, which Defendant Opposed on December 28, 2007. The Court granted Plaintiffs leave to file a Sur-Reply on December 28, 2007.

## II. LEGAL STANDARDS AND DISCUSSION

The pending motions require the Court to determine whether Plaintiffs' subpoena should be quashed (and, relatedly, whether the Court should vacate its previous Order granting leave to take immediate discovery) and whether Plaintiffs' Complaint should be dismissed. The Court shall address these issues in turn.

*A.    Motion to Quash Subpoena and Vacate Order Granting Expedited Discovery*

Defendant's Motion offers four reasons as to why the Court should quash Plaintiffs' subpoena: (1) Plaintiff's subpoena is not authorized by 47 U.S.C. § 551(c)(2)(B); (2) Plaintiff's subpoena is not authorized by the Digital Millennium Copyright Act of 1984, 17 U.S.C. § 512(h); (3) Plaintiff's subpoena is not authorized by the Federal Rules of Civil Procedure; and (4) the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g(b)(2), prohibits disclosure of the information sought by Plaintiffs' subpoena. *See* Def.'s Mot. at 7-14.

The first and second grounds raised by Defendant do not require discussion because Plaintiffs concede that neither statute authorizes Plaintiffs' subpoena in this case. *See* Pls.' Opp'n at 5-6. The fourth ground raised by Defendant does not require extended discussion. Although

---

[3] Non-party GW also filed a Reply to Plaintiff's Response to the Court's Show Cause Order on December 13, 2007, asking the Court to resolve Defendant's Motion as to all John Doe Defendants and not just Doe # 3.

FERPA generally prohibits disclosure of certain records by federally-funded educational institutions, the act expressly authorizes the disclosure of a student's "directory information" pursuant to a lawfully-issued subpoena or court order. *See* 20 U.S.C. § 1232g(b)(2). Directory information consists of a student's name, address, telephone listing, email address, and other identifying information. *See Id.* § 1232g(a)(5)(A). In the present action, the Court authorized Plaintiffs to serve a subpoena seeking discovery of each Defendant's name, addresses, telephone numbers, email addresses, and Media Access Control addresses. *See* [6] Order at 1-2. Because Plaintiffs' subpoena sought to discover directory information[4] and was issued pursuant to a Court order, FERPA does not prohibit disclosure of the information sought by Plaintiffs' subpoena. *See Warner Bros. Records Inc., et al. v. Does 1-6*, 527 F. Supp. 2d 1, 4-5 (D.D.C. 2007) (holding that disclosure of information by Georgetown University in response to plaintiffs' subpoena complied with FERPA).

The only remaining question with respect to Plaintiffs' subpoena concerns whether it complies with the Federal Rules of Civil Procedure. The D.C. Circuit has held that Federal Rule of Civil Procedure 26 "'vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery.'" *Watts v. Sec. & Exch. Comm'n*, 482 F.3d 501, 507 (D.C. Cir. 2007) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)). Federal Rule of Civil Procedure 26(d) explains that parties may generally serve discovery only after a Rule 26(f)

---

[4] Although neither party focuses on the Media Access Control addresses, disclosure of that information does not appear to be restricted by FERPA. *See Fonovisa, Inc. v. Does 1-9*, Civ. A. No. 07-1515, 2008 U.S. Dist. LEXIS 27170 at *27 n.14 (W.D. Pa. Apr. 3, 2008) (explaining that Media Access Control addresses identify hardware connected to the university's network and cannot be considered part of a student's "education records" as that term is defined in 34 C.F.R. § 99.3)

conference, "except . . . when authorized by . . . court order." Fed. R. Civ. P. 26(d)(1). To determine whether to authorize expedited discovery in a particular case, at least one court in this district has applied a "good cause" standard, *see Warner Bros. Records Inc.*, 527 F. Supp. at 3 ("the Court finds that plaintiffs have made a showing of good cause for the discovery they seek"), as have courts in many other districts, *see, e.g.*, *Interscope Records v. Does 1-14*, Civ. A. No. 07-4107, 2007 U.S. Dist. LEXIS 73627 at * 3 (D. Kan. Oct. 1, 2007) (finding "good cause" for expedited discovery); *Warner Bros. Records, Inc. v. Does 1-14*, Civ. A. No. 07-424, 2007 U.S. Dist. LEXIS 48829 at * 2 (D. Utah July 5, 2007) (same); *Priority Records LLC v. Does 1-12*, Civ. A. No. 04-3157 (N.D. Ga. July 15, 2005) (same).

