IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARISTA RECORDS, et al.

        Plaintiffs,

  v.

DOE, et al.,

        Defendants.

Civ. No. 07-1649-CKK

**MOTION TO CONTINUE DATE
TO RESPOND TO SUBPOENA DUCES TECUM**

On May 9, 2008, Doe No. 3 filed a motion with the Court seeking reconsideration of the Orders the Court entered on April 28 [dkt. 29]. That motion also asks the Court to stay execution of the subpoena plaintiffs served on non-party The George Washington University ("GW"). Consistent with prior proceedings in this case, and to ensure that the Court's rulings apply equally to all defendants, GW seeks to continue the date for its response to plaintiffs' subpoena until the Court resolves Doe No. 3's motion.

As grounds for this relief, GW states as follows:

1.    Plaintiffs allege they have identified 19 Internet Protocol ("IP") addresses assigned to users of GW's computer network that were used to download or distribute musical recordings for which plaintiffs hold copyrights. In September 2007 plaintiffs filed suit in this Court and immediately sought leave to serve a subpoena on GW to determine the identities of individuals to whom these IP addresses were assigned.

2.    In October 2007 the Court granted plaintiffs' motion. Plaintiffs then served a subpoena on GW seeking the "names, current and permanent addresses,

telephone numbers, e-mail addresses, and Media Access Control addresses" of the individuals to whom the 19 IP addresses had been assigned.

3. In November 2007 counsel for one of these individuals – Doe No. 3 – moved to quash plaintiffs' subpoena, and GW moved to continue the response date for the subpoena until the Court resolved that motion. The Court then ordered plaintiffs to show cause why the subpoena should not be quashed as to Doe No. 3 and why its ruling should not also apply to the other defendants. Plaintiffs filed their responses to the Court's Orders in late November.

4. On April 28, 2008 the Court denied Doe No. 3's motion to quash and allowed plaintiffs to serve their subpoena [dkts. 25-28].

5. On May 9, 2008, Doe No. 3 filed a motion requesting reconsideration of the Court's ruling and asking the Court to stay execution of the subpoena served on GW [dkt. 29]. The principal argument advanced in the motion is that both plaintiffs and defendants are improperly joined in the Complaint, and that severance is appropriate before any plaintiff should be allowed to proceed with third party discovery.

6. The return date for plaintiffs' subpoena should be continued until the Court resolves Doe No. 3's motion.

    a. Continuing the return date for the subpoena would be consistent with the way the Court has managed this case. When Doe No. 3 filed the motion to quash last fall, and GW asked to continue its response until that motion was resolved, the Court held the latter motion in abeyance until the former motion was decided, instructing GW to maintain the responsive information it had located until that time. The effect of those rulings was to allow the Court to consider the challenge

to plaintiffs' subpoena before GW was required to respond to it, without prejudicing the plaintiffs. The same would be true if GW's response were continued until the present motion was decided.

b. The arguments advanced by Doe No. 3 are not based any facts or circumstances unique to Doe No. 3. Instead, the motion challenges the ability of plaintiffs to proceed against defendants in the manner they have chosen. The Court's ruling on the motion will apply equally to all defendants.

c. GW respects the right of copyright holders to protect their intellectual property. But GW also has an interest in making sure that members of the University community are treated fairly. Those interests would both be served by continuing the response date for the subpoena until the Court resolves Doe No. 3's pending motion for reconsideration.

## Rule 7(m) Conference

During the morning of May 12, 2008, counsel for GW telephoned plaintiffs' counsel to request his consent to the filing of this motion. Counsel did not reach plaintiffs' counsel, so he left a message stating the purpose of the call and asking for a return call on May 12 if plaintiffs' counsel would consent to the relief sought herein. As of the filing of this motion, consent had not been obtained.

## Conclusion

For the reasons discussed herein, GW respectfully seeks leave to continue the return date in plaintiffs' subpoena until the Court resolves the pending motion for reconsideration filed by Doe No. 3 in this matter.

                                                          Respectfully submitted,

                                                          s/Thomas B. Smith
Thomas B. Smith
D.C. Bar No. 412192
Associate General Counsel
The George Washington University
2100 Pennsylvania Avenue, NW
Washington, D.C.  20052
Tel. (202) 994-6503
Fax (202) 994-4640
tbsmith@gwu.edu

Counsel for Non-Party
The George Washington University

Date:   May 12, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARISTA RECORDS, et al.<br><br>    Plaintiffs,<br><br>v.<br><br>DOE, et al.,<br><br>    Defendants. | Civ. No. 07-1649-CKK |

**ORDER CONTINUING DATE TO RESPOND TO SUBPOENA DUCES TECUM**

Upon consideration of the Motion to Continue Date To Respond To Subpoena Duces Tecum filed by non-party The George Washington University ("GW"), and after reviewing all the facts and circumstances herein, it is hereby

ORDERED that GW's Motion be and hereby is GRANTED. And it is further

ORDERED that the date for GW to respond to the subpoena served by plaintiffs is continued until the Court rules on the Motion for Reconsideration filed by Doe No. 3 on May 9, 2008 [dkt. 29], or such other date as the Court may hereafter determine.

SO ORDERED.

_____
United States District Judge

Dated:_____

Serve:  All counsel of record by ECF