UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARISTA RECORDS LLC, a Delaware limited liability company; ATLANTIC RECORDING CORPORATION, a Delaware corporation; BMG MUSIC, a New York general partnership; CAPITOL RECORDS, LLC, a Delaware limited liability company; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; LAFACE RECORDS LLC, a Delaware limited liability company; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; and WARNER BROS. RECORDS INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> DOES 1-19, <br><br> Defendant. | Civil Action No.:  1:07-cv-01649-CKK |

**OPPOSITION TO DEFENDANT DOE #3'S MOTION TO RECONSIDER, SEVER, AND STAY SUBPOENA**

Plaintiffs, through their undersigned counsel, submit the following Opposition to Defendant Doe #3's Motion to Reconsider, Sever, and Stay Subpoena ("Defendant's Motion"). For the reasons set forth below, Plaintiffs request that the Court deny Defendant's Motion as moot.

**INTRODUCTION AND SUMMARY OF ARGUMENT**

Defendant Doe #3 ("Defendant") claims that joinder in this case is improper because Plaintiffs do not allege a common nexus of fact sufficient to "meet the transaction test set forth in

1

#1333411 v2

Rule 20".[1]  Defendant is wrong for several reasons.  In this case, joinder is appropriate under the standards articulated in the Federal Rules of Civil Procedure because Plaintiffs' claims against all of the defendants arise out of a logically-related series of transactions or occurrences. Defendants have participated in a common scheme to commit the infringing activity that underlies Plaintiffs' Complaint.  The commonality of defendants' actions is further shown by the University's discovery response which indicated that four of the defendants who were identified by Plaintiffs' investigation were caught engaging in multiple acts of copyright infringement.

Joinder also best serves the goals of efficiency and judicial economy by allowing the Court to address issues common to the parties in one proceeding.  Joinder also allows the Doe Defendants a cost-effective way to assert their common defenses and allows the University a cost-effective way to respond to a single subpoena.  This issue has been considered in hundreds of cases throughout the country.  A substantial majority of these cases have also found joinder to be proper.  Plaintiffs respectfully request this Court to continue to apply the majority approach regarding joinder.

Finally, the Court need not address joinder at this stage of the proceedings because the issue is moot.  Plaintiffs have now obtained discovery from the University.  Plaintiffs have learned that neither Defendant nor any of the other defendants are domiciled in the District of Columbia.  Accordingly, pursuant to FED. R. CIV. P. 41(a)(1)(A)(i), Plaintiffs are filing a separate notice of dismissal of all defendants without prejudice.  Plaintiffs intend to file suit against Defendant in the District where he is domiciled without including the other defendants.

---

[1] Defendant also requested that discovery be stayed while Defendant's Motion is pending.  The Internet Service Provider, George Washington University (the "University"), previously moved the Court to continue its response until Defendant's Motion was resolved.  By Order dated May 12, 2008, the Court concluded that "[i]mproper joinder is not an appropriate basis to quash Plaintiffs' subpoena, and it is therefore not a basis to continue the date by which [the University] must respond to the subpoena."  (citations omitted).

**ARGUMENT**

1.  **THE COURT PROPERLY CONCLUDED THAT CONSIDERATION OF JOINDER WAS PREMATURE**

In its order dated April 28, 2008, (the "Order"), the Court properly concluded that resolution of the joinder issue was "premature without first knowing Defendants' identities and the actual facts and circumstances associated with Defendants' conduct." Order at 16. In rejecting Defendant's argument the Court also noted that evaluation of Defendants' arguments is appropriate "after Defendants have been identified and once such arguments may be explored using actual facts and not speculation." *Id* at Fn. 11.

The Court's conclusion is in agreement with other courts that have held that the issues of joinder can and should properly be considered after all parties are before the Court. *See Loud Records, LLC, et al. v. Does 1-251*, No. C-05-1202-WHA (N.D. Cal. April 18, 2005) (J. Alsup) (allowing case to proceed as filed after requesting supplemental briefing on the propriety of joinder); *Sony Music Entertainment v. Does 1-40,* 326 F. Supp. 2d 556, 567-68 (S.D.N.Y. 2004); *Motown Record Co., L.P. v. Does 1-252*, Civil Action File No. 1:04-CV-439-WBH (N.D. Ga. March 1, 2004 ); *UMG Recordings v. Does 1-199,* 1:04-CV-0931 (D.D.C. March 10, 2004) ("[i]t is clear to the Court that Defendants must be identified before this suit can progress further" and ruling that it is "premature" to consider joinder); *Priority Records LLC, et al. v. Does 1-8,* Case No. C-04-1136 SC (N.D. Cal. July 13, 2004) (rejecting arguments that joinder was improper and granting Motion for Leave to Take Immediate Discovery as to all Doe Defendants).

Finally, the joinder issue will be mooted by the forthcoming dismissal. The University's subpoena response indicates that Defendant is domiciled outside of this District. Accordingly, Plaintiffs will dismiss its claim against Defendant in this District and re-file an individual suit against Defendant in the district where he is domiciled.