The Court's October 11, 2007 Order and Memorandum Opinion found good cause existed to permit expedited discovery because "Defendants must be identified before this suit can progress further." Mem. Op. at 2. Although Defendant's Motion does not directly dispute the Court's analysis under the "good cause" standard, it urges the Court to apply a different standard in this case. *See* Def.'s Mot. at 10-13. Defendant argues that "[a] plaintiff in a copyright infringement case who seeks expedited discovery to uncover the identity of an unknown 'John Doe' defendant must [] make 'a concrete showing of a *prima facie* claim of copyright infringement.'" *Id.* at 11 (quoting *Sony Music Entm't Inc., v. Does 1-40*, 326 F. Supp. 2d. 556, 564-565 (S.D.N.Y. 2004)). Defendant appears to be arguing that Plaintiffs have not made this showing and, thus, Plaintiffs' subpoena must be quashed.[5] *Id.* The Court is unpersuaded by

---

[5] Defendant also argues that this alternative standard requires Plaintiffs to make an "evidentiary showing" that an infringing act "'actually occurred.'" *Id.* (quoting *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999)). Defendant has quoted this language from the *Columbia Ins. Co.* opinion without regard to its context. In that case, the court found that discovery of defendant's identity was warranted where, *inter alia*, plaintiff's

Defendant's argument.

Defendant's argument fails to distinguish the overwhelming number of cases where courts have routinely applied the "good cause" standard and permitted expedited discovery in circumstances similar to the present. *See, e.g.*, *Laface Records, LLC v. Atlantic Recording Corp.*, Civ. A. No. 07-187, 2007 U.S. Dist. LEXIS 72225 at * 4-*5 (W.D. Mich. Sept. 27, 2007) (collecting cases, applying the "good cause" standard, and holding that "discovery to allow the [identification] of 'Doe' defendants is 'routine'"); *Arista Records LLC v. Does 1-15*, Civ. A. No. 07-450 (S.D. Ohio Nov. 5, 2007) (Opinion and Order finding good cause where plaintiffs alleged copyright infringement, only the University could identify the defendants, the log files identifying the defendants were available only for a limited time, and the scope of the requested discovery was narrow).[6] Defendant's argument also fails to account for the language of Federal Rule of Civil Procedure 45(c)(3)(A), which describes the various justifications for quashing a subpoena, none of which form the basis of Defendant's instant motion to quash based on the standard applied by the Court. *See Fonovisa, Inc. v. Does 1-9*, Civ. A. No. 07-1515, 2008 U.S. Dist. LEXIS 27170 at *27-*28 (W.D. Pa. Apr. 3, 2008) (holding that none of defendant's objections "provides a basis under Rule 45(c)(3)(A) for quashing the subpoena served on [Carnegie-Mellon University] regarding Doe # 3 ").

---

complaint could withstand a motion to dismiss to "ensure that plaintiff ha[d] standing to pursue an action against defendant." *Columbia Ins. Co.*, 185 F.R.D. at 580. The court did not indicate that Plaintiff had to make an "evidentiary showing" as Defendant represents in the present matter.

[6] Defendant's proffered cases to the contrary are all factually or legally distinguishable from the case at present. *See, e.g.*, *Doe v. 2themart.com Inc.*, 140 F. Supp. 2d 1088 (W.D. Wash. 2001) (involving Internet message boards and First Amendment-protected speech).