3

2. **PLAINTIFFS' INFRINGEMENT CLAIMS AGAINST DEFENDANTS ARE PROPERLY JOINED.**

    (a) **Joinder in this Case is Proper and Provides the Most Efficient Way to Litigate these Types of Copyright Infringement Cases.**

Defendant argues that joinder in this case is improper. A handful of cases have severed Plaintiffs' claims. Defendant, however, ignores the fact that courts within this jurisdiction have allowed expedited discovery in similar "Doe" cases. *See e.g.*, Order, *Warner Bros. Records, Inc., et al. v. Does 1-8*, No. 1:07-cv-987 (PLF) (D.D.C. June 8, 2007); Order, *UMG Recordings, Inc., et al. v. Doe*, Civ. Action No. 04-1445 (EGS) (D.D.C. Sept. 9, 2004); *Order, Arista Records, Inc., et al. v. Does 1-125*, Civ. Action No. 04-1223 (D.D.C. July 21, 2004).

Defendant also ignores the fact that a substantial majority of courts throughout the country have also allowed Plaintiffs to proceed with expedited discovery in cases that joined multiple defendants. A partial list of cases from throughout the country where discovery proceeded with all of the Doe defendants joined and involving the same facts is attached as *Exhibit 1*. Plaintiffs respectfully submit that this approach to joinder is a sounder way of managing cases of this type and ask the Court to continue to apply the majority approach in this case.

    (b) **Plaintiffs Satisfy Each of the Joinder Requirements.**

Joinder is appropriate when (1) there is any issue of law or fact common to all parties in the action, and (2) there is asserted against them any right to relief arising out of the same transaction or occurrence or *series* of transactions or occurrences. Fed. R. Civ. P. 20(a); *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977). Plaintiffs have satisfied both of these requirements. The Federal Rules direct "the broadest possible scope of action consistent with fairness to the parties [because] joinder of claims, parties and remedies is strongly encouraged." *United Mine Worker v. Gibbs*, 383 U.S. 715, 724 (1966).

The rule "regarding permissive joinder is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe*, 558 F.2d at 917.[2]  Joinder of appropriate parties is encouraged to address common issues in a single action.  *Roe v. City of New York*, 151 F. Supp. 2d 495, 509 (S.D.N.Y. 2001).

To establish the propriety of permissive joinder of defendants, "[a]ll that a plaintiff must show is that there is some systematic pattern or logical relationship connecting the tortuous conduct of each defendant." *Stone Age Foods, Inc. v. Exchange Bank*, No. C 96-048585, 1997 WL 123248, at *2 (N.D. Cal. Mar. 4, 1997) (Wilken, J.) (citing *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)); 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* 3d § 1653, at 410 (2003) (Rule 20 ensures that "all reasonably related claims for relief by or against different parties" may be joined).  Importantly, "[t]he second prong of that test does not require precise congruence of all factual and legal issues; indeed, joinder may be permissible if there is but one question of law or fact common to the parties." *Morris v. Paul Revere Ins. Group*, 986 F. Supp. 872, 885 (D.N.J. 1997) (internal citations omitted).

As the Supreme Court has explained, the terms "transaction" and "occurrence" are "word[s] of flexible meaning." *Moore v. New York Cotton Exch.*, 270 U.S. 593, 610 (1926).  Joinder "may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Id*.

---

2  This liberal application of permissive joinder is not surprising given that Fed. R. Civ. P. 1 states the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."

This case involves common questions of fact and copyright law because each of the Doe defendants is engaging in copyright infringement on the internet and all are engaged in uploading and downloading copyrighted sound recordings using P2P networks.  Indeed, each of the Doe defendants used the same P2P network, and all were accessing the P2P network to try and maintain anonymity through a common ISP – the University.  Finally, some of the Doe defendants were infringing the same copyrighted sound recording or different copyrighted sound recordings from the same artist (See Complaint, Ex. A).

Plaintiffs' claims against all of the Doe defendants also arise out of a logically-related series of transactions or occurrences.  *See Stone Age Foods*, 1997 WL 123248 at *2.  All of the Doe defendants in this case are active participants in what can only be described as an on-line music swap meet, unlawfully copying copyrighted works from other users and distributing such works to other users.  Defendant and others have participated in a common scheme or pattern of behavior, without which no individual Defendant would have been able to commit much (if any) of the infringing activity that underlies Plaintiffs' Complaint.  It is this concerted action by the Doe defendants and others that allows the distribution of billions of digital copies of Plaintiffs' copyrighted sound recordings.  The Doe defendants' concerted actions as users of a P2P network provide the "logical relationship" required for joinder.  In fact, the University's subpoena response shows that four of the defendants in this case were caught infringing Plaintiffs' copyrighted materials on multiple occasions.  The actions of these defendants provide a textbook example of a "logically-related series of transactions or occurrences."

For these reasons, the great majority of courts have held, on identical facts, that Plaintiffs' joinder of Doe defendants is proper.