Defendant's reliance on *Sony Music Entertainment Inc.* as support for a different standard is puzzling, as the court in that case denied the defendant's motion to quash in a case almost identical to the one at present. *See Sony Music Entm't Inc.,* 326 F. Supp. 2d. at 566. Addressing the defendant's arguments that the First Amendment required the plaintiffs to show a *prima facie* claim of copyright infringement, the court found that the plaintiffs had easily met that burden by alleging (1) "ownership of the copyrights or exclusive rights of copyrighted sound recordings at issue . . ." and (2) that "each defendant, without plaintiffs' consent, used, and continue[d] to use an online media distribution system to download, distribute to the public, and/or make available for distribution to others certain" copyrighted recordings. *Id.* at 565. Plaintiffs have made materially identical allegations in the instant case. *See* Compl. ¶ 17 (alleging that Plaintiffs are "copyright owners or licensees of exclusive rights" for certain musical recordings); ¶ 19 (alleging that "each Defendant, without the permission or consent of Plaintiffs, has continuously used, and continues to use, an online media distribution system to download and/or distribute to the public certain"). For this reason, even if the Court were to accept Defendant's proposed *prima facie* standard, Defendant's argument would nevertheless fail on its merits. *See also Warner Bros. Records, Inc. v. Henry*, Civ. A. No. 07-072, 2007 U.S. Dist. LEXIS 42935 at *4 (S.D. Ohio June 13, 2007) ("the factual allegations in Plaintiffs' Complaint establish that Plaintiffs have ownership of a valid copyright claim in the Copyright Recordings and that [Defendant], without permission, was downloading the Copyright Recordings and distributing them to the public. This is enough to establish a copyright infringement claim"). The Court therefore concludes that Plaintiffs subpoena complied with the Federal Rules of Civil Procedure regardless of which standard is applied to Plaintiffs request for expedited discovery.

Defendants' next argument is that a court may not grant leave to take expedited discovery "without a prayer for injunctive relief." Def.'s Mot. at 13. This argument is meritless, as the Federal Rules of Civil Procedure contain no such requirement, and the cases cited by the Court above involve instances where courts allowed expedited discovery in the absence of a request for a preliminary injunction. Defendant attempts to distinguish these cases and others cited by Plaintiffs by arguing that Plaintiffs "d[id] not provide proper citations" in their briefs. *See* Def.'s Resp. to Pls.' Resp. to Ct. at 2 & n.3. While the Court agrees that proper citations are both appropriate and helpful, Defendant's argument fails to distinguish the reasoning and holdings of these cases.[7]

Equally unavailing is Defendant's argument that Plaintiffs should not be permitted to serve their subpoena because the information possessed by GW is unreliable (e.g., GW student IDs and passwords may be lost or stolen) and that Plaintiffs must show a "real evidentiary basis" that Defendants have "engaged in wrongful conduct" prior to being allowed to conduct discovery. *See* Def.'s Mot. at 12 (quoting *Highfields Capital Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969, 970 (N.D. Cal. 2005)) (internal quotations omitted). Defendant attaches the Declaration of Thomas J. Swanton who provides various explanations as to why Defendants may not be liable for the conduct alleged in Plaintiffs' Complaint. *See* Def.'s Mot., Ex. 2 ¶ (Decl. of Thomas J. Swanton). The Court declines to review Defendant's factual and technical arguments based on Mr.

---

[7] The Court notes that Defendant again cites to cases that provide no support for its argument. For example, Defendant relies heavily on *Qwest Commc'ns Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418 (D. Colo. 2003), for the proposition that a party requesting expedited discovery must seek a preliminary injunction. *See* Def.'s Mot. at 13. In fact, the court in that case applied a "good cause" standard to Plaintiffs' request for expedited discovery, and held that good cause *could* be shown where a party seeks a preliminary injunction – not that a party *must* seek a preliminary injunction. *Qwest Commc'ns Int'l, Inc.*, 213 F.R.D. at 419.

Swanton's declaration because they are unrelated to any appropriate inquiry associated with a motion to quash. *See* Fed. R. Civ. P. 45(c)(3) (describing grounds for quashing a subpoena).  If Defendant "believes that [her or she] has been improperly identified by the ISP, [Defendant] may raise, at the appropriate time, any and all defenses, and may seek discovery in support of its defenses." *Fonovisa, Inc.*, 2008 U.S. Dist. LEXIS 27170 at *28.