### (c) Joining the Defendants in One Doe Action Imposes a Minimum Burden on All Parties Involved and Promotes Trial Efficiency.

Doe lawsuits such as this one serve the goals of efficiency and judicial economy. In pursuing a nationwide enforcement program against massive copyright infringement, Plaintiffs must balance the need to stop the infringement as quickly as possible with the most efficient manner in which to enforce their rights. To this end, Plaintiffs generally accumulate multiple instances of infringement involving individuals sharing the same ISP before filing a Doe lawsuit.

Doe lawsuits like this one permit a threshold issue identical to all of the suits of this nature - discovery from a particular ISP - to be litigated in a single case, rather than hundreds of times in hundreds of different cases. Bringing suit in this manner is far more efficient for the Court and all parties involved rather than bringing hundreds of individual cases. In a Doe case such as this one, the Court receives only one case involving multiple subscribers of the same ISP and can decide the identical threshold issue, including any motions to quash by the ISP or by its subscribers, only once.

Similarly, after the Court authorizes the discovery, the ISP receives only one subpoena, rather than hundreds issued on different dates from different cases. As noted above, the federal courts have regularly granted Plaintiffs' motions for discovery in such cases, thereby lessening the burden on all concerned.

Defendant argues that joinder is prejudicial to the Doe defendants. In fact, just the opposite is true. Joinder enables the Doe defendants to pursue a common defense in a cost-effective manner.

Finally, Defendant argues that Plaintiffs have engaged in gamesmanship and flouted the Rule 11 evidentiary requirements. Defendant's Motion at 5. This is simply not true. Plaintiffs brought this suit and hundreds of others throughout the country to protect their copyrights from

infringement. Courts throughout the country have held that Plaintiffs' purposes and methods are legitimate. For example, in *Atlantic Records v. Heslep*, 2007 U.S. Dist. LEXIS 35824 (N.D. Tex. May 16, 2007), the Court concluded that the record company plaintiffs "brought this lawsuit not for the purposes of harassment or to extort [Defendant] as she contends, but, rather, to protect their . . . copyrights from infringement and to help . . . deter future infringement." Id. at *15; *see also Virgin Records Am., Inc. v. Thompson*, 2008 U.S. App. LEXIS 128, *4-7 (5th Cir. Jan. 4, 2008) (affirming district court's determination that the plaintiffs' lawsuit was neither frivolous nor prosecuted with malevolent intent because the plaintiffs had discovered "substantial copyright infringement of its songs by a file-sharing program attached to an internet account registered to [Defendant]"); *BMG Music v. Gonzalez*, 430 F.3d 888, 891 (7th Cir. 2005) (affirming summary judgment against Defendant and holding that "downloading full copies of copyrighted materials without compensation to authors cannot be deemed 'fair use.'"); *cf. Metro-Goldwyn-Mayer Studios v. Grokster*, 545 U.S. 913, 922 (2005) (characterizing online piracy as "infringement on a gigantic scale").

Additionally, Plaintiffs actively pursue cases that do not settle. Defendants have the option of settlement for amounts well below the statutory damages provided under the Copyright Act or to continue to litigate. When necessary, Plaintiffs have successfully litigated thousands of similar cases throughout the country, including winning many of them through summary judgment and at trial.

## CONCLUSION

For all the reasons set forth above, Defendant's Motion should be denied.

|  |  |  |
|---|---|---|
|  |  | Respectfully submitted, |
| Dated: | May 19, 2008 | /s/ |
|  |  | Matthew J. Oppenheim (D.C. Bar No. 443698) |
|  |  | Oppenheim Group |
|  |  | 7304 River Falls Drive |
|  |  | Potomac, MD  20854 |
|  |  | (301) 299-4986 |
|  |  | matt@oppenheimgroup.net |
|  |  | Attorney for Plaintiffs |

**CERTIFICATE OF SERVICE**

9

#1333411 v2

The undersigned hereby certifies that on May 19, 2008, a copy of the foregoing Plaintiffs' Opposition To Doe #3's Motion To Reconsider, Sever And Stay Subpoena was filed electronically with the Court, and notification of such filing will then be sent to the following:

Larry Harbin, Esq.
MCINTYRE, HARBIN & KING, LLP
Attorney for Defendant Doe #3
500 Ninth Street SE
Washington, DC 2003
Telephone: (202) 546-1100
Facsimile: (202) 543-9230
lharbin@mhk-law.com

Stephen E. Robertson, Esq.
ROBERTSON, MEDLIN & BLOCKER, PLLC
Attorney for Defendant Does #3
125 South Elm Street, Suite 100
Greensboro, NC 27401
Telephone: (336) 378-9881
Facsimile: (336) 378-9886
srobertson@robertsonmedlin.com

By: __/s/_____
Matthew J. Oppenheim (D.C. Bar No. 443698)
Oppenheim Group
7304 River Falls Drive
Potomac, MD  20854
(301) 299-4986
matt@oppenheimgroup.net

Attorney for Plaintiffs

#1333411 v2