Defendant's final argument with respect to Plaintiffs' subpoena is that file sharing is protected speech under the First Amendment and that Defendants have the right to speak anonymously.  *See* Defs.' Resp. to Pls.' Resp. to Ct. at 3-6.  Accordingly, Defendant invites the Court to quash Plaintiffs' subpoena based on "the multi-part test" adopted by the Arizona Court of Appeals in *Mobilisa, Inc. v. John Doe 1*, 170 P.3d 712 (Ariz. App. 2007) (setting forth a multi-part test requiring a plaintiff to show, among other elements, that its claims could survive a motion for summary judgment).  *Id.* at 4.  The Court declines Defendant's invitation because *Mobilisa, Inc.* involved *actual* speech.  *See Mobilisa, Inc.*, 170 P.3d at 715 (describing an intimate email sent from plaintiff's protected computer system that was the focus of the lawsuit's trespass to chattels claim).  The "speech" at issue in this case is Defendant's alleged infringement of Plaintiffs' copyrights.  Not surprisingly, courts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the "speech" is the alleged infringement of copyrights.  *See Fonovisa, Inc.*, 2008 U.S. Dist. LEXIS 27170 at * 32 ("a Doe Defendant, who allegedly used the internet to unlawfully download and disseminate copyrighted sound recordings, has a minimal expectation of privacy in remaining anonymous"); *Sony Music Entm't Inc.*, 326 F. Supp. 2d at 567 (examining defendant's First Amendment claims on facts materially similar to the present and concluding that "defendants' First Amendment right to

remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims"); *Arista Records LLC v. Does 1-11*, Civ. A. No. 07-568 (W.D. Okla. Nov. 14, 2007) (Order holding that "[t]he Doe Defendants' First Amendment rights are not implicated because the information sought by the subpoena does not infringe their rights to engage in protected speech"). In fact, the *Mobilisa, Inc.* court even recognized that the right to speak anonymously is not absolute, and there are situations that require lesser degrees of First Amendment protection, citing *Sony Music Entertainment, Inc. See Mobilisa, Inc.*, 170 P.3d at 717-18. Consistent with *Sony Music Entertainment, Inc.* and the other cases cited by the Court above, the Court finds that Plaintiffs' need for disclosure outweighs any First Amendment interest claimed by Defendant.[8]

For these reasons, the Court denies Defendant's Motion insofar as it seeks to quash Plaintiffs' subpoena. Because the Parties' briefing has, however, revealed that the Court incorrectly referenced 47 U.S.C. § 551(c)(2)(B) in its October 11, 2007 Memorandum Opinion, the Court shall vacate its October 11, 2007 Order and Memorandum Opinion, and reissue them

---

[8] As part of Defendant's request to have the Court adopt the analysis set forth in *Mobilisa, Inc.*, Defendant asks the Court to take into account that Doe # 3 is a university student who has a high expectation of privacy, that he must spend time defending this lawsuit rather than focusing on his studies, that Plaintiffs have not employed other means to obtain Defendant's identity, and that the IP address information obtained by Plaintiffs may not be reliable. *See* Def.'s Resp. to Pls.' Resp. to Ct. at 4-5. The Court need not discuss these considerations at length because it is declining Defendant's request to adopt the *Mobilisa, Inc.* inquiry. Nevertheless, the Court notes that Defendant's privacy interest as a student does not allow him to infringe others' intellectual property, and that, if Plaintiffs' allegations are correct, Defendant has already taken time away from his studies by infringing on Plaintiffs' copyrights. Defendant also fails to explain how Plaintiffs could otherwise obtain Defendant's identity and why that would even matter in the context of Defendant's First Amendment rights. Finally, whether or not the information supplied by GW is reliable is an area into which Defendant may inquire at the appropriate time in discovery.

without reference to that statute.  The Court's reissued order shall also require GW to respond to Plaintiffs' subpoena within 5 business days.  For that reason, the Court shall deny as moot GW's [9] Motion for an extension of time to respond to Plaintiffs' subpoena.  Finally, the Court shall discharge its [10] Show Cause Order.

      B.      *Motion to Dismiss*

Defendant's Motion argues that this case should be dismissed because Plaintiffs have failed to allege a claim of copyright infringement.  *See* Def.'s Mot. at 14-18.  A claim for copyright infringement requires plaintiffs to allege: (1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original.  *See Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  Plaintiffs' Complaint alleges the first of these elements: Plaintiffs are "copyright owners or licensees of exclusive rights" of certain musical recordings, and that each of the recordings is "the subject of a valid Certificate of Registration issued by the Register of Copyrights to each Plaintiff."  Compl. ¶ 17.  Plaintiffs' Complaint also alleges the second of these elements:  "each Defendant, without the permission or consent of Plaintiffs, has continuously used, and continues to use, an online media distribution system to download and/or distribute to the public certain" musical recordings.  Compl. ¶ 19.

Defendant acknowledges these allegations but argues they are insufficient because "distribution" is not an "infringement" unless there is "actual dissemination of either copies or phonorecords."  Def.'s Mot. at 15 (quoting Nimmer on Copyright, § 8.11(a) at 9-137.  Not only does this argument overlook the language of Plaintiffs' Complaint which alleges "distribution" of the musical recordings, Compl. ¶ 19, Defendant's argument also cannot overcome the overwhelming number of cases where courts have found similar allegations of downloading and

distributing musical recordings to constitute proper copyright infringement claims. *See MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 923 (2005) (describing file sharing as copyright infringement); *BMG Music v. Gonzalez*, 430 F.3d 888, 891 (7th Cir. 2005) (explaining that the act of downloading unauthorized copies of a copyrighted work may constitute infringement where it "undermines the means by which authors seek to profit"), *cert. denied*, 547 U.S. 1130 (2006); *Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 392-93 (C.D. Cal. 2005) (finding that the allegations of downloading and/or distributing musical recordings "set forth the elements necessary to satisfy the Plaintiffs' copyright infringement cause of action"); *Sony Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 565-66 (S.D.N.Y. 2004) ("the use of [Peer to Peer] systems to download and distribute copyrighted music has been held to constitute copyright infringement").[9] Defendant also argues, without reference to a single case, that a defendant cannot be liable for copyright infringement where he or she is not alleged to have received a "direct or indirect commercial advantage." Def.'s Mot. at 15-16. Once again, relevant legal authorities suggest the opposite. *See Feist Publications, Inc.*, 499 U.S. at 361 (setting forth the two elements for of a copyright infringement cause of action, neither of which is a showing of commercial advantage); *LaSalle Music Publishers, Inc. v. Highfill*, 831 F.2d 300, 1987 U.S. App. LEXIS 13352 at * 4 (8th

---

[9] While Defendant attempts to proffer contrary cases, all are either factually distinguishable or decided in the context of summary judgment motions. Defendant also attempts to distinguish several of Plaintiffs' cases, but is utterly unconvincing. For example, Defendant argues that *BMG Music v. Gonzalez*, 430 F.3d 888 (7th Cir. 2005), is distinguishable because the defendant "admitted infringement by downloading" in that case, and here, there is "no credible allegation of downloading." Def.'s Reply at 3. In addition to the obvious distinguishing fact that *BMG Music* was decided on a motion for summary judgment (not a motion to dismiss), the defendant in *BMG Music* did *not* admit to infringement, but instead argued that her activity involved "fair use" of the copyrighted recordings, a question which she sought to present to a jury. 430 F.3d at 889-890.

Cir. 1987) (holding that infringing activity need not be "for profit").

Defendant also contends that the Complaint contains insufficient factual allegations "sufficient to support their claim for relief." Defs.' Mot. at 17 & n.34 (citing *Bell Atlantic Corp. v. Twombly*, – U.S. –, 127 S. Ct. 1955, 1965 (2007)). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court held that a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which its rests.'" 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although "detailed factual allegations" are not necessary to withstand a motion to dismiss, a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 1964-65. Instead, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (citations omitted).[10]

In the present case, Plaintiffs' Complaint alleges that "each Defendant, without the permission or consent of Plaintiffs, has continuously used, and continues to use, an online media distribution system to download and/or distribute to the public certain" musical recordings. Compl. ¶ 19. The Complaint further alleges that each Plaintiff is a "copyright owner[] or licensee[] of exclusive rights" of the recordings, and that each of the recordings is "the subject of a valid Certificate of Registration issued by the Register of Copyrights to each Plaintiff." *Id.* ¶ 17.

---

[10] Because the Court must take all well-pled allegations as true for purposes of a Motion to Dismiss, *see Bell Atlantic Corp.*, 127 S. Ct. at 1965, Defendant's argument that there is "no credible allegation of downloading[] against any of the Doe Defendants," Def.'s Reply at 3, misses the mark.

Plaintiffs' Complaint identifies each Defendant by IP address, and includes a corresponding list of recordings allegedly infringed by each Defendant. *Id.*, Ex. A (IP addresses and list of recordings for each Defendant). At this early stage of the case, these allegations (taken as true) are more than sufficient to find that Plaintiffs' right to relief rises "above the speculative level" described in *Bell Atlantic v. Twombly*. *See Elektra Entm't Grp. Inc. v. Serrano*, Civ. A. No. 06-5025 (E.D. Pa. May 1, 2007) (order holding that "Plaintiffs have sufficiently alleged the 'what, how, and when' necessary for their Complaint to survive Defendant's motion" on facts materially similar to those at present).[11]

Finally, Defendant argues that Plaintiffs' infringement claims should be dismissed because the Defendants are improperly joined together in this suit. *See* Def.'s Mot. at 18-24. While the Court notes that the remedy for improper joinder is severance and not dismissal, *see* Fed. R. Civ. P. 21 ("[m]isjoinder of parties is not a ground for dismissing an action"), the Court also finds that this inquiry is premature without first knowing Defendants' identities and the actual facts and circumstances associated with Defendants' conduct. Accordingly, the Court shall deny Defendant's Motion to Dismiss for the reasons stated above. The denial, however, shall operate without prejudice as to Defendant's arguments concerning misjoinder, as it may be the case that

---

[11] Defendant repeatedly highlights the fact that Plaintiffs have identified several of the same IP addresses as different John Doe Defendants. According to Defendant, "[t]his discrepancy calls into question both Plaintiffs' *modus operendi* and *bona fides*." Def.'s Reply at 6. The Court finds that it does neither, as Plaintiffs explain that the same Defendant may have engaged in multiple acts of infringement or the same IP address may have been issued to different individuals at different date and times. The fact remains that this inquiry is an appropriate one *after* Defendants have been identified and once such arguments may be explored using actual facts and not speculation. *See Arista Records LLC v. Does 1-11*, Civ. A. No. 07-568 (W.D. Okla. Nov. 14, 2007) ("[i]f [defendants] claim someone else used their computers without their knowledge, that is a matter for their defense. But the Plaintiffs do not have to prove the merits of their case to obtain the discovery sought.").

after the actual facts and circumstances of Defendants' conduct are known, severance may be appropriate. *See Fonovia, Inc.*, 2008 U.S. Dist. LEXIS 27170 at *11-*21 (ordering the claims against defendants to be severed).

### III. CONCLUSION

For the reasons set forth above, the Court shall grant in part and deny in part John Doe #3's [8] Motion to Vacate the Court's Order dated October 11, 2007, to Quash the Subpoena, and to Dismiss Plaintiffs' Complaint. The Court shall vacate and reissue its October 11, 2007 Order and Memorandum Opinion, which shall require GW to respond to Plaintiffs' subpoena within five business days. Defendant's Motion to Quash and Motion to Dismiss shall be denied; however, the denial shall operate without prejudice as to Defendant's arguments based on misjoinder. The Court shall discharge its [10] Show Cause Order. GW's [9] Motion for Extension of Time to respond to Plaintiffs' subpoena shall be denied as moot. An appropriate Order accompanies this Memorandum Opinion.

Date:    April 28, 2008

                                            */s/*
                                            COLLEEN KOLLAR-KOTELLY
                                            United States District Judge